UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
IN RE:                                                              :   CHAPTER 11
                                                                    :
BH S&B HOLDINGS LLC, ET AL.,                                        :   CASE NO.: 08-14604 (MG)
                                                                    :
                    Debtors.                                        :   JOINTLY ADMINISTERED
                                                                    :
------------------------------------------------------------------- X

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code §§ 105(a) and 331, establishing procedures for interim compensation; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that good and sufficient cause exists for granting the Motion; and it appearing that the procedures for interim compensation will enable all parties to closely monitor costs of administration, maintain a more level cash flow availability, and implement efficient cash management; and upon consideration of the Affidavit of Richard A. Sabastiao in Support of First-Day Motions; and upon the record of these Chapter 11 cases and any hearings held to consider the Motion; and it appearing that the relief requested in the Motion is appropriate in the context of these cases and in the best interests of the Debtors and their respective estates, their creditors, and all other parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases, and it appearing that no other or further notice need be given; it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that, except as otherwise provided in any order of this Court authorizing the retention of a particular Professional, the Professionals specifically retained pursuant to an

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

order of the Court in these cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

(a) On or before the 20th day following the month for which compensation is sought, each Professional shall serve a monthly statement (the "Statement") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on: (i) the Debtors, BH S&B Holdings LLC, 12 Harbor Park Drive, Port Washington, New York 11050 (Attn: Adam I. Mandelbaum, Esq.); (ii) RAS Management Advisors, LLC, 1285 Sharps Cove Road, Gurley, Alabama 35748 (Attn: Mr. Timothy D. Boates); (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul K. Schwartzberg); (iv) counsel to the Debtors, Cahill Gordon & Reindel LLP, Eighty Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Esq., and Richard A. Stieglitz Jr., Esq.); (v) counsel to the Debtors' proposed post-petition agent and lender, Klee, Tuchin, Bogdanoff & Stern, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq.); and (vi) counsel to the official committee of unsecured creditors appointed in these cases, Arent Fox LLP, 1675 Broadway, New York, New York 10019 (Attn: Schuyler G. Carroll, Esq., and Robert M. Hirsch, Esq.) (collectively, the "Notice Parties");

(b) The Statement shall not be filed with the Court, and a courtesy copy shall not be delivered to Chambers, as payment of such Statement under the procedures set forth herein is not intended to alter the fee application requirements outlined in Bankruptcy Code §§ 330 and 331, and the Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

(c) Each Statement shall contain a list of the individuals who provided services during the statement period, their respective titles and billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) Each Notice Part shall have 15 days after service to review such Statement, and if such person has an objection to the compensation or reimbursement sought in any particular Statement, to serve upon the Professional whose Statement is objected to and the other Notice Parties a written "Notice of Objection to Fee Statement" setting forth the nature of the objection with particularity and the amount of fees or expenses at issue;

(e) If no objection is served in accordance with paragraph (d) above, at the expiration of the 20-day period, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Statement;

(f) If the Debtors receive an objection to a particular Statement, then they shall withhold payment on that portion of the Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above;

(g) If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement, and if the party whose statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e) above, that portion of the Statement that is no longer subject to an objection;

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court;

(i) The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Further, the decision by any party not to object to a Statement shall not be a waiver of, nor constitute prejudice to, that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, but not later than 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to Bankruptcy Code §§ 330 and 331, of the compensation and reimbursement of expenses requested;

(k) Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under the procedures set forth herein, when due, (i) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until such application is filed and (ii) may be requested to disgorge any fees paid since retention or its last fee application, whichever is later;

(l) The pendency of an application or a Court Order that payment of compensation or reimbursement of expenses was improper shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim and final allowance of compensation and reimbursement of any Professional;

(n) Counsel to any official committee appointed in these cases may collect and submit statements of expenses, with supporting affidavits, from members of such committee, provided, however, that such counsel ensures that these reimbursement requests comply with the Court's Administrative

>               Orders, dated June 20, 1991, April 19, 1995, January 24, 2000 and March 21, 2008 and any operative guidelines promulgated by the United States Trustee; and
>
>     (o)     Any party may object to requests for payments made pursuant to this Motion on the grounds that the Debtors have not timely filed monthly operating reports, remained current with administrative expenses and 28 U.S.C. § 1930 fees, or a manifest emergency exists by seeking a further order of this Court.

and it is further

ORDERED that each Professional may seek, in its first request for compensation and reimbursement pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period from the date of the professionals retention through and including the end of that month; and it is further

ORDERED that notice given in accordance with the Compensation Procedures is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules; and it is further

ORDERED that all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that notwithstanding anything to the contrary in this Order, the authorization granted herein to the Debtors in no way requires the Debtors to make any payment and does not modify, extend, or expand the Debtors' authority to use cash collateral and/or DIP financing; and it is further

ORDERED that the Debtors are authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order; and it is further

ORDERED that, pursuant to Local Rule 9013-1(b), the requirement that the Debtors file a separate memorandum of law in support of the Motion is waived; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: New York, New York
December 15, 2008

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE