UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                              :

In re:                                           :              Chapter 11
                                              :

BH S&B HOLDINGS LLC, et al.,         :             Case No.: 08-14604 (MG)
                                              :

Debtors.                                       :              Jointly Administered
                                              :
---------------------------------------------------------------------- X

## STIPULATION AND SETTLEMENT AGREEMENT
## RESOLVING DISPUTE WITH MUHAMMAD ALI ENTERPRISES LLC

WHEREAS, on or about February 14, 2008, Symbolic Brands, LLC ("SB"), and Muhammad Ali Enterprises LLC ("MAE") entered into that certain endorsement and license agreement (the "License Agreement"), pursuant to which MAE granted SB an exclusive right worldwide to use Muhammad Ali's name, initials, autograph, likeness, trademarks, certain photographs and audiovisual materials, and other intellectual property rights associated with Muhammad Ali in connection with the development, sale, advertisement and promotion of certain Muhammad Ali-themed apparel products; and

WHEREAS, on or about July 9, 2008, SB and certain related entities (collectively, "Stone Barn") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

WHEREAS, on or about August 25, 2008, the License Agreement was assigned to BH S&B Holdings LLC ("BH S&B") pursuant to an order of the Bankruptcy Court approving a sale of substantially all of Stone Barn's assets to BH S&B; and

WHEREAS, on November 19, 2008, BH S&B and certain related debtor entities (collectively, the "Debtors")[1] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on December 3, 2008, MAE filed a Motion (the "MAE Motion") to Compel Assumption or Rejection of License Agreement, which is scheduled to be heard by the Court on January 7, 2009; and

WHEREAS, the Debtors and MAE have agreed to the terms of a settlement that resolves all issues and potential claims arising from or related to the License Agreement and the MAE Motion and that provides for the settlement and compromise of any controversies and release of any claims related thereto between the Debtors and MAE, upon the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY AGREED BY AND AMONG THE UNDERSIGNED, AS FOLLOWS:

1. Upon entry of an order of this Court approving this Stipulation (or upon this Court so ordering this Stipulation) (the date thereof being referred to herein as the "Effective Date"), but effective as of the date hereof, all agreements between the Debtors and MAE shall be deemed rejected, pursuant to Bankruptcy Code § 365, and shall be deemed terminated, and the MAE Motion shall be deemed withdrawn. The parties agree that if the Effective Date does not

---

[1] The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

occur by January 8, 2009, this Stipulation shall be deemed null and void and of no force and effect.

2. Within two (2) business days from the Effective Date, in exchange for the Debtors' agreement to reject the License Agreement, MAE agrees to pay the Debtors $20,000 (the "Settlement Payment").

3. Except to the extent already provided to MAE, upon detailed and specific request by MAE, the Debtors shall assign, transfer, and convey to MAE (a) all right, title, and interest in and to (i) the Creations (as defined in the License Agreement) and (ii) all other all artwork, designs, concepts, images, logos, hangtags, and labels, incorporating in whole or in part, the Property (as defined in the License Agreement) ((i) and (ii) collectively referred to herein as the "Copyrights") for MAE's own use and enjoyment, and for the use and enjoyment of MAE's successors, assigns, or other legal representatives, (b) the right to exercise such rights in all media and by any manner and means now known or hereafter devised in perpetuity, and (c) the right to conduct business under the Copyrights, including the right to license others the right to use the Copyrights; <u>provided, however</u>, that nothing set forth above shall imply that the Debtors possess or possessed any Copyrights other than what they may have already provided to MAE; <u>provided further, however</u>, that nothing set forth above shall imply or place any burden or obligation upon the Debtors to search for any Copyrights.

4. The Debtors shall promptly notify Jonathan Seiden and deliver to MAE at 650 Madison Avenue, Floor 16, New York, New York 10022, any and all Copyrights in their possession, custody, or control (e.g., any and all computer files (in electronic format), hard copies, mock-ups, storyboards, sample products, presentation materials, etc.), if and when such Copyrights are discovered by the Debtors in the ordinary course of the their business; <u>provided,</u>

however, that nothing set forth above shall imply or place any burden or obligation upon the Debtors to search for any Copyrights.

5. Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulation by MAE, including, without limitation, payment of the Settlement Payment, the Debtors, on behalf of themselves and their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Releasing Parties"), hereby release and forever discharge MAE and its respective affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "MAE Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the BH S&B Releasing Parties had, has, or may have against the MAE Released Parties from the beginning of time to the date hereof, in each case, related to the License Agreement.

6. Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulation by the Debtors, MAE, for itself and its affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "MAE Releasing Parties"), hereby release and forever discharge the Debtors, their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees,

trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the MAE Releasing Parties had, has, or may have against the BH S&B Released Parties from the beginning of time to the date hereof, in each case, related to the License Agreement.

7. The parties represent and warrant that (a) they have read and understand the terms of this Stipulation, (b) they have been represented by counsel with respect to this Stipulation and all matters covered and related to it, and (c) they have entered into this Stipulation for reasons of their own and not based upon representations of any other party not stated herein. This Stipulation shall not be construed against any of the parties hereto, but it will be given a reasonable interpretation.

8. Each of the parties shall pay its own costs and attorneys' fees incurred with respect to this Stipulation and all matters related to the subject thereof.

9. This Stipulation will bind and inure to the benefit of each of the undersigned parties' respective predecessors, successors, trustees, receivers, directors, officers, employees, shareholders, agents, beneficiaries, and assignees, whether so expressed or not.

10. This Stipulation is a compromise of a dispute between the Debtors and MAE and is not to be construed as an admission of any liability or of any fact by any party, its successors, or assigns.

11. This Stipulation may be executed in any number of counterparts, each of which may be transmitted by electronic mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. This Court shall retain jurisdiction over the Debtors and MAE with respect to the subject matter of this Stipulation. This Stipulation shall be construed and interpreted in accordance with the laws of the State of New York, without regard to its principles of conflicts of laws.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
January 5, 2009

CAHILL GORDON & REINDEL LLP

 /s/  Richard A. Stieglitz Jr.
Joel H. Levitin, Esq.
Richard A. Stieglitz Jr., Esq.
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, New York  10005
Telephone:  (212) 701-3000

*Counsel for the Debtors*


GREENBERG TRAURIG, LLP

Dated: Florham Park, New Jersey
January 6, 2009

 /s/  Alyson M. Fiedler
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900

*Counsel for Muhammad Ali Enterprises LLC*

//
//
//
//
//
//
//
//
//
//
//
//
//

**So Ordered:**

Dated: New York, New York
January 7, 2009

                                                /s/ Martin Glenn
                                                HONORABLE MARTIN GLEN
                                                UNITED STATES BANKRUPTCY JUDGE