Joel H. Levitin
Stephen J. Gordon
Richard A. Stieglitz Jr.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

In re:

BH S&B HOLDINGS LLC, et al.,

                                      Debtors.

----------------------------------------------------------------------- X

:    Chapter 11

:

:    Case No.: 08-14604 (MG)

:

:    Jointly Administered

:

## DEBTORS' MOTION FOR ORDER APPROVING STIPULATION AND SETTLEMENT AGREEMENT WITH JG RESOURCES, LLC

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] by and through their undersigned attorneys, hereby file this motion (the "Motion") for the approval of the Stipulation and Settlement Agreement (the "Stipulation") between and among the Debtors, the Committee (as defined below), and JG Resources, LLC ("JG

---

[1] The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

Resources").[2] In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for relief requested herein is Bankruptcy Rule 9019.

## INTRODUCTION

2.      On November 19, 2008 (the "Petition Date"), the Debtors each filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, and on November 21, 2008, the Court entered an order jointly administering the Debtors' cases. The Debtors continue to manage their properties and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      On November 26, 2008, the Office of the United States Trustee appointed an official committee (the "Committee") of unsecured creditors for these cases. No trustee or examiner has been appointed in these cases.

4.      Prior to the Petition Date, the Debtors determined that the appropriate course of action to maximize value for the benefit of all of their stakeholders in the current difficult retail market was an orderly liquidation in Chapter 11, and to that end, they have begun "going out of business" sales in the Debtors' stores.

---

[2]      A true and correct copy of the Stipulation is attached hereto as Exhibit A and is incorporated herein by reference. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

# FACTUAL BACKGROUND

5.     Prior to the Petition Date, BH S&B and JG Resources entered into the September Purchase Agreement and the October Purchase Agreement, pursuant to which JG Resources agreed to purchase certain FF&E and to sell such FF&E on BH S&B's behalf for a fee.

6.     In connection with the Purchase Agreements, on October 20, 2008, JG Resources entered into an agreement with BH S&B, pursuant to which the Escrow Account in the amount of $1,294,465.50 was established, to be disbursed pursuant to the October Purchase Agreement and the mutual agreement of BH S&B and JG Resources.

7.     Certain disputes have arisen by and among BH S&B and JG Resources in connection with the October Purchase Agreement and disbursement of the funds in the Escrow Account, which disputes relate to alleged claims JG Resources has asserted against the Debtors in connection therewith.  On or about January 5 and 6, 2009, the Debtors, JG Resources, and the Committee agreed to the terms of a settlement that would resolve all issues and potential claims arising from or related to the Purchase Agreements and the Escrow Agreement and would provide for the settlement and compromise of any controversies and release of any claims related thereto between the Debtors and JG Resources.[3]

# THE STIPULATION

8.     Pursuant to the Stipulation, all issues between the Debtors and JG Resources would be resolved, and the Debtors and JG Resources would release any potential claims against each other and their affiliates to the extent related to the Purchase Agreements and

---

[3]     As a condition to the settlement set forth in the Stipulation, JG Resources insisted that the Committee be a party to the Stipulation.  In addition, the Debtors' post-petition agent and

Escrow Agreement.

9. The material terms of the Stipulation are:[4]

    a. Upon the Effective Date, the Escrow Account would be disbursed as follows: $1,100,000 to the Debtors and the remainder of the funds in the Escrow Account to JG Resources.

    b. Upon the Effective Date, all agreements between the Debtors and JG Resources would be deemed rejected effective as of the date of the execution of the Stipulation.

    c. Except as otherwise provided for in the Stipulation, as of the date of the execution of the Stipulation, (i) the BH S&B Releasing Parties would release and forever discharge the JG Resources Released Parties from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the BH S&B Releasing Parties had, has, or may have against the JG Resources Released Parties from the beginning of time to the date of execution of the Stipulation, in each case, to the extent related to the Purchase Agreements and the Escrow Agreement, and (ii) the JG Resources Releasing Parties would release and forever discharge the BH S&B Released Parties from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the JG Resources Releasing Parties had, has, or may have against the BH S&B Released Parties from the beginning of time to the date of execution of the Stipulation, in each case, to the extent related to the Purchase Agreements and the Escrow Agreement.

## **RELIEF REQUESTED**

10. The Debtors request that the Court approve the Stipulation pursuant to Bankruptcy Rule 9019.

---

lender was given an opportunity to participate in negotiation of the Stipulation, but it is not a formal party thereto.

[4] The summary of the Stipulation and the factual background contained in the Motion is qualified in its entirety by reference to the terms of the Stipulation. In the event of any discrepancy between this Motion and the Stipulation, the terms of the Stipulation shall govern.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." To approve a compromise and settlement under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of a debtor's estate. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). In determining whether to approve a proposed settlement, a court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)).

