UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------- X
                                          :
In re:                                    :        Chapter 11
                                          :
BH S&B HOLDINGS LLC, et al.,              :        Case No.: 08-14604 (MG)
                                          :
                    Debtors.              :        Jointly Administered
                                          :
-------------------------------------------------------------------- X
```

## STIPULATED ORDER APPROVING, IN PART, MOTION
## OF WELLS FARGO FINANCIAL LEASING, INC.

WHEREAS, on or about June 22, 2006, S&B Industries, Inc. ("S&B Industries"), signed and delivered to VAResources, Inc. ("VAR") an Equipment and Software Schedule to that certain Master Lease and Software Finance Agreement No. 3 (the "Agreement"), for the use of an APC Datacenter Environment Temperature Control System (the "Collateral"); and

WHEREAS, on or about September 5, 2006, VAR assigned the Agreement to Wells Fargo Financial Leasing, Inc. ("Wells Fargo"); and

WHEREAS, on or about July 9, 2008, S&B Industries filed for Chapter 11 bankruptcy protection, and on or about August 25, 2008, S&B Industries and its related debtors agreed to sell substantially all of their assets to BH S&B Holdings LLC ("BH S&B"); and

WHEREAS, in connection with such sale, Wells Fargo, S&B Industries, and BH S&B entered into a Stipulation, Agreement and Order (the "Stipulation"); and

WHEREAS, on November 19, 2008, BH S&B and certain related debtor entities (collectively, the "Debtors")[1] filed voluntary petitions for relief under Chapter 11 of the

---

[1]      The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-
         14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN

Footnote continued on next page.

Bankruptcy Code; and

WHEREAS, on or about November 25, 2008, Wells Fargo filed a motion (the "Motion") for relief from the automatic stay or in the alternative for adequate protection payments; and

WHEREAS, the Debtors and Wells Fargo have agreed to the terms of a settlement that resolves all issues and potential claims arising from or related to the Agreement, the Stipulation, and the Motion and that provides for the settlement and compromise of any controversies and release of any claims related thereto between the Debtors and Wells Fargo, upon the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY AGREED BY AND AMONG THE UNDERSIGNED, AS FOLLOWS:

1.      The Motion is approved to the extent set forth herein and denied in all other respects.

2.      Upon approval of this Stipulated Order by this Court or entry of an order approving this Stipulated Order (the date of such approval or the entry of such order, as applicable, being referred to herein as the "Effective Date"), but effective as of the date hereof, all agreements between the Debtors and Wells Fargo shall be deemed rejected pursuant to Bankruptcy Code § 365. The parties acknowledge that Wells is the owner of the Collateral.

3.      Wells Fargo and the Debtors agree that the Debtors may use the Collateral up to

---

Footnote continued from previous page.

26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

and including January 31, 2009, at a rate of $3,500 for the period of November 20 through November 30, 2008, and at a rate of $3,500 per month for December 2008 and January 2009. The payments for November and December 2008 shall be made within two (2) business days of the Effective Date, and the payment for January 2009 shall be made no later than January 15, 2009.

4. The Debtors may, at their option, elect to extend the period of use of the Collateral beyond January 2009, at a month-to-month rate of $3,500 per month, provided that they notify Wells Fargo at least five (5) business days prior to the start of the month for which they wish to extend their use of the Collateral. In the event the Debtors exercise such extension option, the associated payment shall be made no later than the 15th day of the month for which they have extended the use of the Collateral.

5. In the event the Debtors fail to make any payments when due herein or upon the completion of any option(s) exercised by the Debtors as authorized in paragraph 4 (after a two-business-day cure period), Wells shall be entitled to immediate possession of the Collateral, and in such event, the Debtors shall cooperate in providing Wells immediate access to recover such Collateral. Upon such recovery, Wells is authorized to immediately liquidate such Collateral without notice or further order of this Court.

6. Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulated Order by Wells Fargo, the Debtors, on behalf of themselves and their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Releasing Parties"), hereby release and forever discharge Wells

Fargo and its respective affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Wells Fargo Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the BH S&B Releasing Parties had, has, or may have against the Wells Fargo Released Parties from the beginning of time to the date hereof, in each case, related to the Agreement and the Stipulation.

7.      Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulated Order by the Debtors, Wells Fargo, for itself and its affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Wells Fargo Releasing Parties"), hereby release and forever discharge the Debtors, their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Wells Fargo Releasing Parties had, has, or may have against the BH S&B Released Parties from the beginning of time to the date hereof, in each case, related to the Agreement and the Stipulation.

8.      Notwithstanding the provisions of paragraph 7 herein, Wells shall be permitted to file, and is hereby granted, an administrative expense claim in the Debtors' bankruptcy cases for

any amounts unpaid by Debtors in paragraphs 3 and 4 herein and shall be permitted to file an unsecured claim for the amount due Wells under the Stipulation, less the Debtors' payments made herein and less the net proceeds from any sale of the Collateral recovered by Wells.

9.    The Debtors and Wells Fargo are authorized to take all steps necessary to implement the terms of this Stipulated Order.

10.    This Court shall retain jurisdiction over the Debtors and Wells Fargo with respect to the subject matter of this Stipulated Order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
        January 7, 2009

                          CAHILL GORDON & REINDEL LLP


                           /s/ Richard A. Stieglitz Jr.
                          Joel H. Levitin, Esq.
                          Richard A. Stieglitz Jr., Esq.
                          Cahill Gordon & Reindel LLP
                          Eighty Pine Street
                          New York, New York  10005
                          Telephone:  (212) 701-3000

                          *Counsel for the Debtors*



                          LATHROP & GAGE LLP

Dated: New York, New York
        January 7, 2009             /s/  Randall F. Scherck
                          Douglas E. Robinson
                          Lathrop & Gage L.C.
                          230 Park Avenue, Suite 1847
                          New York, New York  10169
                          Telephone: (212) 850-6220

                          Randall F. Scherck
                          Lathrop & Gage L.C.
                          Pierre Laclede Center
                          7701 Forsyth Boulevard, Suite 400
                          Clayton, Missouri  63105
                          Telephone: (341) 613-2800

                          *Counsel for Wells Fargo Financial Leasing, Inc.*

**So Ordered:**

Dated: New York, New York
       **January 8, 2009**

                                     **/s/Martin Glenn**
                              HONORABLE MARTIN GLEN
                              UNITED STATES BANKRUPTCY JUDGE