Stephanie Goldstein, Esq.
Kalman Ochs, Esq.
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for VNO 100 West 33rd Street LLC and Vornado 692 Broadway LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-14604 (MG) |
| BH S&B HOLDINGS LLC, et al., | Jointly Administered |
| Debtors. | |

----------------------------------------x

**MOTION OF VORNADO 692 BROADWAY LLC AND VNO 100 WEST 33RD STREET LLC TO COMPEL THE DEBTORS TO PERFORM POSTPETITION OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3)**

TO: THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

Vornado 692 Broadway LLC and VNO 100 West 33rd Street LLC (together, the "Landlords") hereby submit this Motion (the "Motion") for an order compelling the above-captioned debtors (collectively, the "Debtors") to comply with section 365(d)(3) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and perform their obligations under the relevant leases to keep the Landlords' properties free from all liens. In support of their Motion, the Landlords respectfully state as follows:

**INTRODUCTION**

1. The Debtors are currently in possession of two non-residential real property leases pursuant to their respective agreements with the Landlords. As detailed further below, the

Debtors, in contravention of the express obligations of their leases with the Landlords and their obligation under section 365(d)(3) of the Bankruptcy Code, have failed to remove six mechanics' liens that have been filed against the respective properties or alternatively to indemnify the Landlords for any costs in removing them. Accordingly, the Landlords seek an entry of an order, compelling the Debtors to comply with their postpetition obligations under their leases with the Landlords and under section 365(d)(3) of the Bankruptcy Code, by taking requisite action to remove the liens against the premises and/or compelling the Debtors to pay to the Landlords a sum equal to all amounts, expenses, and costs necessary to resolve or otherwise remove such liens.

## BACKGROUND

2. Vornado 692 Broadway LLC and VNO 100 West 33rd Street LLC are two of the Debtors' landlords, as detailed below:[1]

(a) Vornado 692 Broadway LLC and Steve & Barry's Manhattan LLC, predecessor in interest to BH S&B Holdings LLC, one of the above-captioned Debtors, are parties to a lease (the "692 Broadway Lease"), dated December 28, 2007, as amended, for property located at 692 Broadway, New York, New York (the "692 Broadway Premises"), identified by the Debtors as Store No. 325. Relevant provisions of the 692 Broadway Lease are attached hereto as Exhibit A.

(b) VNO 100 West 33rd Street LLC and Steve & Barry's Manhattan LLC, predecessor in interest to BH S&B Holdings LLC, are parties to a lease (the "Manhattan Mall Lease" and together with the 692 Broadway Lease, the "Leases") dated May 1, 2005, as

---

[1] In the 692 Broadway Lease, Steve & Barry's Manhattan LLC, predecessor in interest to BH S&B Holdings LLC, is identified as "Tenant" and Vornado 692 Broadway II LLC, predecessor in interest to Vornado 692 Broadway LLC, is identified as "Landlord." In the Manhattan Mall Lease, Steve & Barry's Manhattan LLC, predecessor in interest to BH S&B Holdings LLC, is identified as "Tenant" and Manmall LLC, predecessor in interest to VNO 100 West 33rd Street LLC, is identified as "Landlord."

amended, for property located at 1275 Broadway, New York, New York (the "Manhattan Mall Premises"), identified by the Debtors as Store No. 106. Relevant provisions of the Manhattan Mall Lease are attached hereto as Exhibit B.

3. On August 11, 2008, two mechanics' liens, in the amount of $15,245.48 each, were filed by Kleinknecht Electric Company, Inc. (the "Kleinknecht Liens") with respect to the Manhattan Mall Premises. One lien was filed against the fee interest and the other lien was filed against the leasehold interest.[2]

4. On November 17, 2008, a mechanic's lien in the amount of $1,217,724.10 was filed by B.R. Fries & Associates, LLC (the "Fries Lien") with respect to the 692 Broadway Premises.

5. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

6. On November 20, 2008, the Debtors filed a Motion for Orders (I) Authorizing Debtors to (A) Immediately Conduct Store Closing Sales and (B) Consummate Transactions Related Thereto, (II) Authorizing Debtors to (A) Retain Consultant Pursuant to Bankruptcy Code Section 327 and 328, (B) Reject Certain Executory Contracts and Unexpired Leases, and (C) Abandon Certain Assets, and (III) Scheduling a Hearing to Consider Such Authorization to Retain, Reject, and Abandon (the "Sale Motion"). Through the Sale Motion, the Debtors sought authority to, among other things, conduct going out of business sales and to establish procedures that would allow the Debtors to reject nonresidential leases for all of their locations upon thirty (30) days notice of sending a notice of rejection. This Court entered an order approving the Sale Motion on November 25, 2008.

