UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| BH S&B HOLDINGS LLC, *et al.* | Case No. 08-14604 (MG) |
| Debtors. | (Jointly Administered) |

----------------------------------------------------------x

### STIPULATION AND ORDER CONCERNING THE INVESTIGATION, ASSERTION AND PROSECUTION OF CERTAIN OF THE DEBTORS' CLAIMS

This Stipulation and Agreed Order (the "Stipulation and Order") is entered into between and among BH S&B Holdings LLC, and its related debtor and debtor-in-possession entities (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in these cases (the "Committee");

WHEREAS, on November 19, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, the Committee has expressed interest in identifying, investigating, pursuing, and realizing on, by litigation or otherwise, and to the extent appropriate, certain claims or causes of action that the Debtors and their estates may hold; and

WHEREAS, the Committee and the Debtors believe that it is in the best interests of the Debtors' estates to confer upon the Committee the Debtors' right to identify, investigate, pursue and prosecute certain of the Debtors' claims or causes of action, subject to the terms and conditions set forth herein:

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. <u>Claims to be Investigated and Prosecuted by the Committee</u>. The Committee is hereby authorized and shall have the right to investigate, assert, commence and prosecute to conclusion, on behalf of and in the name, place and stead of each or any of the Debtors, any and all claims or causes of action, whether arising under the Bankruptcy Code, federal, state or common law or otherwise, including, without limitation, those arising under Chapter 5 of the Bankruptcy Code.

2. <u>Procedure for Committee's Prosecution of Claims</u>. The Committee shall provide written notice (the "Notice") to the Debtors' attorneys so as actually to be received thereby at least three (3) days prior to the commencement or assertion of any claim(s) or cause(s) of action against any party. The Notice shall either include a copy of the proposed Complaint or shall set forth with reasonable particularity the claim(s) or cause(s) of action ("Claims"), the potential parties involved, the amounts sought to be recovered, and such other relief as may be sought.

3. <u>Preservation of Privilege</u>. In any action or proceeding commenced by the Committee pursuant to the rights conferred hereunder, the Committee shall have the right to assert, and shall be entitled to, the benefit of the Debtors' privileges or immunities. All communications between the Debtors and the Committee, and any documents or evidence of any kind provided by the Debtors' and the Committee's privileges and immunities, and to the extent applicable, shall be protected by attorney-client and work-product privileges and shall be deemed to be in furtherance of a joint-litigation strategy.

4. <u>The Debtors Remain a Party-in-Interest</u>. The Debtors retain the right to be heard or appear in any action, proceeding or deposition initiated by the Committee in connection with

the foregoing, and shall be served with notice and copies of all documents served by it in connection therewith.

5. <u>Costs of Litigation and Application of Proceeds</u>.  To the extent the Committee pursues any litigation or engages in any activities in connection with the rights bestowed upon it by this Stipulation and Order, all allocated fees and expenses incurred after the date of entry of the Order shall be paid and satisfied from the litigation fund set up in accordance with the Cash Collateral Order entered by the Court on January 8, 2009 (Docket No. 251) (the "Cash Collateral Order") or out of the proceeds or recovery from such litigation, and shall not reduce the professional fees fund set up in accordance with the Cash Collateral Order.  Proceeds of any settlement, compromise or recovery, if any, recovered by the Committee on behalf of any individual Debtor in connection with prosecuting, settling or compromising the claims shall, without further order of the bankruptcy Court, constitute property of such individual Debtor's estate and be applied and distributed in accordance the Cash Collateral Order.

6. <u>Severability</u>.  The illegality, invalidity, or unenforceability of any provision of this Stipulation and Order under the law of any jurisdiction shall not affect its legality, validity, or enforceability under the law of any other jurisdiction, nor the legality, validity, or enforceability of any other provision.

7. <u>Good Faith</u>.  The terms of this Stipulation and Order were negotiated in good faith and at arms-length among the parties hereto, each of which were represented by competent legal counsel.

8. <u>Waiver and Modification</u>.  Except as expressly provided herein, this Stipulation and Order may not be modified except in a writing signed by the parties hereto.

9. <u>Binding Agreement</u>.  This Stipulation and Order shall be binding upon the successors and assigns of the parties hereto, including, as to the Debtors, any future Chapter 11 or Chapter 7 trustee, examiner, responsible person or other successor-in-interest.

10. <u>Further Assurances</u>.  Each of the parties hereto agrees to execute and deliver, or to cause to be executed and delivered, and to take all such actions as the other parties may reasonably request to effectuate the intent and purposes and to carry out the terms of this Stipulation and Order.  Each of the Debtors and the Committee shall cooperate in the reasonable request of the other in connection with any matters relating to this Stipulation and Order, including, without limitation, through the Debtors' production of documents requested by the Committee that are in the Debtors' possession and control.  All necessary and reasonable costs associated with the production of documents shall be reimbursed from the litigation fund set up in accordance with the Cash Collateral Order, provided, however, that Debtors' counsel shall confer with Committee counsel prior to undertaking or incurring any fees or costs.

11. <u>Due Authorization</u>.  The undersigned each represent that they are duly authorized to execute this Stipulation and Order.  This Agreement may be executed in counterparts by facsimile signature and such signatures shall be deemed as original and shall bind the Parties.

12. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation and Order.  The parties shall be authorized to take all actions necessary to effectuate the terms of this Order.

| Dated: January 12, 2009 | Dated: January 12, 2009 |
|---|---|
| CAHILL GORDON & REINDEL LLP | ARENT FOX LLP |
| By: *Richard A. Stieglitz Jr.*<br>　　Kevin J. Burke, Esq.<br>　　Joel H. Levitin, Esq.<br>　　Stephen J. Gordon, Esq.<br>　　Richard A. Stieglitz Jr., Esq.<br>　　Eighty Pine Street<br>　　New York, NY 10005<br>　　(212) 701-3000 | By: */s/ Robert M. Hirsh*<br>　　Schuyler G. Carroll, Esq.<br>　　Robert M. Hirsh, Esq.<br>　　Heike M. Vogel, Esq.<br>　　1675 Broadway<br>　　New York, NY 10019<br>　　(212) 484-3900 |
| *Counsel for the Debtors* | *Counsel to the Official Committee of Unsecured Creditors* |

SO ORDERED:

This **21st day of January, 2009**

　　　**/s/Martin Glenn**

UNITED STATES BANKRUPTCY JUDGE