UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
In re:                                              : Chapter 11
                                                    :
BH S&B HOLDINGS LLC, et al.,                        : Case No.: 08-14604 (MG)
                                                    :
                    Debtors.                        : Jointly Administered
                                                    :
                                                    :
------------------------------------------------------------------X

## STIPULATION AND ORDER WITH RLS SCREEN PRINTING LLC

This stipulation and order (the "Stipulation") is entered into as of the 28th day of January 2009, by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[1] and RLS Screen Printing LLC ("RLS," and together with the Debtors, the "Parties").

## Recitals

A. By order dated August 22, 2008 (the "Sale Order"), the Honorable Allen L. Gropper approved that certain Amended and Restated Asset Purchase Agreement (the "APA") among Stone Barn Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC and together with its debtor affiliates, as debtors and debtors-in-possession, each of which filed voluntary cases under the Bankruptcy Code on July 9, 2008, the "Stone Barn Debtors"), S&B Industries Inc., BH S&B Holdings LLC, Hilco Merchant Resources LLC, and Gordon Brothers Retail Partners LLC,

---

[1] The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

pursuant to which the Debtors acquired substantially all of the assets of the Stone Barn Debtors free and clear of liens, claims, encumbrances, and other interests.

B.  The Stone Barn Debtors in the past utilized the services of RLS for screen-printing of t-shirts. Specifically, the Stone Barn Debtors shipped blank t-shirts (the "Blank Shirts") to RLS through June 2008, and RLS agreed to print certain images on the Blank Shirts and return the printed t-shirts (the "Printed Shirts," and together with the Blank Shirts, the "Shirts") to the Stone Barn Debtors. The Debtors acquired the Stone Barn Debtors' interests in the Shirts under the APA.

C.  On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

D.  On or about the Petition Date, the Debtors also filed a Motion for Orders (I) Authorizing Debtors to (A) Immediately Conduct Store Closing Sales and (B) Consummate Transactions Related Thereto, (II) Authorizing Debtors to (A) Retain Consultant Pursuant to Bankruptcy Code §§ 327 and 328, (B) Reject Certain Executory Contracts and Unexpired Leases, and (C) Abandon Certain Assets, and (III) Scheduling a Hearing to Consider Such Authorization to Retain, Reject, and Abandon, dated November 19, 2008 (Docket No. 17) (the "GOB Motion").

E.  By order dated November 24, 2008 (the "Interim Relief Order"), the Bankruptcy Court approved the "Immediate Relief" requested in the GOB Motion, which, among other things, permitted the Debtors to immediately conduct store closing and similar sales at their stores and distribution centers and to consummate all related transactions. By order dated

December 16, 2008 (the "Remaining Relief Order"), the Bankruptcy Court granted the "Remaining Relief" requested in the GOB Motion, which, among other things, authorized the Debtors to abandon any remaining assets they could not sell or otherwise dispose of since the Petition Date, during the Store Closing Sales, or thereafter.

F. On or about December 31, 2008, the Debtors filed a motion (the "Turnover Motion") to order RLS to turn over the Blank Shirts to the Debtors pursuant to Bankruptcy Code § 542.

G. On or about January 16, 2009, RLS filed an objection (the "Objection") to the Turnover Motion, in which it asserted various statutory and common law liens on the Shirts, and also filed a cross-motion (the "Cross-Motion," and together with the Objection, the "RLS Pleadings") for the allowance of payment of an administrative expense claim for storage of the Shirts.[2]

H. As of the date hereof, RLS is in possession of approximately 81,372 Printed Shirts and approximately 152,097 Blank Shirts at its facility located in Saint Petersburg, Florida (the "Facility"), which quantities were derived in part from a book inventory that the Stone Barn Debtors initially sent to RLS.

I. In order to avoid the costs and uncertainty that would result from any continued litigation over the issues raised in, among other things, the Motion and the RLS Pleadings, the Parties have determined to settle this dispute in the manner set forth below. The Debtors believe it is in the best interests of their estates, and is a reasonable exercise of their sound business judgment, to enter into this Stipulation, which reflects a heavily negotiated compromise between

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Turnover Motion or the RLS Pleadings, as applicable.

3

RLS and the Debtors, as it will enable them to obtain a substantial cash payment from RLS in exchange for the Shirts, thereby monetizing their interests in the Shirts in the most cost-efficient and timely manner, and also to resolve any remaining disputes with, and/or claims of, RLS (including any purported claims for administrative expenses in connection with the Shirts).

NOW, THEREFORE, in consideration of the foregoing, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties have entered into this Stipulation and agreed to be legally bound by its terms upon the approval thereof by the Bankruptcy Court.

**<u>Agreement</u>**

1. The Recitals set forth above are incorporated herein as though fully set forth.

2. This Stipulation shall constitute a full and final resolution of all of the disputes or potential disputes by and between the Debtors and RLS in any way relating to or arising from, the Shirts, the Turnover Motion, the RLS Pleadings (including, without limitation, the Cross-Motion), and/or any other issues that were raised or may have been raised therein.

