UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
In re:                                                                   :    Chapter 11
                                                                         :
BH S&B HOLDINGS LLC, et al.,                                             :    Case No.: 08-14604 (MG)
                                                                         :
                                Debtors.                                 :    Jointly Administered
                                                                         :
------------------------------------------------------------------------ X

**STIPULATION AND AGREED ORDER RESOLVING
DISPUTE WITH CRYSTAL COAST SCREEN PRINTING INC.**

This stipulation and agreed order (the "Stipulation") is entered into as of the 24th day of April 2009, by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Crystal Coast Screen Printing Inc. ("Crystal Coast," and together with the Debtors, the "Parties").

**Recitals**

A. Prior to November 19, 2008 (the "Petition Date"), the Debtors utilized Crystal Coast for screen-printing certain articles or units of clothing, such as t-shirts, sweatshirts, and sweatpants. Specifically, the Debtors supplied blank units to Crystal Coast throughout 2008, and Crystal Coast agreed to print images on these blank units and return the printed units to the Debtors. As of the date hereof, according to information provided by Crystal Coast, Crystal Coast is in possession of approximately 73,957 printed and 357,390 blank units that it is storing at its printing facility in Greenville, North Carolina.

B. On the Petition Date, the Debtors filed separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

C. On March 30, 2009, the Debtors filed a motion (the "Motion to Compel") to compel Crystal Coast to purchase all blank and printed units of the Debtors in its possession pursuant to an agreement between the Debtors and Crystal Coast.

D. In order to avoid the costs and uncertainty that would result from any continued litigation over, among other things, the issues raised in the Motion to Compel, the Parties have determined to settle the dispute described in the Motion to Compel in the manner set forth below. The Debtors believe it is in the best interests of their estates, and is a reasonable exercise of their sound business judgment, to enter into this Stipulation, which reflects a negotiated compromise between Crystal Coast and the Debtors, as it will enable the Debtors to obtain an immediate cash payment from Crystal Coast in exchange for the printed and blank units, thereby monetizing their interests in such units in the most cost-efficient and timely manner, and to resolve any remaining disputes with, and claims of, Crystal Coast.

NOW, THEREFORE, in consideration of the foregoing, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties have entered into this Stipulation and agreed to be legally bound by its terms upon the approval thereof by this Court.

**<u>Agreement</u>**

1. The Recitals set forth above are incorporated as though fully set forth herein.

2. This Stipulation shall constitute a full and final resolution of all of the disputes or potential disputes by and between the Debtors and Crystal Coast in any way relating to or arising from the Motion to Compel.

3. Crystal Coast shall pay the Debtors the sum of $82,150 (the "Settlement Payment") within two days of the date this Stipulation is so ordered by the Bankruptcy Court in

exchange for the Debtors agreeing to abandon all of their right, title, and interest in the blank and printed units to Crystal Coast.

4.  Upon and subject to this Stipulation being so ordered by the Bankruptcy Court and the Settlement Payment being made to the Debtors, the Motion to Compel shall be withdrawn by the Debtors.

5.  As of the date hereof, but subject to this Stipulation being so ordered by the Bankruptcy Court, Crystal Coast, for itself and its affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Crystal Coast Releasing Parties"), hereby releases and forever discharges the Debtors, their respective estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Debtors Released Parties") from each and every right, claim, debt, lien, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Crystal Coast Releasing Parties had, have, or may have against the Debtor Released Parties from the beginning of time to the date hereof.

6.  This Stipulation may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

7.  This Stipulation is subject to the approval of this Court, which shall have sole and exclusive jurisdiction to construe, interpret, and enforce the terms of this Stipulation.

8. This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, administrators, successors, and assigns.

9. Each of the Parties hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that it has consulted with independent counsel of its choice, who answered to its satisfaction all questions it had regarding this Stipulation; that its undersigned representative is duly authorized to enter into this Stipulation; that it voluntarily assents to all of the terms and conditions contained herein; that by signing this Stipulation, it is bound by all of the terms and conditions contained herein; and that it is signing this Stipulation voluntarily and of its own free will.

10. It is expressly understood and agreed that this Stipulation may not be altered, amended, waived, modified, or otherwise changed in any respect whatsoever with the sole exception of by a writing duly executed by an authorized representative of each of the Parties, and the Parties further acknowledge and agree that they will make no claim at any time or place that this Stipulation has been orally supplemented, modified, or altered in any respect whatsoever. No failure on the part of any Party to this Stipulation to exercise, and no delay on its part in exercising, any right or remedy under this Stipulation, will operate as a waiver thereof, nor will any single or partial exercise of any right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy.

11. The Debtors are authorized and empowered to take any necessary actions to implement and effectuate the terms of this Stipulation without the need for any other or further order of this Court.

12. The terms set forth in this Stipulation are part of a comprehensive compromise, and each element is an integral aspect of the agreed settlement and is non-severable.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed as of the day and year first above written.

**BH S&B HOLDINGS LLC (on behalf of itself and all of the other Debtors)**

By:   /s/ Timothy D. Boates
Name: Timothy D. Boates
Title: Chief Restructuring Officer

**CRYSTAL COAST SCREEN PRINTING INC.**

By:   /s/ Walter Benton
Name: Walter Benton
Title: Secretary/Treasurer

SO ORDERED, AS OF THE DATE SET FORTH BELOW:

Dated: New York, New York
     **April 24, 2009**

      /s/Martin Glenn
UNITED STATES BANKRUPTCY JUDGE