UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :  Chapter 11
                                                                     :
BH S&B HOLDINGS LLC, et al.,                                         :  Case No.:  08-14604 (MG)
                                                                     :
                               Debtors.                              :  Jointly Administered
                                                                     :
-------------------------------------------------------------------- X

# NOTICE OF HEARING ON DEBTORS' MOTION FOR ORDER APPROVING STIPULATION AND SETTLEMENT AGREEMENT RESOLVING DISPUTE WITH VORNADO 692 BROADWAY LLC AND VNO 100 WEST 33RD STREET LLC

PLEASE TAKE NOTICE that, on May 13, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[1] filed their motion (the "Motion") for the approval of the Stipulation and Settlement Agreement Resolving Dispute with Vornado 692 Broadway LLC and VNO 100 West 33rd Street LLC.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court, with the Honorable Martin Glenn presiding, One Bowling Green, New York, New York, Room 501, will consider the Motion at **2:00 PM (Prevailing Eastern Time) on June 17, 2009**.

PLEASE TAKE FURTHER NOTICE that objections, if any, to relief requested in the Motion must (i) be in writing, state the name of the objector, identify its interest in these cases, and set forth the grounds for the objection and the legal basis therefor and (ii) be filed with this Court and served in a manner so as to be received by the following parties, together with

---

[1]  The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

proof of service, on or before **June 12, 2009, at 5:00 PM (Prevailing Eastern Time)**: (a) counsel to the Debtors, Cahill Gordon & Reindel LLP, Eighty Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Esq., and Richard A. Stieglitz Jr., Esq.); (b) the United States Trustee, 33 White Hall Street, Suite 2100, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.); and (c) counsel to the official committee of unsecured creditors appointed in these cases, Arent Fox LLP, 1675 Broadway, New York, New York 10019 (Attn: Schuyler G. Carroll, Esq., and Robert M. Hirsch, Esq.).

| | |
|---|---|
| Dated: New York, New York<br>May 13, 2009 | CAHILL GORDON & REINDEL LLP<br><br>/s/ Richard A. Stieglitz Jr.<br>Joel H. Levitin<br>Kevin J. Burke<br>Stephen J. Gordon<br>Richard A. Stieglitz Jr.<br>Eighty Pine Street<br>New York, New York 10005<br>Telephone: (212) 701-3000<br>Facsimile: (212) 269-5420<br>jlevitin@cahill.com<br>kburke@cahill.com<br>sgordon@cahill.com<br>rstieglitz@cahill.com<br><br>*Attorneys for the<br>Debtors and Debtors-in-Possession* |

Joel H. Levitin
Kevin J. Burke
Stephen J. Gordon
Richard A. Stieglitz Jr.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
: 
In re: : Chapter 11
:
BH S&B HOLDINGS LLC, et al., : Case No.: 08-14604 (MG)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------------------- X

# DEBTORS' MOTION FOR ORDER APPROVING
## STIPULATION AND SETTLEMENT AGREEMENT WITH
## VORNADO 692 BROADWAY LLC AND VNO 100 WEST 33RD STREET LLC

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] by and through their undersigned attorneys, hereby file this motion (the "Motion") for the approval of the Stipulation and Settlement Agreement (the "Stipulation")[2] Resolving

---

[1] The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

[2] A true and correct copy of the Stipulation is attached hereto as Exhibit A and is incorporated herein by reference. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Dispute with Vornado 692 Broadway LLC and VNO 100 West 33rd Street LLC (together, the "Vornado Landlords"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for relief requested herein is Bankruptcy Rule 9019.

## INTRODUCTION

2. On November 19, 2008 (the "Petition Date"), the Debtors each filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, and on November 21, 2008 the Court entered an order jointly administering the Debtors' cases.

3. On November 26, 2008, the Office of the United States Trustee appointed an official committee (the "Committee") of unsecured creditors for these cases. No trustee or examiner has been appointed in these cases.

4. Prior to the Petition Date, the Debtors determined that the appropriate course of action to maximize value for the benefit of all of their stakeholders in the current difficult retail market was an orderly liquidation in Chapter 11, and to that end, they commenced "going out of business" sales in their stores. The Debtors concluded these sales as of January 16, 2009, and they are currently winding down their estates.

5. On February 1, 2009, Timothy D. Boates -- formerly the Debtors' Chief Restructuring Officer -- became the Debtors' "Responsible Officer."

