Robert M. Hirsh
Heike M. Vogel
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                              Chapter 11

BH S&B HOLDINGS LLC, *et al.*,                                     Case No. 08-14604 (MG)

                              Debtor.                          Jointly Administered
------------------------------------------------------------ x

**THIRD INTERIM APPLICATION OF ARENT FOX LLP, AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
<u>FOR THE PERIOD FROM AUGUST 1, 2009 THROUGH OCTOBER 31, 2009</u>**

    <u>**NOTICE**</u>: **Certain time entries relating to the adversary proceedings commenced by the Committee were redacted to protect the attorney-client privilege and attorney work product doctrines. Un-redacted copies of the invoices were provided to the Court for its** *in camera* **inspection.**

| | |
|---|---|
| Name of Applicant: | Arent Fox LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of December 1, 2008 |
| Compensation Period: | August 1, 2009 – October 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary (excluding Matter 17): | $ 209,777.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary (excluding Matter 17): | $ 3,151.43 |
| Amount of Compensation sought as actual, reasonable and necessary attributable to Matter 17: | $ 119,369.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary attributable to Matter 17: | $ 2,081.53 |

NYC/447426.2

## PRIOR FEE APPLICATIONS

| Application Date | Docket Number | Application Period | Fees Requested | Expenses Requested | Fees Awarded | Expenses Awarded | Continuing Holdback |
|---|---|---|---|---|---|---|---|
| 05/22/09 | 430 | 12/01/08 – 04/30/09 | $1,056,049.00 | $22,980.43 | $1,056,049.00 | $22,980.43 | |
| 10/23/09 | 559 | 05/01/09 – 07/31/09 | $213,827.40[1] | $6,541.41[2] | $213,827.40 | $6,541.41 | $23,758.60 |

---

[1] This amount has been adjusted to reflect a reduction of $2,500.00 in fees (agreed to prior to and at the Hearing), as well as a 10% holdback pursuant to discussions with the United States Trustee, with the balance of the 10% holdback to be considered upon application and hearing on a final basis.

[2] This amount has been adjusted to reflect a reduction of $1000.00 in expenses (agreed to at the Hearing).

NYC/447426.2

Arent Fox LLP (the "Applicant" or "Arent Fox"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of BH S&B Holdings LLC, *et al*., the above-captioned debtors (the "Debtors") hereby submits its Third Interim Fee Application (the "Fee Application") for allowance of compensation for professional services performed by the Applicant for the period commencing August 1, 2009 through and including October 31, 2009 (the "Fee Period") and reimbursement of its actual and necessary expenses incurred during the Fee Period, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. In the Fee Period, the Committee fulfilled its statutory and fiduciary duties, including those obligations set forth in Section 1103 of the Bankruptcy Code. Throughout these proceedings, Arent Fox assisted the Committee in fulfilling its obligation to protect the interests of the unsecured creditors and to preserve estate assets.

2. The Committee continued to work with the Debtors and the Debtors' Secured Lenders in an effort to reconcile the administrative claims filed against the estate and to negotiate with the Secured Lenders to further fund the Chapter 11 proceeding in an attempt to unlock some value for the unsecured creditors. The Committee is diligently prosecuting several substantial Chapter 5 causes of action. Indeed, by preserving and commencing these claims and causes of action, the Committee may be able to unlock the only value remaining for a possible distribution to unsecured creditors by bringing these Chapter 5 causes of action to conclusion. Had it not been for the efforts of the Committee, this Chapter 11 case would already be converted to one under Chapter 7 and subsequently would have made it impossible for unsecured creditors to receive any return. The Committee's efforts resulted in maximizing the value of these estates.

3. Arent Fox provided services to the Committee in accordance with the instructions and directions of the Committee. As a result of the broad range and years of experience of Arent Fox's bankruptcy attorneys, Arent Fox's services were rendered in a most expeditious and efficient manner.

**INTRODUCTION**

4. By this Application, Arent Fox, as counsel to the Committee, seeks allowance of compensation for legal services rendered to and on behalf of the Committee in the amount of $209,777.00 together with expense reimbursement in the amount of $3,151.43, totaling $212,973.86 for the Fee Period. In addition, pursuant to an Agreed Order Authorizing Debtors to Utilize Cash Collateral and Granting Other Agreed-Upon Relief entered on January 8, 2009 [Docket No. 251], Arent Fox seeks allowance of compensation for legal services rendered to and on behalf of the Committee to be paid out of the Litigation Fund in the amount of $119,369.00, together with expense reimbursement in the amount of $2,081.53, totaling $121,450.53 for the Fee Period. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted on April 19, 1995 and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996.

