WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **STONE BARN MANHATTAN LLC** (f/k/a Steve & Barry's Manhattan LLC), et al., | : | **08-12579 (ALG)** |
| Debtors. | : | **(Jointly Administered)** |

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **BH S&B HOLDINGS LLC, et al.,** | : | **08-14604 (MG)** |
| Debtors. | : | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN THE DEBTOR PARTIES AND AMERICAN EXPRESS**

PLEASE TAKE NOTICE that the undersigned will present the annexed proposed Stipulation, Agreement and Order Between the Debtor Parties and American Express (the "Proposed Stipulation") to the Honorable Allan L. Gropper and the Honorable Martin Glenn, United States Bankruptcy Judges, for signature on **March 31, 2010 at 12:00 p.m. (prevailing Eastern time)**.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Proposed Stipulation must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefore, and must be filed with the Bankruptcy Court, **by March 31, 2010, at 11:30 a.m. (prevailing Eastern Time)** electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-242, and any objection must further be served upon: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (ii) Cooley Godward Kronish, LLP, 1114 Avenue of the Americas New York, New York 10036-7798 (Attn: Brent Weisenberg, Esq.), (iii) the Office of the United States Trustee, 33 Whitehall Street, 22nd floor, New York, New York 10004 (Attn: Paul K. Schwartzberg, Esq.), (iv) Cahill Gordon & Reindell LLP, Eighty Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Esq. and Stephen J. Gordon, Esq.), and (v) Flaster/Greenberg P.C., 1628 JFK Boulevard- 15th Floor, Philadelphia, PA 19103 (Attn: Eugene J. Chikowski, Esq.), so as to be filed and received no later than **March 31, 2010, at 11:30 a.m. (prevailing Eastern Time)**. A hearing will not be held, and the Proposed

Stipulation may be signed, unless objections are timely received in accordance with this paragraph.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, a hearing will be held at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, at a date and time to be established by the Court. The moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 17, 2010
      New York, New York

/s/ Shai Y. Waisman
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| **STONE BARN MANHATTAN LLC** | : | |
| (f/k/a Steve & Barry's Manhattan LLC), et al., | : | 08-12579 (ALG) |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| **BH S&B HOLDINGS LLC, et al.,** | : | |
| | : | 08-14604 (MG) |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN THE DEBTOR PARTIES AND AMERICAN EXPRESS**

RECITALS:

  A.  On July 9, 2008 (the "Commencement Date"), Stone Barn Manhattan LLC (formerly known as Steve & Barry's Manhattan LLC) and certain of its debtor affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Stone Barn Debtors"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Stone Barn Debtors are authorized to

continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  By order dated July 10, 2008, the Stone Barn Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.

C.  Prior to the Commencement Date, American Express Travel Related Services Company, Inc. ("American Express"), and the Stone Barn Debtors entered into a merchant card acceptance agreement (the "Card Agreement").

D.  Prior to the Commencement Date, American Express and the Stone Barn Debtors entered into a merchant servicing agreement (the "Servicing Agreement", together with the Card Agreement, the "Amex Agreements").

E.  Pursuant to the Card Agreement, American Express provided charge cards to certain of the Stone Barn Debtors' former employees.

F.  Pursuant to the Servicing Agreement, American Express provided credit card processing services to the Stone Barn Debtors.

G.  Within 90 days prior to the Commencement Date, American Express created a reserve account funded from the Stone Barn Debtors' credit card sales in the amount of $283,259 (the "Prepetition Reserve Account"). Between the Commencement Date and the Sale (as defined below), American Express created a reserve account funded from the Stone Barn Debtors' credit card sales in the amount of $1,322,562 (the "Postpetition Reserve Account", together with the Prepetition Reserve Account, the "Reserve Accounts").

H.  On August 22, 2008, the Court entered an Order pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9014 (i) authorizing the sale of substantially all of the Stone Barn Debtors' assets, free and clear of liens, claims,

encumbrances and other interests; (ii) approving the Amended and Restated Asset Purchase Agreement dated as of August 22, 2008 between the Debtors and BH S&B Holdings LLC (the "Purchaser"); (iii) authorizing the assumption and assignment of certain executory contracts and unexpired leases; (iv) authorizing the conduct of store closing sales; (v) approving the agency agreements; and (vi) granting related relief (the "Sale").

I. Following the Sale, American Express created a reserve account funded from the Purchaser's credit card sales in the amount of $3,066,173 (the "Purchaser Reserve Account").

J. On November 19, 2008, the Purchaser and certain of its affiliates (the "BH S&B Debtors," and together with the Stone Barn Debtors, the "Debtor Parties") commenced a voluntary case under chapter 11 of the Bankruptcy Code which are pending in this Court before the Honorable Martin Glenn in the above-captioned cases.

K. On or about December 24, 2008, American Express filed a general unsecured proof of claim, assigned number 2978, against the Stone Barn Debtors' cases in the amount of $1,600,000 (the "Amex Claim").

L. On January 9, 2009, the Court entered an order rejecting all of the Stone Barn Debtors' remaining executory contracts, including the Card Agreement and the Servicing Agreement, effective as of December 31, 2008.

M. American Express alleges that it has a right of setoff, recoupment or offset in the amount of $288,710 against the Reserve Accounts (the "Asserted Setoff").

N. The Stone Barn Debtors dispute the Asserted Setoff and assert that American Express must return the entire amount in the Reserve Accounts to the Stone Barn Debtors. The BH S&B Debtors also assert that American Express must return the entire Purchaser Reserve Account to the BH S&B Debtors.

