UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                        :
In re:                                                  :    Chapter 11
                                                        :
BH S&B HOLDINGS LLC, et al.,                            :    Case No.: 08-14604 (MG)
                                                        :
                                    Debtors.            :    Jointly Administered
                                                        :
------------------------------------------------------------------------ X

## STIPULATION AND ORDER RESOLVING DEBTORS' AND COMMITTEE'S JOINT OBJECTIONS TO: (I) PROOF OF CLAIM NO. 569 FILED BY EVANSTON PLAZA LLC; AND (II) PROOF OF CLAIM NO. 574 FILED BY EVERGREEN SQUARE PEORIA LLC

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"),[1] the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee"), Evanston Plaza LLC ("Evanston"), and Evergreen Square Peoria LLC ("Evergreen" and together with the Debtors, the Committee, and Evanston, the "Parties"),[2] by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

### Recitals

A.  On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code,

---

[1]  The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

[2]  Evanston and Evergreen, while separate and distinct entities, are both managed by Joseph Freed and Associates LLC ("Joseph Freed"). Counsel for Evanston and Evergreen has represented that: (i) Joseph Freed was the entity that retained Hinshaw & Culbertson LLP as counsel to both Evanston and Evergreen; and (ii) Joseph Freed has agency authority to enter into settlement discussions and execute this Stipulation and Order.

commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.   On November 26, 2008, the Office of the United States Trustee appointed the Committee.  No trustee or examiner has been appointed in these cases.

C.   On March 27, 2009, Evanston filed proof of claim number 569 in the aggregate amount of $76,619.33 (the "Evanston Claim"), of which $73,380.00 was asserted as an administrative expense claim under 11 U.S.C. § 503(b) (the "Evanston Administrative Claim").  The Evanston Claim represented amounts sought by Evanston for alleged "use and occupancy in anticipation of assumption & assignment."

D.   On March 27, 2009, Evergreen filed proof of claim number 574 in the aggregate amount of $55,028.19 (the "Evergreen Claim"), of which $48,142.66 was asserted as an administrative expense claim under 11 U.S.C. § 503(b) (the "Evergreen Administrative Claim").  The Evergreen Claim represented amounts sought by Evergreen for alleged "use and occupancy in anticipation of assumption & assignment."

E.   On November 13, 2009, the Debtors and the Committee filed joint objections to each of: (i) the Evanston Administrative Claim; and (ii) the Evergreen Administrative Claim asserting that both the Evanston Administrative Claim and the Evergreen Administrative Claim: (a) failed to attach supporting documentation to the respective proof of

claim; and (b)consisted of amounts that the Debtors' concluded had either been satisfied or should be deemed to have accrued before the Petition Date.

F.   On December 11, 2009, Evanston filed a response in opposition to the Debtors' and the Committee's joint objection to proof of claim no. 569 filed by Evanston Plaza LLC.

G.   On December 11, 2009, Evergreen filed a response in opposition to the Debtors' and the Committee's joint objection to proof of claim no. 574 filed by Evergreen Square Peoria LLC.

H.   On March 10, 2010, the Debtors' filed an affidavit of Robert Tetreault in support of the Debtors' and the Committee's objections to administrative claims 321, 569, and 574, which set forth the Debtors' evidentiary support in support of the Debtors' and the Committee's joint objections to each of: (i) the Evanston Administrative Claim; and (ii) the Evergreen Administrative Claim.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

## **Agreement**

1.     The Recitals set forth above are incorporated herein as though fully set forth below.

2.     The Parties agree that upon entry of this Stipulation and Order: (i) the Evanston Administrative Claim and (ii) the Evergreen Administrative Claim shall be deemed released, discharged, and withdrawn with prejudice.

3.     The Debtors, the Committee and Evanston further agree that upon entry of this Stipulation and Order, Evanston may continue to assert a general unsecured claim in the Debtors' cases in an amount to be determined at a later date in good faith by and between Evanston and the Committee or by the Bankruptcy Court if no consensual agreement can be reached by such parties.

4.     The Debtors, the Committee and Evergreen further agree that upon entry of this Stipulation and Order, Evergreen may continue to assert a general unsecured claim in the Debtors' cases in an amount to be determined at a later date in good faith by and between Evergreen and the Committee or by the Bankruptcy Court if no consensual agreement can be reached by such parties.

5.     Each of the Parties reserves all rights, other than those addressed and resolved herein, in the case they are unable to reach a negotiated settlement regarding the allowed amount of general unsecured claims.

6.     The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

7.     This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

8.     The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order.  The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

9.     The Stipulation and Order contains the entire agreement between the Parties.  All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order.  Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

10.     The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

11.     This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

12.     This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.  The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

13.     The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Dated:     March 16, 2010

By:      /s/ Joel H. Levitin
Joel H. Levitin
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005
Telephone: (212) 701-3000

*Counsel to the Debtors*

By:      /s/ Robert M. Hirsh
Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900

*Counsel to the Committee*

By:      /s/ William J. Connelly
William J. Connelly
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: (312) 704-3054

*Counsel to Evanston Plaza LLC*
*Counsel to Evergreen Square Peoria LLC*

**SO ORDERED** this 18th day of March 2010

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE