UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
                                                              :
In re:                                                        :  Chapter 11
                                                              :
BH S&B HOLDINGS LLC, et al.,                                  :  Case No.: 08-14604 (MG)
                                                              :
                              Debtors.                        :  Jointly Administered
                                                              :
------------------------------------------------------------- X
```

**STIPULATION AND ORDER RESOLVING DEBTORS' AND COMMITTEE'S JOINT OBJECTION TO PROOF OF CLAIM NO. 249 FILED BY VISUAL IMPRESSIONS, INC.**

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"),[1] the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee"), and Visual Impressions, Inc. ("Visual" and together with the Debtors and the Committee, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**Recitals**

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B. On November 26, 2008, the Office of the United States Trustee appointed the Committee. No trustee or examiner has been appointed in these cases.

C. On March 9, 2009, Visual filed Proof of Claim # 249 (the "Visual Claim") in the aggregate amount of $146,273.25, of which $79,305.60 (the "Visual Administrative Claim") was asserted as an administrative expense claim under 11 U.S.C. § 503(b)(9). The Visual Administrative Claim represented amounts sought by Visual for goods that were allegedly delivered to the Debtors within the twenty-day pre-petition period prescribed by Bankruptcy Code § 503(b)(9).

D. On November 13, 2009, the Debtors and the Committee filed a joint objection to the Visual Administrative Claim asserting that $6,100.65 of the Visual Administrative Claim was attributable to goods received outside the twenty-day period and that the allowed amount of the Visual Administrative Claim should be reduced to $73,204.95.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

### Agreement

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to Visual the sum of $70,000.00 (the "Settlement Amount") in full release, discharge, and satisfaction of the Visual Administrative Claim.

3. Upon receipt by Visual of the Settlement Amount, the administrative portion of the Visual Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

4. Nothing herein shall in any way affect the asserted general unsecured portion of the Visual Claim, which, for the avoidance of doubt, upon receipt by Visual of the Settlement Amount would be in the amount of up to $76,273.25.

5. Nothing herein is intended to, nor shall it serve to, affect or in any way prejudice the ability or right of the Debtors and/or the Committee to submit further defenses or objections, in full or in part, to the remaining sums asserted in the Visual Claim.

6. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

7. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

8. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

9. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

10. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

11. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

12. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this

Stipulation and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New Yorkconditions.

13. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]**

| | | |
|---|---|---|
| Dated: March 10, 2010 | By: | /s/ Joel H. Levitin |
| | | Joel H. Levitin |
| | | Cahill Gordon & Reindel LLP |
| | | Eighty Pine Street |
| | | New York, NY 10005 |
| | | Telephone: (212) 701-3000 |

*Counsel to the Debtors*

By: /s/ Robert M. Hirsh

Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900

*Counsel to the Committee*

By: /s/ Michael A. Marx

Michael A. Marx
Mallery & Zimmerman S.C.
731 North Jackson Street, Suite 900
Milwaukee, WI 53202
Telephone: (414) 727-6274

*Counsel to Visual Impressions, Inc.*

**SO ORDERED** this 18th day of March 2010

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE