UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                        :
In re:                                                  :    Chapter 11
                                                        :
BH S&B HOLDINGS LLC, et al.,                            :    Case No.: 08-14604 (MG)
                                                        :
                              Debtors.                  :    Jointly Administered
                                                        :
------------------------------------------------------------------------ X

**STIPULATION AND ORDER RESOLVING DEBTORS' AND
COMMITTEE'S JOINT OBJECTION TO PROOF OF CLAIM NO. 321
FILED BY THE MISSOURI DEPARTMENT OF REVENUE**

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"),[1] the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee"), and the Missouri Department of Revenue (the "Department" and together with the Debtors and the Committee, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**Recitals**

A.  On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B. On November 26, 2008, the Office of the United States Trustee appointed the Committee. No trustee or examiner has been appointed in these cases.

C. On February 19, 2009, the Department filed Proof of Claim number 321 (the "Missouri Claim") in the aggregate amount of $97,262.67, of which: (i) $95,576.73 was asserted as an administrative priority claim (the "Missouri Administrative Claim") pursuant to 11 U.S.C. § 503; (ii) $1,683.07 was asserted as an unsecured priority claim (the "Missouri Priority Claim"); and (iii) $2.87 was asserted as a general unsecured claim (the "Missouri Unsecured Claim"). The Missouri Claim represented amounts sought by the Department for estimated and actual Sales and Use taxes allegedly due from the Debtors to the State of Missouri.

D. On August 28, 2009, the Debtors and the Committee filed with the Court a joint omnibus objection to administrative claims (satisfied or released administrative claims) (the "Objection"), which objected to the Missouri Administrative Claim, among others, on the ground that the Missouri Administrative Claim had been settled for $95,576.73, and asserted that the entirety of the Missouri Administrative Claim should thus be disallowed or expunged.

E. On October 9, 2009, the Court entered an order granting the Debtors' and the Committee's joint third omnibus objection to administrative claims (satisfied or released administrative claims) (the "Order"), which expressly excluded from its scope the Missouri Administrative Claim. The Order directed that a further hearing be held "to consid-

er the relief requested in the Objection as it relates to" the Missouri Administrative Claim, among others.

F. On September 23, 2009, the Department filed with the Court its response to the Debtors' and the Committee's joint third omnibus objection to administrative claims, which asserted, *inter alia*, that no payments had been made by the Debtors to the Department in satisfaction of the amounts asserted in the Missouri Administrative Claim.

G. On March 12, 2010, the Parties, acting through their respective undersigned counsel, concluded that on January 27, 2009, a payment of $103,626.54 (check # 630) had in fact been made by the Debtors to the Department for the actual Sales and Use tax then due and payable and in full satisfaction of all amounts asserted in the Missouri Administrative Claim as estimated Sales and Use tax.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

### **Agreement**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Department acknowledges and affirms that the Missouri Administrative Claim has been satisfied in full by the Debtors. Accordingly, the Parties agree that upon

the entry of this Stipulation and Order the Missouri Administrative Claim shall be deemed released, discharged, and withdrawn with prejudice.

3. The Department may continue to assert the Missouri Priority Claim and Missouri Unsecured Claim. Nothing contained herein shall in any way affect the Missouri Priority Claim and/or the Missouri Unsecured Claim.

4. Nothing herein is intended to, nor shall it serve to, affect or in any way prejudice the ability or right of the Debtors and/or the Committee to submit further defenses or objections, in full or in part, to the Missouri Priority Claim and/or the Missouri Unsecured Claim.

5. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

6. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

7. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

8. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this

Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

9. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

10. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

11. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

12. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

Dated: March 15, 2010  By: /s/ Joel H. Levitin
Joel H. Levitin
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005
Telephone: (212) 701-3000

*Counsel to the Debtors*


By: /s/ Robert M. Hirsh
Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900

*Counsel to the Committee*


By: /s/ Steve Ginther
Steve Ginther
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO 65105-0475
Telephone: (573) 751-5531

*Counsel to the Missouri Department of Revenue*


**SO ORDERED** this 18th day of March 2010

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE