UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                          :

In re:                                            :    Chapter 11

BH S&B HOLDINGS LLC, et al.,             :    Case No.: 08-14604 (MG)

                       Debtors.         :    Jointly Administered

------------------------------------------------------------------------ X

**STIPULATION AND ORDER RESOLVING DEBTORS' AND
COMMITTEE'S JOINT OBJECTION TO PROOF OF CLAIM NO. 430
FILED BY THE DOOR COMPANY OF OHIO, INC.**

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"),[1] the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee"), and The Door Company of Ohio, Inc. ("Door Company" and together with the Debtors and the Committee, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**Recitals**

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B. On November 26, 2008, the Office of the United States Trustee appointed the Committee. No trustee or examiner has been appointed in these cases.

C. On March 18, 2009, the Door Company filed Proof of Claim # 430 (the "Door Company Claim") in the aggregate amount of $7,114.91, of which the entire amount was asserted as an administrative expense claim under 11 U.S.C. § 503(b)(9) (the "Door Company Administrative Claim"). The Door Company Claim represented amounts sought by the Door Company for goods and services that were allegedly delivered to the Debtors within the twenty-day pre-petition period prescribed by Bankruptcy Code § 503(b)(9).

D. On November 13, 2009, the Debtors and the Committee filed a joint objection to the Door Company Claim asserting that the Door Company failed to properly segregate the amounts claimed for goods from the amounts claimed for services, and that the entirety of the Door Company Claim should be disallowed or expunged.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

## **Agreement**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to the Door Company the sum of $3,557.45 (the "Settlement Amount") in full release, discharge, and satisfaction of the Door Company Administrative Claim.

3. Upon receipt by the Door Company of the Settlement Amount, the Door Company Administrative Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

4. Upon receipt by the Door Company of the Settlement Amount, the Door Company shall continue to assert a general unsecured claim in the amount of $3,557.45 (the "Door Company Unsecured Claim"). Nothing contained herein shall in any way affect the Door Company Unsecured Claim.

5. Nothing herein is intended to, nor shall it serve to, affect or in any way prejudice the ability or right of the Debtors and/or the Committee to submit further defenses or objections, in full or in part, to the Door Company Unsecured Claim.

6. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

7. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

8. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation

and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

9. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

10. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

11. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

12. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exer-

cising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

13. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]**

-6-

| | | |
|---|---|---|
| Dated: March 10, 2010 | By: | /s/ Joel H. Levitin |
| | | Joel H. Levitin |
| | | Cahill Gordon & Reindel LLP |
| | | Eighty Pine Street |
| | | New York, NY 10005 |
| | | Telephone: (212) 701-3000 |

*Counsel to the Debtors*

By:    /s/ Robert M. Hirsh  
Robert M. Hirsh  
Arent Fox LLP  
1675 Broadway  
New York, NY 10019  
Telephone: (212) 484-3900

*Counsel to the Committee*

By:    /s/ L. Christopher Bobbitt  
L. Christopher Bobbitt  
Sanborn, Brandon, Duvall & Bobbitt Co., L.P.A.  
2515 West Granville Road  
Columbus, Ohio 43235  
Telephone: (614) 889-2531

*Counsel to The Door Company of Ohio, Inc.*

**SO ORDERED** this 18th day of March 2010

/s/ Martin Glenn  
UNITED STATES BANKRUPTCY JUDGE