12. In addition, debtors-in-possession may, in the exercise of their business judgment, enter into settlements. Official Comm. of Unsecured Creditors v. White Plains Joint Venture (In re Bond), 1994 WL 20107, at *3-4 (4th Cir. Jan. 26, 1994) ("bankruptcy court does not abuse its discretion by deferring to the business judgment of the parties who negotiated the compromise"); Official Comm. of Unsecured Creditors v. James Talcott, Inc. (In re International Distrib. Ctrs., Inc.), 103 B.R. 420, 423 (S.D.N.Y. 1989) ("court may give weight to the Trustee's informed judgment that a compromise is fair and equitable").

13. The Debtors submit that entering in the Stipulation was a sound exercise of their business judgment and should be approved by this Court because it is both reasonable and in their best interests. Approval of the Stipulation will result in an additional $1.1 million coming into the Debtors' estates, which is in excess of the $1 million originally expected to result from resolution of the dispute between the Debtors and JG Resources, as was set forth on the original budget filed by these Debtors in these cases. Litigating this matter, which would

likely require at least one adversary proceeding and extensive discovery, would result in significant litigation costs, which the Debtors believe could easily exceed the amount to be received from the Escrow Account from JG Resources.

14.     Thus, in a sound and prudent exercise of their business judgment, the Debtors believe that (a) entering into the Stipulation is in their best interests and the best interests of their estates, creditors, and other parties-in-interest, and (b) the settlement embodied therein is fair and reasonable and avoids potential lengthy and costly litigation with JG Resources. Accordingly, the Debtors submit that this Court should approve the Settlement Agreement.

## NOTICE

15.     In accordance with the Notice Procedures Order, notice of this Motion has been given via e-mail or first class United States mail, as appropriate, to the United States Trustee, counsel to the Committee, counsel to the Debtors' agent and post-petition secured lender, the Debtors' known secured creditors, counsel to the debtors in the Stone Barn bankruptcy cases, counsel to JG Resources, and all other parties that have filed notices of appearance and requested service of papers in these cases. The Debtors submit that no other or further notice need be given.

## NO PRIOR APPLICATION

16.     No previous motion for the relief sought herein has been made to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

17.     Pursuant to Rule 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, because there are no novel issues of law and legal authority is presented, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court approve and so order the Stipulation and grant such other and further relief as may be just and proper under the circumstances of these cases.

Dated: New York, New York
   January 7, 2009

        Respectfully submitted,

        CAHILL GORDON & REINDEL LLP

        /s/ Richard A. Stieglitz Jr.
        Joel H. Levitin
        Stephen J. Gordon
        Richard A. Stieglitz Jr.
        Eighty Pine Street
        New York, New York 10005
        Telephone: (212) 701-3000
        Facsimile: (212) 269-5420
        jlevitin@cahill.com
        sgordon@cahill.com
        rstieglitz@cahill.com

        *Attorneys for the*
        *Debtors and Debtors-in-Possession*

## EXHIBIT A

### Stipulation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

In re:                                   :    Chapter 11

BH S&B HOLDINGS LLC, et al.,         :    Case No.: 08-14604 (MG)

                     Debtors.     :    Jointly Administered

------------------------------------------------------------------- X

## STIPULATION AND SETTLEMENT AGREEMENT
## RESOLVING DISPUTE WITH JG RESOURCES, LLC

WHEREAS, BH S&B Holdings LLC ("BH S&B") and JG Resources, LLC ("JG Resources"), have entered into that certain purchase agreement, dated September 8, 2008 (as amended from time to time, the "September Purchase Agreement"), pursuant to which JG Resources agreed to purchase certain furniture, fixtures, and equipment ("FF&E") and to sell such FF&E on BH S&B's behalf for a fee, as set forth in the September Purchase Agreement; and

WHEREAS, BH S&B and JG Resources have also entered into that certain purchase agreement, dated October 17, 2008 (as amended from time to time, the "October Purchase Agreement" and together with the September Purchase Agreement, the "Purchase Agreements"), pursuant to which JG Resources agreed to purchase and sell certain other FF&E on BH S&B's behalf for a fee, as set forth in the October Purchase Agreement; and

WHEREAS, in connection with the Purchase Agreements, on October 20, 2008, JG Resources entered into an agreement with BH S&B (the "Escrow Agreement"), pursuant to which an escrow account (the "Escrow Account") in the amount of $1,294,465.50 was

established at Cohen Tauber Spievack & Wagner P.C. (the "Escrow Agent"), to be disbursed pursuant to the October Purchase Agreement and the mutual agreement of BH S&B and JG Resources; and