---

[2] Copies of the KleinKnecht Liens and the other Liens, including the Fries Lien, the Secure Door Lien, the Lab Plumbing Lien and the Excel Flooring Lien, are attached hereto as Exhibit C.

7. On December 19, 2008, a mechanic's lien in the amount of $11,542.56 was filed by Secure Door and Hardware, Inc. (the "Secure Door Lien") with respect to the 692 Broadway Premises.

8. On December 22, 2008, a mechanic's lien in the amount of $19,440.00 was filed by Lab Plumbing & Heating Co. Inc. (the "Lab Plumbing Lien") with respect to the 692 Broadway Premises.

9. On December 23, 2008, a mechanic's lien in the amount of $94,215.40 was filed by Excel Flooring of Tri-State Inc. (the "Excel Flooring Lien," collectively with Fries Lien, the Kleinknecht Liens, the Secure Door Lien and the Lab Plumbing Lien, the "Liens") with respect to the 692 Broadway Premises.

10. On January 6, 2009, the Debtors filed a Notice of Rejection of Executory Contracts or Unexpired Leases of Nonresidential Real Property (the "Rejection Notice") pursuant to which the Debtors are rejecting the 692 Broadway Lease and the Manhattan Mall Lease effective January 16, 2009.

## JURISDICTION

11. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The venue for this Motion in this District is proper pursuant to 28 U.S.C. § 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

12. The Landlords respectfully move this Court for entry of an order, compelling the Debtors to comply with their postpetition obligations under the 692 Broadway Lease and the Manhattan Mall Lease and section 365(d)(3) of the Bankruptcy Code, by taking requisite action to remove the Liens against the 692 Broadway Premises and Manhattan Mall Premises and/or

compelling the Debtors to pay to the Landlords a sum equal to all amounts, expenses, and costs necessary to resolve or otherwise remove the Liens.

## ARGUMENT

13. The Debtors are required to remove any liens filed against the 692 Broadway Premises and the Manhattan Mall Premises.

14. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform *all the obligations* of the debtor, ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) ....

11 U.S.C. § 365(d)(3) (emphasis added).

15. The term "obligations" in section 365(d)(3) is not limited to the payment of postpetition rent, but rather encompasses all postpetition obligations arising under a lease. *See, e.g., Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186 (S.D.N.Y. Apr. 8, 2002) (holding that "because the Lease provides for recovery of attorneys' fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of the Debtor's other obligations that arise postpetition"); *In re New Almacs*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996) (holding that the lessors were entitled to expense claims arising postpetition for the rental obligations under their leases including "real estate taxes, common area maintenance charges and utility expenses"); *In re Geonex Corp.*, 258 B.R. 336, 340 (Bankr. D. Md. 2001) (holding that the landlord was entitled under the terms of the lease to reimbursement for attorneys' fees spent to enforce its right to rent payments from the petition date).

16. Here, each of the Leases expressly requires the Debtors to remove the Liens. Each of the Leases contains an identical provision dealing with mechanics' liens:

5

> Tenant shall keep the Building, the Premises and this Lease free from any mechanics, materialmans or similar liens or encumbrances, and any claims therefore, in connection with any Work.

See Exhibit A, 692 Broadway Lease, Article 7D; Exhibit B, Manhattan Mall Lease, Article 7D.

17. Each of the Leases further provides that if a lien is filed, the Tenant is obligated to

> remove any such lien or encumbrance by bond or otherwise within sixty (60) days after notice from Landlord. If Tenant fails to do so, Landlord may pay the amount or take such other action, as Landlord deems necessary to remove such lien or encumbrance, without being responsible for investigating the validity thereof. The amount so paid and costs incurred by Landlord shall be deemed additional Rent under this Lease payable upon demand, without limitation as to other remedies available to Landlord.

Id.

18. As the language of the Leases makes clear, the Debtors agreed that, to the extent any lien attaches to the Premises, within sixty (60) days after notice from the Landlord of any such lien, the Debtors would remove such lien by bond or otherwise. Furthermore, the Debtors agreed that if they fail to do so, the Landlord may pay the amount, or take any such other action as the Landlord deems necessary to remove such lien and that any amounts paid by the Landlord on account of any such liens will be deemed additional rent under the Leases.