3. RLS shall pay the Debtors the sum of $50,000.00 (the "RLS Payment") within five (5) business days of the date this Stipulation is so ordered by the Bankruptcy Court in exchange for the Debtors agreeing to abandon all of their right, title, and interest in the Shirts to RLS. RLS may thereafter dispose of the Shirts as it deems appropriate in its discretion, without the need to seek relief from the automatic stay or any other relief from the Bankruptcy Court, and without liability to any individual or entity that may claim an interest therein. Accordingly, the abandonment of the Shirts to RLS shall be free and clear of any and all liens, claims, and interests, <u>provided</u>, <u>however</u>, that any and all such liens, claims, and interests (other than any purported liens, claims, or interests of RLS relating to the Shirts arising prior to the abandonment thereof, which liens, claims, and interests shall be deemed void and of no force and effect) shall

4

attach to the RLS Payment with the same force, effect, and priority as any such liens had on the Shirts prior to the abandonment thereof, subject to the rights and defenses of the Debtors and any party in interest with respect thereto.

4. Upon and subject to this Stipulation being so ordered by the Bankruptcy Court and the RLS Payment being made to the Debtors, (i) the Turnover Motion and the RLS Pleadings (including, without limitation, the Cross-Motion) are each deemed moot and are hereby withdrawn by the respective Parties as of such date, and (ii) the Debtors shall be deemed to have abandoned all of their rights, title, and interests in the Shirts to RLS in the manner set forth in the immediately preceding paragraph.

5. As of the date hereof, but subject to the approval of the Bankruptcy Court and compliance with the terms of this Stipulation by RLS (including the making of the RLS Payment), the Debtors, on behalf of themselves and their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Debtor Releasing Parties"), hereby release and forever discharge RLS and its respective affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "RLS Released Parties") from each and every right, claim, debt, lien, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor Releasing Parties had, has, or may have against the RLS Released Parties from the beginning of time to the date hereof, in each case to the extent related to the Shirts.

6. As of the date hereof, but subject to the approval of the Bankruptcy Court and compliance with the terms of this Stipulation by the Debtors (including abandoning their interest in the Shirts to RLS in the manner set forth above), RLS, for itself and its affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "RLS Releasing Parties"), hereby releases and forever discharges the Debtors, their respective estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Debtors Released Parties") from each and every right, claim, debt, lien, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the RLS Releasing Parties had, has, or may have against the Debtor Released Parties from the beginning of time to the date hereof, in each case, to the extent related to the Shirts.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

8. This Stipulation is subject to the prior approval of the Bankruptcy Court. The Bankruptcy Court shall have sole and exclusive jurisdiction to construe, interpret, and enforce the terms of this Stipulation.

9. This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, administrators, successors, and assigns.

10. Each of the Parties hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult

with any advisor of its choice about it; that it understands all of its terms; that it has consulted with independent counsel of its choice, who answered to its satisfaction all questions it had regarding this Stipulation; that its undersigned representative is duly authorized to enter into this Stipulation, subject to the approval of the Bankruptcy Court in the case of the Debtors; that it voluntarily assents to all of the terms and conditions contained herein; that by signing this Stipulation, it is bound by all of the terms and conditions contained herein (subject to the approval of the Bankruptcy Court); and that it is signing this Stipulation voluntarily and of its own free will.

11. It is expressly understood and agreed that this Stipulation may not be altered, amended, waived, modified, or otherwise changed in any respect whatsoever with the sole exception of by a writing duly executed by an authorized representative of each of the Parties, and the Parties further acknowledge and agree that they will make no claim at any time or place that this Stipulation has been orally supplemented, modified, or altered in any respect whatsoever. No failure on the part of any Party to this Stipulation to exercise, and no delay on its part in exercising, any right or remedy under this Stipulation, will operate as a waiver thereof, nor will any single or partial exercise of any right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy.

12. Upon the Bankruptcy Court's approval of this Stipulation, the Debtors are authorized and empowered to take any necessary actions to implement and effectuate the terms of this Stipulation, including, without limitation, by abandoning the Shirts and taking all further actions that they determine to be reasonably necessary, desirable, or appropriate to the performance of their obligations hereunder (including entering into any and all instruments and

documents that they determine to be reasonably necessary, appropriate, or desirable to implement same), without the need for any other or further order of the Bankruptcy Court.

13. The terms set forth in this Stipulation are part of a comprehensive compromise, and each element is an integral aspect of the agreed settlement and is non-severable.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed as of the day and year first above written.

**BH S&B HOLDINGS LLC (on behalf of itself and all of the other Debtors)**

By: /s/    Timothy D. Boates
Name:  Timothy D. Boates
Title:  Chief Restructuring Officer

**RLS SCREEN PRINTING LLC**

By: /s/__ Michael Greenberg
Name:  Michael Greenberg
Title:  Member

SO ORDERED, AS OF THE DATE SET
FORTH BELOW:

Dated:  New York, New York
         **January 29, 2009**

            **/s/Martin Glenn**
UNITED STATES BANKRUPTCY JUDGE