## FACTUAL BACKGROUND[3]

6. On or about March 1, 2005, Stone Barn executed the Manhattan Mall Lease with a predecessor-in-interest of VNO 100 West 33rd Street LLC for retail space at 1275 Broadway, New York, New York. On or about December 28, 2007, Stone Barn executed the 692 Broadway Lease with a predecessor-in-interest of Vornado 692 Broadway LLC for retail space at 692 Broadway, New York, New York.

7. On or about August 25, 2008, the Debtors purchased substantially all of Stone Barn's assets, and in connection therewith, Stone Barn assigned the Leases to the Debtors.

8. On January 6, 2009, the Debtors filed a notice advising all landlords, including the Vornado Landlords, of the rejection of all remaining leases, including the Leases, as of January 16, 2009.

9. On January 15, 2009, the Vornado Landlords filed the Motion to Compel, and on January 29, 2009, the Vornado Landlords filed an amended version of the Motion to Compel. In the Motions to Compel, the Vornado Landlords sought an order from this Court to compel the Debtors to comply with alleged post-petition obligations under the 692 Broadway Lease and the Manhattan Mall Lease and Bankruptcy Code § 365(d)(3), by taking certain actions to remove certain Liens against the 692 Broadway Premises and the Manhattan Mall Premises and/or compelling the Debtors to pay to the Vornado Landlords a sum equal to all amounts, expenses, and costs necessary to resolve or otherwise remove the Liens.

10. On February 25, 2009, the Bankruptcy Court issued its Order Granting in Part and Denying in Part the Motions to Compel.

---

[3] The description set forth below is provided solely as a summary of the Stipulation. To the extent of any discrepancies between this summary and the Stipulation, the Stipulation will govern.

11. On March 6, 2009, the Debtors filed the Appeal, and on March 16, 2009, the Debtors filed their designation of the issue and record for the Appeal. Thereafter, on March 26, 2009, the Vornado Landlords filed their counter-designation of the issues and record for the Appeal.

## **THE STIPULATION**

12. The Debtors and the Vornado Landlords have agreed, as set forth in the Stipulation, to the terms of a settlement that would resolve all issues and potential claims arising from or related to the Appeal and the allegations asserted in the Motions to Compel and that provides for the settlement and compromise of certain controversies and release of the specific claims described below between the Debtors and the Vornado Landlords, upon the terms and conditions set forth below and in the Stipulation.

13. The material terms of the Stipulation are:

   a. The Debtors would pay $60,000 to the Vornado Landlords by check issued to Vornado 692 Broadway LLC, so that such check is cleared on or before the fifth business day following the Effective Date.

   b. Except as otherwise provided for in the Stipulation, as of the date of the execution of the Stipulation, the Vornado Releasing Parties would release and forever discharge the BH S&B Released Parties from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Vornado Releasing Parties had, have, or may have against the BH S&B Released Parties from the beginning of time to the date of execution of the Stipulation, in each case, to the extent related to the Debtors' obligations with respect to the Liens that are the subject of the Motions to Compel and the Appeal.

   c. The Vornado Releasing Parties would expressly not release or discharge the unsecured claims asserted in the Vornado Claims, the Unrelated Administrative Claims, or any other timely and validly-asserted claims of the Vornado Landlords other than the claims asserted in the Motions to Compel. The Parties' respective rights with respect to such non-released claims would not be altered or

4

> affected by the Stipulation, and accordingly, such rights would be reserved.

    d.    Except as otherwise provided for in the Stipulation, as of the date of the execution of the Stipulation, the BH S&B Releasing Parties would release and forever discharge the Vornado Released Parties from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the BH S&B Releasing Parties had, have, or may have against the Vornado Released Parties from the beginning of time to the date of execution of the Stipulation, in each case, to the extent related to the Debtors' obligations with respect to the Liens that are the subject of the Motions to Compel and the Appeal.

    e.    Upon the Effective Date, the Appeal would be deemed dismissed, and the Debtors would promptly take all actions reasonably necessary to effectuate the dismissal of the Appeal.

## RELIEF REQUESTED

14.    The Debtors request that the Court approve and so order the Stipulation pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

15.    Debtors-in-possession may, in the exercise of their business judgment, enter into settlements. <u>Official Comm. of Unsecured Creditors v. White Plains Joint Venture (In re Bond)</u>, 1994 WL 20107, at *3-4 (4th Cir. Jan. 26, 1994) ("bankruptcy court does not abuse its discretion by deferring to the business judgment of the parties who negotiated the compromise"); <u>Official Comm. of Unsecured Creditors v. James Talcott, Inc. (In re International Distrib. Ctrs., Inc.)</u>, 103 B.R. 420, 423 (S.D.N.Y. 1989) ("court may give weight to the Trustee's informed judgment that a compromise is fair and equitable"). Specifically, Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

16. To approve a compromise and settlement under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of a debtor's estate. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). In determining whether to approve a proposed settlement, a court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)).