5. Arent Fox is a law firm employing approximately 325 lawyers. Arent Fox includes a financial restructuring and bankruptcy group with extensive and diverse experience in the areas of bankruptcy, insolvency, and debtor and creditor rights. Arent Fox's bankruptcy attorneys often represent creditors' committees in cases such as these.

6. It is respectfully submitted that the services of Arent Fox have been beneficial to the Committee, the Debtors, their estate and their creditors.  As a result of the broad range and years of experience of Arent Fox's bankruptcy attorneys, Arent Fox's services were rendered in a most expeditious and efficient manner.  Arent Fox submits that if other attorneys with less experience in these types of Chapter 11 cases had been retained by the Committee, the time and effort necessary for such attorneys to become adequately familiar with the law and various issues involved in cases such as these would have caused a substantial increase in the fees requested by Committee counsel.  More importantly, however, the results achieved herein could not have been achieved by counsel with less experience.

7. This Fee Application will attempt to briefly summarize the services rendered by Arent Fox on behalf of the Committee during the Fee Period.  While it is not possible or practical to restate each and every activity undertaken by Arent Fox, Arent Fox has maintained contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed and the time expended by each attorney and paraprofessional.  A copy of the time records for the Fee Period is annexed hereto as **Exhibit A.**  A breakdown of the hours and fees by attorney and paraprofessional is annexed hereto as **Exhibit B.**

8. Arent Fox has incurred out-of-pocket disbursements during the Fee Period broken down into categories of charges itemized in **Exhibit C.**  Each charge incurred by Arent Fox was necessary and was incurred as a direct result of Arent Fox's representation of the Committee.

## JURISDICTION

9. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 157.  This is a core proceeding under 28 U.S.C. § 157(a) and (b).

**BACKGROUND**

The Debtor and its Business

10. On November 19, 2008 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

11. Steve & Barry's was a specialty retailer of apparel and accessories, selling, among other things, university apparel and lifestyle brands, private-label casual clothing, and exclusive celebrity endorsed apparel. On July 9, 2008, the companies comprising Steve & Barry's filed for Chapter 11 bankruptcy protection before this Court, and on or about August 25, 2008, sold substantially all of their assets to the Debtors.

The Appointment of the Committee and Retention of Arent Fox

12. On November 26, 2008, the Office of United States Trustee for the Southern District of New York appointed three (3) members to the Committee pursuant to Sections 1102(a) and 1102(b) of the Bankruptcy Code. Thereafter, at a meeting during which the majority of the Committee members participated, the Committee selected and formally voted to retain Arent Fox, subject to the approval of the Court. By order dated December 19, 2008, this Court approved and authorized the retention of Arent Fox as counsel to the Committee effective as of December 1, 2008.

**SUMMARY OF SERVICES RENDERED**

13. All services for which compensation is requested during the Fee Period by Arent Fox were performed for or on behalf of the Committee. During the Fee Period Arent Fox

advised the Committee on a regular basis with respect to numerous legal matters in connection with the operation and preservation of the Debtor's business and with respect to all other matters arising in the performance of their duties as the Committee. Arent Fox has prepared various motions, objections, applications, orders and other pleadings that were submitted to the Court for consideration and has performed all reasonable and necessary professional services.

14. The primary services rendered by Arent Fox during the Fee Period are grouped in the categories set forth below.

Case Administration and Operating Reports

15. Arent Fox maintained a periodic review of the docket, and reviewed all filings, including, but not limited to, the Debtors' Monthly Operating Reports. Arent Fox analyzed these general pleadings and financial information of the Debtors business and provided summaries and updates as to the Debtors' operations and financial projections for the Committee.