O. After good-faith, arms'-length negotiations, the Debtor Parties and American Express (collectively, the "Parties") have reached an agreement, to, among other things, resolve any and all claims between the Parties including but not limited to claims arising out of the Amex Agreements, the Reserve Accounts, and the Purchaser Reserve Account.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby agree as follows:

1. American Express hereby is granted relief from the automatic stay extant under section 362 of the Bankruptcy Code (the "Automatic Stay") to setoff $150,000 (the "Setoff Amount") against the Prepetition Reserve Account without further Order of this Court, to be effective three (3) days after this Stipulation, Agreement and Order is entered by the Court and becomes final and non-appealable (the "Effective Date").

2. Upon the application of the Setoff Amount to the Prepetition Reserve Account, the Proof of Claim shall be deemed satisfied and shall be deemed withdrawn with prejudice.

3. On or prior to the Effective Date American Express shall wire transfer the aggregate amount of $1,455,821 to an account designated by the Stone Barn Debtors, representing the entirety of the Reserve Accounts minus the Setoff Amount.

4. On or prior to the Effective Date American Express shall wire transfer the aggregate amount of $3,066,173 to an account designated by the Purchaser, representing the entirety of the Purchaser Reserve Accounts.

5. Other than the Setoff amount, American Express and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, trustee and attorneys (collectively, the "Amex Parties"), shall have no further right to payment from the Debtor Parties and their affiliates,

successors and assigns, and past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, trustee and attorneys (collectively, the "Released Parties"). Other than the Setoff amount, the Amex Parties hereby irrevocably waive and release any and all Claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Released Parties, and are hereby barred from asserting any and all Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time.

6. Other than the return of the Reserve Accounts and the Purchaser Reserve Account, the Debtor Parties (including, but not limited to, any chapter 11 or chapter 7 trustee or examiner appointed in the above-captioned cases), shall have no right to payment from the Amex Parties. Other than claims against the Reserve Accounts and the Purchaser Reserve Account, the Released Parties hereby irrevocably waive and release any and all claims and causes of action, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time, against any of the Amex Parties.

7. The BH S&B Debtors and their affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, trustee and attorneys, shall have no further right to payment from the Stone Barn Debtors and their affiliates, successors and assigns, and past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, trustee and attorneys (collectively, the "Stone Barn Released Parties") with respect to the Purchaser Reserve Account and the Reserve Accounts. The BH S&B Debtors hereby irrevocably waive and release any and all Claims (as defined in section 101(5) of the Bankruptcy Code) related to the Purchaser Reserve Account and the Reserve Accounts against

any of the Stone Barn Released Parties, and are hereby barred from asserting any and all Claims whatsoever related to the Purchaser Reserve Account and the Reserve Accounts, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time.

8. The Stone Barn Debtors and their affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, trustee and attorneys, shall have no further right to payment from the BH S&B Debtors and their affiliates, successors and assigns, and past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, trustee and attorneys (collectively, the "<u>BH S&B Released Parties</u>") with respect to the Purchaser Reserve Account and the Reserve Accounts. The Stone Barn Debtors hereby irrevocably waive and release any and all Claims (as defined in section 101(5) of the Bankruptcy Code) related to the Purchaser Reserve Account and the Reserve Accounts against any of the BH S&B Released Parties, and are hereby barred from asserting any and all Claims whatsoever related to the Purchaser Reserve Account and the Reserve Accounts, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time.

9. Except as provided in this Stipulation, Agreement, and Order, the provisions of the Automatic Stay, including without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtor Parties and/or assets or property of the Debtor Parties' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and neither American Express nor any of

its agents, attorneys, or representatives shall take any action to execute, enforce or collect all or any portion of any such judgment from the Debtor Parties or their estates or properties.

10. This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto. This Stipulation, Agreement and Order is subject to approval of the Courts in the Debtor Parties' respective chapter 11 cases and shall be of no force and effect unless and until it is approved.

11. This Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Courts in each of the respective chapter 11 cases.

12. Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order. This Stipulation, Agreement, and Order shall be binding upon any chapter 7 or chapter 11 trustee or examiner appointed in the above-captioned cases, and shall be further binding upon any person or entity acting through, or on behalf of, or claiming to act through, or on behalf of, the Debtor Parties, including, but not limited to, any Committee appointed in the above-captioned cases.

13. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

14. This Stipulation, Agreement and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Courts in the above captioned chapter 11 cases shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation, Agreement and Order. Should either Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, Agreement and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

Dated: March 17, 2010, 2010
      New York, New York

| | |
|---|---|
| By: /s/ Shai Y. Waisman | By: /s/ Eugene J. Chikowski |
| Lori R. Fife | Eugene J. Chikowski |
| Shai Y. Waisman | FLASTER/GREENBERG P.C. |
| WEIL, GOTSHAL & MANGES LLP | 1628 JFK Boulevard-15th Floor |
| 767 Fifth Avenue | Philadelphia, PA 19103 |
| New York, New York 10153 | Telephone: (215) 279-9382 |
| Telephone: (212) 310-8000 | Facsimile: (817) 878-9766 |
| Facsimile: (212) 310-8007 | |
| | |
| Attorneys for the Debtors | Attorneys for American Express |
| and Debtors in Possession | Corporate Services |

By: /s/ Stephen J. Gordon
Joel H. Levitin
Stephen J. Gordon
CAHILL GORDON & REINDELL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

Attorneys for BH S&B Holdings LLC


SO ORDERED, this
___ day of March, 2010

_____

Hon. ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE
Presiding over the Debtors' chapter 11 cases


SO ORDERED, this
___ day of March, 2010

_____

Hon. Martin Glenn
UNITED STATES BANKRUPTCY JUDGE
Presiding over the Purchaser's chapter 11 cases