WHEREAS, on November 19, 2008, BH S&B and certain related debtor entities (collectively, the "Debtors")[1] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court; and

WHEREAS, on or about November 26, 2008, the United States Trustee appointed an official committee of unsecured creditors for these cases (the "Committee"); and

WHEREAS, certain disputes have arisen by and among BH S&B and JG Resources in connection with the October Purchase Agreement and disbursement of the funds in the Escrow Account; and

WHEREAS, the Debtors, JG Resources, and the Committee have agreed to the terms of a settlement that resolves all issues and potential claims arising from or related to the Purchase Agreements, the Escrow Agreement, and all other agreements between BH S&B and JG Resources and that provides for the settlement and compromise of any controversies and release of any claims related thereto between the Debtors and JG Resources, upon the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY AGREED BY AND AMONG THE

---

[1]    The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

UNDERSIGNED, AS FOLLOWS:

1.     On the first business day following the date when the order approving this Stipulation is final and non-appealable (the "Effective Date"), the Debtors and JG Resources agree to the disbursement of the funds in the Escrow Account as follows:  (a) $1,100,000 to the Debtors; and (b) the remainder of the funds in the Escrow Account to JG Resources.  In connection therewith, the Debtors and JG Resources agree that this Stipulation constitutes a "written certificate duly executed and delivered" by both the Debtors and JG Resources to the Escrow Agent pursuant to Section 2 of the Escrow Agreement, which permits the Escrow Agent to disburse the funds in the Escrow Account to the Debtors and JG Resources in accordance with this Stipulation.

2.     Upon the Effective Date, but effective as of the date hereof, all agreements between the Debtors and JG Resources shall be deemed rejected pursuant to Bankruptcy Code § 365.

3.     Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulation by JG Recourses, including, without limitation, disbursement of the funds in the Escrow Account as set forth in Section 1 above, the Debtors, on behalf of themselves and their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Releasing Parties"), hereby release and forever discharge JG Resources and its respective affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, beneficiaries,

advisors, attorneys, accountants, representatives, and assigns (collectively, the "JG Resources Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the BH S&B Releasing Parties had, has, or may have against the JG Resources Released Parties from the beginning of time to the date hereof, in each case, to the extent related to the Purchase Agreements and the Escrow Agreement.

4.      Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulation by the Debtors, including, without limitation, disbursement of the funds in the Escrow Account as set forth in Section 1 above, JG Resources, for itself and its affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "JG Resources Releasing Parties"), hereby release and forever discharge the Debtors, their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the JG Resources Releasing Parties had, has, or may have against the BH S&B Released Parties from the beginning of time to the date hereof, in each case, to the extent related to the Purchase Agreements and the Escrow Agreement.

5.      The parties represent and warrant that (a) they have read and understand the terms

of this Stipulation, (b) they have been represented by counsel with respect to this Stipulation and all matters covered and related to it, and (c) they have entered into this Stipulation for reasons of their own and not based upon representations of any other party not stated herein. This Stipulation shall not be construed against any of the parties hereto, but it will be given a reasonable interpretation.

6.    Each of the parties shall pay its own costs and attorneys' fees incurred with respect to this Stipulation and all matters related to the subject thereof.

7.    This Stipulation will bind and inure to the benefit of each of the JG Resources Released Parties and the BH S&B Released Parties.

8.    This Stipulation is a compromise of various disputes between the Debtors and JG Resources and is not to be construed as an admission of any liability or of any fact by any party, its successors, or assigns.

9.    This Stipulation may be executed in any number of counterparts, each of which may be transmitted by electronic mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10.    This Court shall retain jurisdiction over the Debtors and JG Resources with respect to the subject matter of this Stipulation. This Stipulation shall be construed and interpreted in accordance with the laws of the State of New York, without regard to its principles of conflicts of laws.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
      January 5, 2009

CAHILL GORDON & REINDEL LLP

/s/ Richard A. Stieglitz Jr.
Joel H. Levitin, Esq.
Richard A. Stieglitz Jr., Esq.
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000

*Counsel for the Debtors*

COHEN TAUBER SPIEVACK & WAGNER P.C.

Dated: New York, New York
      January 5, 2009

/s/ Robert A. Boghosian
Robert A. Boghosian, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170

*Counsel for JG Resources*

ARENT FOX LLP

Dated: New York, New York
      January 6, 2009

/s/ Robert M. Hirsh
Robert M. Hirsh, Esq.
Arent Fox LLP
1675 Broadway,
New York, New York 10019

*Counsel for the Committee*

**So Ordered:**

Dated: New York, New York
   _____, __, 2009

            _____
            HONORABLE MARTIN GLEN
            UNITED STATES BANKRUPTCY JUDGE