19. In addition, each of the Leases contains indemnification provisions that require the Debtors to indemnify the Landlords with respect to all claims that arise from, or are related to, among other things, any violation of the Lease by the tenant or any of its agents, employees, or contractors. See Exhibit A, 692 Broadway Lease, Article 24; Exhibit B, Manhattan Mall Lease, Article 24.

### The Liens

20. The Secure Door Lien, Lab Plumbing Lien, and Excel Flooring Lien were all filed postpetition, but prior to the filing of the Debtors' Rejection Notice. As a result, it is clear that

the Debtors are required and should be compelled under section 365(d)(3) and pursuant to the provisions of the 692 Broadway Lease to timely remove the Secure Door Lien, Lab Plumbing Lien, and Excel Flooring Lien.

21. While the Fries Lien and the Kleinknecht Liens were filed prior to the Petition Date, the Debtors' obligation to remove these two liens arises only after notice is given. This Motion constitutes written notice of the Fries Lien and the Kleinknecht Liens to the Debtors and, as a result, the Debtors should be required to remove the these liens pursuant the explicit terms of the Leases and section 365(d)(3) of the Bankruptcy Code.

22. As noted above, under both the 692 Broadway Lease and the Manhattan Mall Lease, the Debtors are specifically obligated to "remove any such lien or encumbrance by bond or otherwise." See Exhibit A, 692 Broadway Lease, Article 7D; Exhibit B, Manhattan Mall Lease, Article 7D. The Debtors are, therefore, required to perform this obligation according to the express language of the respective Leases and the language of section 365(d)(3) of the Bankruptcy Code.

23. In addition, to the extent that the Landlords find it necessary to deal directly with any contractors to resolve or otherwise remove any of the Liens, the Landlords are entitled to be compensated for all amounts paid and costs incurred by the Landlords as "additional rent under [the] Lease payable upon demand, without limitation as to other remedies available." See Exhibit A, 692 Broadway Lease, Article 7D; Exhibit B, Manhattan Mall Lease, Article 7D. Any such additional rent would also be an obligation of the Debtors that would be required to be timely paid pursuant to section 365(d)(3). Moreover, the Landlords are entitled to be indemnified by the Debtors pursuant to the indemnification provisions in the Leases. Any such

indemnification would also be a postpetition obligation of the Debtors that must be timely performed, pursuant to section 365(d)(3) of the Bankruptcy Code.

24. In any event, the Landlords seek a determination by this Court that all obligations under the Leases to remove the Liens or otherwise indemnify the Landlords for claims resulting from such Liens are administrative expenses of the Debtors' estates pursuant to section 503(b)(1)(A) of the Bankruptcy Code and are entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

25. The Landlords reserve any and all applicable rights with respect to any liens on the 692 Broadway Premises or the Manhattan Mall Premises, including the right to object or otherwise contest the Liens addressed by this Motion and any other liens that may be filed against properties subject to leases between the Debtors and the Landlords or their affiliates. In addition, the Landlords reserve any and all rights to take action to remove any Liens against their properties and seek indemnification from the Debtors with respect thereto under the 692 Broadway Lease and the Manhattan Mall Lease.

### APPLICABLE AUTHORITY

26. Section 365(d)(3) of the Bankruptcy Code authorizes the relief requested in this Motion.

### NO PRIOR REQUEST

27. No previous motion for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, by reason of the foregoing, the Landlords respectfully request entry of an order, compelling the Debtors to comply with their obligations under the 692 Broadway Lease

8

and the Manhattan Mall Lease and section 365(d)(3) of the Bankruptcy Code by promptly causing the removal of the Liens against the 692 Broadway Premises and Manhattan Mall Premises and/or compelling the Debtors to pay to the Landlords a sum equal to all amounts, expenses, and costs necessary to resolve or otherwise remove such Liens.

Dated: January 15, 2009
    New York, New York

               Respectfully Submitted,

               FRIED, FRANK, HARRIS, SHRIVER
               & JACOBSON LLP

               By: /s/ Stephanie Goldstein, Esq.
                    Stephanie Goldstein, Esq.
                    Kalman Ochs, Esq.

               FRIED, FRANK, HARRIS, SHRIVER &
               JACOBSON LLP
               One New York Plaza
               New York, NY 10004
               Phone: (212) 859-8000
               Fax:   (212) 859-4000

               *Counsel for VNO 100 West 33rd Street LLC*
               *and Vornado 692 Broadway LLC*

7166374