17. The Debtors submit that entering in the Stipulation was a sound exercise of their business judgment, and it should be approved by this Court because it is both reasonable and in the Debtors' best interests and is clearly above the lowest point of reasonableness. Indeed, approval of the Stipulation, which was reviewed by the Committee and the Debtors' former agent and post-petition secured lender, will remove uncertainty related to the Appeal and will resolve all related issues. Continuing to litigate these matters, on the other hand, would result in significant costs, which the Debtors believe would easily exceed the amount to be paid to the Vornado Landlords under the Stipulation.

18. Because the Debtors received a release from the Vornado Landlords related to the Motion to Compel and the Appeal, they were willing to give a similar release to the Vornado Landlords. In fact, to the extent the Debtors deem it necessary to object to the claims not released in the Stipulation, their rights are preserved.

19. Thus, in a sound and prudent exercise of their business judgment, the Debtors believe that (a) entering into the Stipulation is in their best interests and the best interests of their estates, creditors, and other parties-in-interest, and (b) the settlement embodied therein is

fair and reasonable and avoids further lengthy and costly litigation with the Vornado Landlords. Accordingly, the Debtors submit that this Court should approve and so order the Stipulation.

## **NOTICE**

20. In accordance with the Notice Procedures Order, notice of this Motion has been given via e-mail or first class United States mail, as appropriate, to the United States Trustee, counsel to the Committee, counsel to the Debtors' former agent and post-petition secured lender, the Debtors' known secured creditors, counsel to the Vornado Landlords, and all other parties that have filed notices of appearance and requested service of papers in these cases. The Debtors submit that no other or further notice need be given.

## **NO PRIOR APPLICATION**

21. No previous motion for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court approve and so order the Stipulation and grant such other and further relief as may be just and proper under the circumstances of these cases.

Dated: New York, New York  Respectfully submitted,
      May 13, 2009

CAHILL GORDON & REINDEL LLP

<u>/s/ Richard A. Stieglitz Jr.</u>
Joel H. Levitin
Stephen J. Gordon
Richard A. Stieglitz Jr.
Eighty Pine Street
New York, New York  10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
jlevitin@cahill.com
sgordon@cahill.com
rstieglitz@cahill.com

*Attorneys for the
Debtors and Debtors-in-Possession*

# EXHIBIT A

**Stipulation**

Joel H. Levitin
Kevin J. Burke
Stephen J. Gordon
Richard A. Stieglitz Jr.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
:
In re: : Chapter 11
:
BH S&B HOLDINGS LLC, et al., : Case No.: 08-14604 (MG)
:
Debtors. : Jointly Administered
:
------------------------------------------------------------------ X

### STIPULATION AND SETTLEMENT AGREEMENT RESOLVING DISPUTE WITH VORNADO 692 BROADWAY LLC AND VNO 100 WEST 33RD STREET LLC

WHEREAS, on or about May 1, 2005, Stone Barn Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC) and its affiliates (collectively, "Stone Barn") executed a lease (the "Manhattan Mall Lease") with a predecessor-in-interest of VNO 100 West 33rd Street LLC for retail space at 1275 Broadway, New York, New York; and

WHEREAS, on or about December 28, 2007, Stone Barn executed a lease (the "692 Broadway Lease," and together with the Manhattan Mall Lease, the "Leases") with a predecessor in interest of Vornado 692 Broadway LLC (together with VNO 100 West 33rd Street LLC, the "Vornado Landlords") for retail space at 692 Broadway, New York, New York; and

WHEREAS, on or about August 25, 2008, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors," and together with the Vornado Landlords, the "Parties") purchased substantially all of Stone Barn's assets, and in connection therewith, Stone Barn assigned the Leases to the Debtors; and

WHEREAS, on November 19, 2008 (the "Petition Date"), the Debtors each filed separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on January 6, 2009, the Debtors filed a notice advising all landlords, including the Vornado Landlords, of the rejection of all remaining leases, including the Leases, as of January 16, 2009; and

WHEREAS, on January 15, 2009, the Vornado Landlords filed a Motion to Compel the Debtors to Perform Postpetition Obligations Pursuant to 11 U.S.C. § 365(d)(3) (the "Motion to Compel"); and