Claims Administration and Objections

16. The services performed by Arent Fox in connection with this task included providing assistance to the Debtors in their filings of several joint omnibus claims objection. This involved multiple meetings, emails, and conference calls with the Debtors and analysis of the omnibus claims objections prepared and filed by the Debtors. Arent Fox, on behalf of the Committee, continued to diligently work with the Debtors to determine the potential exposure against the estate, to consider possible basis for objecting to improperly filed administrative claims, to review and analyze responses by alleged administrative claimants to the joint omnibus claims objections, and to prepare for and attend the hearings regarding such claims objections. The overall services provided included reviewing the administrative claims against the Debtors' estate, reconciling this exposure with the objections filed against such claims, and providing

updates to the Committee of such reconciliation and the total and actual claims against the Debtors' estate.  This analysis became especially important in the determination of the administrative solvency of the Debtors' estate and the continued efforts by the Committee to eventually make possible a distribution to unsecured creditors.

Miscellaneous Motions and Objections

17. The services provided under this category consist primarily of the review and analysis of miscellaneous motions and pleadings filed in these cases and summarizing any pertinent information for the Committee.  Specifically, during this Fee Period, Arent Fox, analyzed the Debtors' motion seeking Court authorization to transfer funds from a JP Morgan Chase.  In this connection, Arent Fox further considered and discussed with Debtors' counsel, the objection by the Secured Lender to the Debtor's request to transfer these funds to a different account.  Arent Fox, on behalf of the Committee, worked with the Debtors and the Secured Lenders in their efforts to resolve the issues created by the filing of this motion.  Moreover, after discussions with, and at the instructions of, the Committee, Arent Fox diligently negotiated a second stipulation between the Committee, the Debtors and the Secured Lenders which resolved the Secured Lender's Motion to Convert the Debtors' Chapter 11 case to one under Chapter 7.

18. In this regard, Arent Fox engaged in numerous negotiation discussions with Debtors' and Secured Lenders' counsel, updated the Committee whenever an important stride was made, considered the Committee's input, and often returned to the negotiating table at the Committee's direction to re-negotiate certain terms.  Ultimately, all the parties agreed on a global settlement which permitted the Debtors to continue its bankruptcy case under Chapter 11 and provided additional funding for the proper wind-down of this estate and for the Committee's continuation of the litigation it had already investigated and commenced.

Communications With Committee and Debtor

19.     Arent Fox had numerous telephone conferences and communications with the Committee providing the Committee with general updates of the case and discussing with the Committee the terms provided by the Secured Lenders regarding a global settlement to avoid conversion of the Chapter 11 to one under Chapter 7.

20.     Arent Fox also had multiple discussions with Debtors' counsel regarding administrative solvency, omnibus claims objection to administrative claims and strategy moving forward in winding down the bankruptcy case.  Additionally, Arent Fox continued to discuss and consider with the Committee several adversary proceedings that Arent Fox commenced on behalf of the Committee and is currently litigating.  Arent Fox held regular telephonic conferences with the Committee to provide, *inter alia*, updates of (i) the negotiations with the Secured Lenders in reaching a global settlement, (ii) the arguments presented to and considerations of the Court during a hearing regarding the Bay Harbour Defendants' Motions to Dismiss the Committee's adversary proceeding; (ii) possible strategies to maximize the value of the Debtors' estate, and (iv) the status of the case in general.  Arent Fox also participated in many conference calls where it addressed Committee members' questions and concerns.  Finally, Arent Fox provided Committee members with periodic email updates and communicated with individual Committee members via email and telephone.

Retention of Professionals

21.     Arent Fox periodically runs searches of its conflicts database to ascertain any connections in order to make any appropriate disclosures before this Court.  During the Fee Period, Arent Fox prepared and filed with the Court a supplemental disclosure disclosing that one of Arent Fox's bankruptcy attorneys, George Angelich, served as the law clerk to the

Honorable Cecilia Morris who had been appointed as a mediator in one of the adversary proceedings commenced by the Committee. Throughout the Fee Period, Arent Fox took necessary steps to monitor for any connections that needed to be disclosed including ongoing assessments for potential supplemental disclosures.

Investigation of Secured Creditor

22. The services provided by Arent Fox under this matter include all action taken exclusively in connection with the Committee's adversary proceeding against Bay Harbour Master Ltd, *et al*. (the "Bay Harbour Proceeding"). Arent Fox, after consultation with and at the direction of the Committee, investigated and commenced the Bay Harbour Proceeding against several investors and individuals, including but not limited to the former officers and directors of the Debtors (the "Bay Harbour Defendants"), that were involved in the purchase of the Debtors' assets from the Stone Barn LLC Chapter 11 estate.