WHEREAS, on January 29, 2009, the Vornado Landlords filed an amended version of the Motion to Compel (together with the Motion to Compel, the "Motions to Compel"),[1] wherein, the Vornado Landlords sought an order from this Court to compel the Debtors to comply with alleged post-petition obligations under the 692 Broadway Lease and the Manhattan Mall Lease and Bankruptcy Code § 365(d)(3), by taking certain actions to remove certain Liens against the 692 Broadway Premises and the Manhattan Mall Premises and/or compelling the Debtors to pay to the Vornado Landlords a sum equal to all amounts, expenses, and costs necessary to resolve or otherwise remove the Liens; and

---

[1] All capitalized terms not defined in this Stipulation have the meanings assigned to such terms in the Motions to Compel.

-2-

WHEREAS, on February 25, 2009, the Bankruptcy Court issued its Order (the "Order"), Granting in Part and Denying in Part the Motions to Compel; and

WHEREAS, on March 6, 2009, the Debtors filed their notice of appeal of the Order (the "Appeal"); and

WHEREAS, on March 16, 2009, the Debtors filed their designation of the issue and record for the Appeal; and

WHEREAS, on March 26, 2009, the Vornado Landlords filed their counter-designation of the issues and record for the Appeal; and

WHEREAS, on March 26, 2009, (a) Vornado 692 Broadway LLC filed its proof of claim (number 461), asserting a $4,248,085.85 general unsecured claim and a $197,237.01 administrative claim against the Debtors, and (b) VNO 100 West 33rd Street LLC filed its proof of claim (number 462), asserting a $850,813.02 general unsecured claim and a $8,473.27 administrative claim[2] against the Debtors (claims 461 and 462, the "Vornado Claims"); and

WHEREAS, on April 15, 2009, the United States District Court for the Southern District of New York approved a stipulation extending the Debtors' deadline to file their brief in support of the Appeal until May 20, 2009; and

WHEREAS, the Debtors and the Vornado Landlords have agreed, as set forth below, to the terms of a settlement that resolves all issues and potential claims arising from or related to the Appeal and the allegations asserted in the Motions to Compel and that provides for the settlement and compromise of certain controversies and release of the specific claims

---

[2] This administrative claim asserts various post-petition utility and tax charges allegedly incurred by VNO 100 West 33rd Street LLC, as well as alleged post-petition rent due, in the amount of $8,473.27 (the "Unrelated Administrative Claims").

-3-

described below between the Debtors and the Vornado Landlords, upon the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY AGREED BY AND AMONG THE UNDERSIGNED, AS FOLLOWS:

1. The Debtors shall pay $60,000 to the Vornado Landlords by check issued to Vornado 692 Broadway LLC, so that such check is cleared on or before the fifth business day following the date when the order approving this Stipulation becomes final and non-appealable (the "Effective Date").

2. *Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulation by the Debtors, the Vornado Landlords, for themselves and their affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Vornado Releasing Parties"), hereby release and forever discharge the Debtors, their estates, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, trustees, receivers, beneficiaries, advisors, attorneys, accountants, representatives, and assigns (collectively, the "BH S&B Released Parties") from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Vornado Releasing Parties had, have, or may have against the BH S&B Released Parties from the beginning of time to the date hereof, in each case, to the extent related to the Debtors' obligations with respect to the Liens that are the subject of the Motions to Compel and the*

-4-

*Appeal.* For the avoidance of doubt, but without limiting the generality of the foregoing, the release contained in this paragraph 2 shall not relate to the unsecured claims asserted in the Vornado Claims, the Unrelated Administrative Claims, or any other timely and validly-asserted claims of the Vornado Landlords other than the claims asserted in the Motions to Compel. The Parties' respective rights with respect to such non-released claims are not altered or affected by this Stipulation, and accordingly, such rights are hereby reserved.

3. *Upon and as of the date hereof, but subject to the occurrence of the Effective Date and compliance with the terms of this Stipulation by the Vornado Landlords, the Debtors, for themselves and their estates, trustees, receivers, beneficiaries, affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns, (collectively, the "BH S&B Releasing Parties") hereby release and forever discharge the Vornado Landlords and their affiliates, subsidiaries, successors and predecessors-in-interest, heirs, agents, members, managers, shareholders, directors, officers, employees, advisors, attorneys, accountants, representatives, and assigns (collectively, the "Vornado Released Parties"), from each and every right, claim, debt, cause of action, demand, suit for damages, liabilities, legal fees, acts, or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the BH S&B Releasing Parties had, have, or may have against the Vornado Released Parties from the beginning of time to the date hereof, in each case, to the extent related to the Vornado Released Parties' obligations with respect to the Liens that are the subject of the Motions to Compel and the Appeal.*

4. By entering into this Stipulation, neither the Vornado Landlords nor any other of

the Vornado Releasing Parties admit or otherwise concede that any of the Liens are valid and enforceable against any of them, and the Vornado Landlords reserve their rights to contest the imposition and the amounts of such Liens.