23. During the Fee Period, with the guidance of the Committee, Arent Fox diligently analyzed and researched the numerous issues raised by all the Bay Harbour Defendants in their separate motions to dismiss (the "Motions to Dismiss"), and prepared and filed the Committee's omnibus response thereto. In connection with the Bay Harbour Proceeding, Arent Fox also prepared and submitted to the Defendants the Committee's initial disclosures and continued to consider the documents produced to the Committee.

24. Additionally, during the Fee Period, Arent Fox prepared for and appeared in the hearing before this Court considering the Motions to Dismiss. Immediately after the hearing, Arent Fox held a telephonic conference with the Committee, detailing the oral arguments presented to, and the statement made by, the Court. In addition to this telephonic update, Arent

Fox further considered, researched and prepared for the Committee an analysis of this hearing and provided possible strategies moving forward.

25. Moreover, during the Fee Period, Arent Fox analyzed and responded to a motion by the Debtors' former officers and directors (the "D&O Motion") seeking to modify the automatic stay in order to submit a claim against the Debtors' directors and officers insurance policy (the "D&O Policy"). In this regard, on behalf of the Committee, Arent Fox analyzed the Debtors' D&O Policy to determine whether it constituted property of the Debtors' estate. After consultation with and on behalf of the Committee, Arent Fox prepared and filed a limited objection to the D&O Motion in an attempt to protect any assets of the Debtors' estate and to limit the amount of the defense costs requested by the directors and officers under the D&O Policy. To further this endeavor, Arent Fox consulted with Debtors and the Secured Lenders' counsel and appeared at a hearing before the Court regarding the D&O Motion. Ultimately, the Committee agreed to a consensual order proposed by the directors and officers resolving the outstanding issues of the D&O Policy and approved by the Court.

Chapter 5 Litigation, Collection and Investigation

26. During this Fee Period, Arent Fox, after mailing demand letters to parties that received preferential transfers and failed attempts to return such transfers to the Debtors' estate, prepared and filed several complaints against potential preference defendants. In this regard, Arent Fox, on behalf of the Committee, participated in mediation of one preference action and served document requests and interrogatories in several others. Arent Fox, with the instructions of the Committee, continues to confer with all preference defendants in an attempt to negotiate possible settlements. Indeed, during the Fee Period, Arent Fox on behalf of the Committee negotiated a settlement with one preference defendant and is currently working with defendant's

counsel to finalize a settlement agreement. In connection with the Chapter 5 litigation, Arent Fox continuously confers with the Committee to determine the various claims set forth in the complaints against the preference defendants and strategies moving forward. The conferences with the Committee also included extensive discussions of the answers and responses filed by the preference defendants and considerations of the various positions taken by the respective parties.

Fee Application

27. The services performed by Arent Fox in connection with this task relate to preparation of this and previous fee applications. Arent Fox drafted, reviewed, and revised the fee application and provided detailed descriptions of services rendered. In addition, Arent Fox had interoffice communications regarding time entries; and reviewed invoices and expense statements for accuracy.

## SUMMARY OF ARENT FOX'S EFFORTS

28. As counsel to the Committee, Arent Fox was called upon to advise the Committee in connection with a wide variety of issues since the inception of the Chapter 11 case. Arent Fox counseled the Committee on numerous issues relating to the fiduciary duties of the Committee and proceedings within the framework of Chapter 11, advised the Committee in performing many tasks, assisted the Debtors in its negotiations with the Secured Lenders for the continued funding of the wind-down, investigated numerous potential claims against pre-petition secured creditors and possible preference defendants in order to remedy past harms and to unlock future value for the estate, and reviewed and commented on numerous motions, stipulations, and orders made by the Debtors and other parties in interest.

29. Throughout the case, as evidenced by the detailed time records attached hereto, Arent Fox diligently worked to ensure that the case was staffed efficiently, utilizing attorneys

with expertise appropriate to the tasks presented and at the lowest billing rate to ensure proper representation. Arent Fox respectfully submits that the fees and expenses requested herein are reasonable.