5. Each of the Debtors, on behalf of itself and the other BH S&B Releasing Parties, covenants that it will not, in its own capacity, as successor, by reason of assignment or otherwise, assert, commence, join in, or assist or encourage a third party in filing, commencing, continuing, prosecuting, or joining in, any action or actions, cause or causes of action, in law or in equity, suits, liens, liabilities, claims, demands, obligations, damages, punitive damages, losses, costs or expenses, and attorneys' fees of any nature whatsoever, arising out of, based upon, or relating to, the Liens, except as any of the Debtors or the BH S&B Releasing Parties may be compelled to do so by law, regulation, or other applicable legal or judicial process or order, or upon the request or demand of any regulatory agency or authority having jurisdiction over the Debtors or the other BH S&B Releasing Parties.

6. Upon the Effective Date, the Appeal shall be deemed dismissed, and the Debtors shall promptly take all actions reasonably necessary to effectuate the dismissal of the Appeal.

7. The parties represent and warrant that (a) they have read and understand the terms of this Stipulation, (b) they have been represented by counsel with respect to this Stipulation and all matters covered and related to it, and (c) they have entered into this Stipulation for reasons of their own and not based upon representations of any other party not stated herein. This Stipulation shall not be construed against any of the parties hereto, but it will be given a reasonable interpretation.

8. Each of the parties shall pay its own costs and attorneys' fees incurred with

respect to this Stipulation and all matters related to the subject thereof.

9. This Stipulation will bind and inure to the benefit of each of the Parties and each of its respective heirs, beneficiaries, executors, administrators, insurers, agents, employees, representatives, officers, directors, parent corporations, affiliates, subsidiaries, predecessors and successors in interest, permitted assigns, and attorneys, including, without limitation, any Chapter 11 or Chapter 7 trustee appointed in these cases.

10. This Stipulation is a compromise of disputes between the Debtors and the Vornado Landlords and is not to be construed as an admission of any liability or of any fact by any party, its successors, or assigns.

11. This Stipulation may be executed in any number of counterparts, each of which may be transmitted by electronic mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. No alterations, modifications, supplements, changes, amendments, waivers, or termination of this Stipulation and any order approving this Stipulation shall be valid unless in writing and executed by the Parties.

13. This Court shall retain jurisdiction over the Debtors and the Vornado Landlords with respect to the subject matter of this Stipulation. This Stipulation shall be construed and interpreted in accordance with the laws of the State of New York, without regard to its principles of conflicts of laws.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
      May 13, 2009

                            CAHILL GORDON & REINDEL LLP

                            /s/ Richard A. Stieglitz Jr.
                            Joel H. Levitin
                            Kevin J. Burke
                            Stephen J. Gordon
                            Richard A. Stieglitz Jr.
                            Cahill Gordon & Reindel LLP
                            Eighty Pine Street
                            New York, New York 10005
                            Telephone: (212) 701-3000

                            *Counsel for the Debtors*

Dated: New York, New York
      May __, 2009

                            FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

                            _____

                            Stephanie Goldstein
                            Kalman Ochs
                            One New York Plaza
                            New York, NY 10004
                            Telephone: (212) 859-8000

                            *Counsel for the Vornado Landlords*

**So Ordered:**

Dated: New York, New York
      _____ __, 2009                      _____
                            HONORABLE MARTIN GLEN
                            UNITED STATES BANKRUPTCY JUDGE

Dated: New York, New York
     May __, 2009

CAHILL GORDON & REINDEL LLP

_____
Joel H. Levitin
Kevin J. Burke
Stephen J. Gordon
Richard A. Stieglitz Jr.
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000

*Counsel for the Debtors*

Dated: New York, New York
     May 13 2009

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

*/s/ Stephanie Goldstein/PR*
Stephanie Goldstein
Kalman Ochs
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000

*Counsel for the Vornado Landlords*

**So Ordered:**

Dated: New York, New York
     _____ __, 2009

_____
HONORABLE MARTIN GLEN
UNITED STATES BANKRUPTCY JUDGE

-8-