30. Throughout these proceedings, Arent Fox actively and strenuously protected the interests of the Debtors' estate and counseled the Committee to allow its members to satisfy their fiduciary duties. Arent Fox worked diligently in negotiating and disputing various issues before they reached the level of litigation before this Court, in order to maximize the benefit to the Debtors' estate and to limit administrative expenses. It is submitted that Arent Fox provided substantial benefit to the Debtors' estate, in addition to assisting the Committee and its members in participating in these proceedings and satisfying their fiduciary duties. As Judge Rakoff stated, it is imperative that the Committee be represented by competent and diligent counsel, because Chapter 11 is a difficult and arcane process, filled with traps for the unwary and committee members cannot hope to fulfill their fiduciary duties without proper representation. See In re Standard Steel, 200 B.R. 511, 513 (S.D.N.Y. 1996) (Rakoff, J.).

31. Arent Fox has worked with the Committee, and the Debtors, and various other creditors and other parties in interest, to ensure proper, efficient, and cost effective representation of the Committee, balanced against the need to obtain specific relief and an ultimate resolution that will ensure the maximum recovery to unsecured creditors. It is for these efforts that Arent Fox seeks allowance for interim compensation.

**REASONABLENESS OF FEES**

32. Arent Fox believes that its billing rates in the Chapter 11 case, which reflect Arent Fox's customary billing rates, are "reasonable billing rates" for purposes of this Court's

determination of the "reasonableness" of the fees for services rendered. Arent Fox's customary billing rates were disclosed in the retention papers and approved by this Court.

33. The rates charged by Arent Fox professionals are reasonable and are consistent with customary rates charged by similar law firms. Indeed, it is submitted that the rates charged are significantly less than many firms providing similar services. If the case was not a case under the Bankruptcy Code, Arent Fox would charge and expect to receive, on a current basis, an amount at least equal to the amounts requested herein for professional services.

## **STATUTORY BASIS FOR COMPENSATION**

34. The statutory predicates for the relief sought herein are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Federal Rule of Bankruptcy Procedure 2016. Arent Fox seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Fee Period.

35. Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in Section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: (A) reasonable compensation for actual, necessary services rendered by. . [an] attorney and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses.

36. Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [Title 11]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the

> compensation is reasonable based on the customary compensation
> charged by comparably skilled practitioners in cases other than
> cases under this title [11].

11 U.S.C. § 330(a)(3).

37. Congress intended that bankruptcy attorneys be compensated at the market rate for comparable services in non-bankruptcy cases. See In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996) (citing In re UNR Indus., Inc., 986 F.2d 207, 208–09 (7th Cir. 1993)); see also In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 21–22 (Bankr. S.D.N.Y. 1991) (Conrad, J.). The policy of Section 330 is to ensure that qualified attorneys will "not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." Ames Dep't Stores, 76 F.3d at 72 (citing UNR Indus., 986 F.2d at 210).

38. The court's examination of the reasonableness of services rendered must be conducted in an "objective manner, based upon what services a reasonable lawyer or legal firm would have performed . . . ." Ames Dep't Stores, 76 F.3d at 72 (citing In re Matter of Taxman Clothing Co., 49 F.3d 310, 315 (7th Cir. 1995)).

39. A Certification of Robert M. Hirsh in support of this Application attesting to Arent Fox's compliance with the United States Trustee's Guidelines is annexed hereto as **Exhibit D.**

## CONCLUSION

40. In accordance with the factors enumerated in Section 331 of the Bankruptcy Code, the amounts requested herein are fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

41. Arent Fox submits that pursuant to the criteria normally examined in bankruptcy cases, and based upon the factors considered in accordance with Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the results achieved provide more than sufficient justification for approval of the compensation sought by Arent Fox.

42. As a result of Arent Fox's efforts herein, it is respectfully submitted that unsecured creditors are receiving a substantial benefit and that Arent Fox's efforts are also resulting in a substantial benefit to the Debtor's estate.

WHEREFORE, Arent Fox respectfully requests that a first interim award for fees during the Fee Period (i) in the amount of $209,777.00 and reimbursable expenses in the amount of $3,151.43, totaling $212,973.86, and (ii) in the amount of $119,369.00 and reimbursable expenses in the amount of $2,081.53, totaling $121,450.53, to be paid out of the Litigation Fund, be granted and that this Court grant such other, further and different relief as it deems just and proper.

Dated: New York, New York
March 10, 2010

Attorneys for the Official Committee of Unsecured Creditors

By:     */s/ Robert M. Hirsh*
Robert M. Hirsh
Heike M. Vogel
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900