UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
In re:                                                : Chapter 11
                                                      :
BH S&B HOLDINGS LLC, et al.,                          : Case No.: 08-14604 (MG)
                                                      :
                                      Debtors.        : Jointly Administered
--------------------------------------------------------------------- X

### NOTICE OF PROPOSED STIPULATION AND ORDER RESOLVING THE DEBTORS' AND THE COMMITTEE'S JOINT THIRD OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIMS (SATISFIED OR RELEASED ADMINISTRATIVE CLAIMS) AS IT RELATES TO PROOF OF CLAIM NO. 243 FILED BY THE LOUISIANA DEPARTMENT OF REVENUE

PLEASE TAKE NOTICE that on April 9, 2010, the Debtors filed with the Court a proposed Stipulation and Order Resolving the Debtors' and Committee's Joint Third Omnibus Objection to Administrative Claims (Satisfied or Released Administrative Claims) as it relates to Proof of Claim No. 243 Filed by the Louisiana Department of Revenue (the "Stipulation").

PLEASE TAKE FURTHER NOTICE that the Debtors intend to present the Stipulation for signature to the Bankruptcy Court, with the Honorable Martin Glenn presiding, One Bowling Green, Room 501, New York, New York at the hearing currently scheduled for 2:00 PM (Prevailing Eastern Time) on April 15, 2010.

| | |
|---|---|
| Dated: New York, New York<br>April 9, 2010 | Respectfully submitted,<br><br>CAHILL GORDON & REINDEL LLP<br><br>/s/ Kevin J. Burke<br>Joel H. Levitin<br>Kevin J. Burke<br>Eighty Pine Street<br>New York, New York 10005<br>Telephone: (212) 701-3000<br>Facsimile: (212) 269-5420<br>jlevitin@cahill.com<br>kburke@cahill.com<br><br>*Attorneys for the*<br>*Debtors and Debtors-in-Possession* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                :

In re:                                                :     Chapter 11

BH S&B HOLDINGS LLC, et al.,                 :     Case No.: 08-14604 (MG)

                              Debtors.                :     Jointly Administered

------------------------------------------------------------------ X

## STIPULATION AND ORDER RESOLVING DEBTORS' AND COMMITTEE'S JOINT OBJECTION TO PROOF OF CLAIM NO. 243 FILED BY THE LOUISIANA DEPARTMENT OF REVENUE

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"),[1] the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee"), and the Louisiana Department of Revenue (the "Department" and together with the Debtors and the Committee, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

### Recitals

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B. On November 26, 2008, the Office of the United States Trustee appointed the Committee. No trustee or examiner has been appointed in these cases.

C. On March 13, 2009, the Department filed Proof of Claim number 243 (the "Louisiana Claim") in the aggregate amount of $25,655.58, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 503. The Louisiana Claim represented amounts sought by the Department for estimated and actual Sales taxes allegedly due from the Debtors to the State of Louisiana.

D. On August 28, 2009, the Debtors and the Committee filed with the Court a joint omnibus objection to administrative claims (satisfied or released administrative claims) (the "Objection"), which objected to the Louisiana Claim, among others, on the ground that the Louisiana Claim had been settled for $25,655.58, and asserted that the entirety of the Louisiana Claim should thus be disallowed or expunged.

E. On September 25, 2009, the Department filed with the Court its response to the Debtors' and the Committee's joint third omnibus objection to administrative claims, which asserted, *inter alia*, that the Department's "claim is prima facie valid as it was timely filed and arises by statute. The Debtors have neither filed a return for the periods included on the claim nor filed a final return reflecting the last date the business operated. Accordingly, the Debtors objection should be denied."

F. On October 9, 2009, the Court entered an order granting the Debtors' and the Committee's joint third omnibus objection to administrative claims (satisfied or released

administrative claims) (the "Order"), which expressly excluded from its scope the Louisiana Claim. The Order directed that a further hearing be held "to consider the relief requested in the Objection as it relates to" the Louisiana Claim, among others.

G. On March 1, 2010, the Parties, acting through their respective undersigned counsel, agreed that on January 27, 2009, the Debtors had remitted to the Department a check in the amount of $12,172.00 (check # 606). The Parties also determined that check # 606 was inadvertently drafted to "Store 54 Occupational License Tax," however, and was therefore never processed for payment. The Parties further agreed to settle the Louisiana Claim in full for a payment of $12,172.00, subject to the Department obtaining the requisite internal government approval.

H. On March 17, 2010, the Department notified the Debtors that the requisite government approval had been obtained. Accordingly, the Department formally accepted the Debtors' offer to settle the Louisiana Claim in full for $12,172.00. However, pursuant to local government regulations, the Department requires in addition to the entry of this Stipulation and Order that the Debtors execute a settlement agreement (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

## Agreement

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to the Department the sum of $12,172.00 (the "Settlement Amount") in full release, discharge, settlement, and satisfaction of the Louisiana Claim.

3. Upon receipt by the Department of the Settlement Amount, the Louisiana Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

4. The terms and conditions of this Stipulation and Order, including the terms and conditions of the Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

5. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

6. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

7. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning

the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

8. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

9. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

10. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

11. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Dated: April 9, 2010   By:    /s/ Joel H. Levitin
                                            Joel H. Levitin
                                            Cahill Gordon & Reindel LLP
                                            Eighty Pine Street
                                            New York, NY 10005
                                            Telephone: (212) 701-3000

*Counsel to the Debtors*

By:    /s/ Robert M. Hirsh
      Robert M. Hirsh
      Arent Fox LLP
      1675 Broadway
      New York, NY 10019
      Telephone: (212) 484-3900

*Counsel to the Committee*

By:    /s/ Debra Morris
      Debra Morris
      Attorney, Legal Division
      Louisiana Department of Revenue
      617 North 3rd Street
      P.O. Box 4064
      Baton Rouge, LA 70821
      Telephone: (225) 219-2091

*Counsel to the Louisiana Department of Revenue*

SO ORDERED, this ___ day of April, 2010

_____
Hon. Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

# SETTLEMENT AGREEMENT

**PARTIES:**

The parties to this agreement are: **BH S & B Holdings, L.L.C.**, a Limited Liability Company organized under the laws for the State of New York, and its subsidiaries, represented herein by its duly authorized agent, (the "Debtors"), and **Cynthia Bridges**, Secretary of the Department of Revenue, State of Louisiana (the "Department").

**RECITALS:**

    WHEREAS, on November 19, 2008 (the "Petition Date"), the Debtors filed a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case Number 08-14604 (MG); and

    WHEREAS, on March 13, 2009, the Department filed Proof of Claim number 243 (the "Louisiana Claim") in the aggregate amount of $25,655.58, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 503. The Louisiana Claim represented amounts sought by the Department for estimated and actual Sales taxes allegedly due from the Debtors to the State of Louisiana; and

    WHEREAS, on August 28, 2009, the Debtors and the Committee filed with the Court a joint omnibus objection to administrative claims (satisfied or released administrative claims) (the "Objection"), which objected to the Louisiana Claim, among others, on the ground that the Louisiana Claim had been settled for $25,655.58, and asserted that the entirety of the Louisiana Claim should thus be disallowed or expunged; and

    WHEREAS, on September 25, 2009, the Department filed with the Court its response to the Debtors' and the Committee's joint third omnibus objection to administrative claims, which asserted, *inter alia*, that the Department's "claim is prima facie valid as it was timely filed and arises by statute. The Debtors have neither filed a return for the periods included on the claim nor filed a final return reflecting the last date the business operated. Accordingly, the Debtors objection should be denied"; and

    WHEREAS, on October 9, 2009, the Court entered an order granting the Debtors' and the Committee's joint third omnibus objection to administrative claims (satisfied or released administrative claims) (the "Order"), which expressly excluded from its scope the Louisiana Claim. The Order directed that a further hearing be held "to consider the relief requested in the Objection as it relates to" the Louisiana Claim, among others; and

    WHEREAS, on March 1, 2010, the Parties, acting through their respective undersigned counsel, agreed that on January 27, 2009, the Debtors had remitted to the Department a check in the amount of $12,172.00 (check # 606). The Parties also determined that check # 606 was inadvertently drafted to "Store 54 Occupational License Tax," however, and was therefore never processed for payment. The Parties further agreed to settle the Louisiana Claim in full for a payment of $12,172.00, subject to the Department obtaining the requisite internal government approval; and

WHEREAS, on March 17, 2010, the Department notified the Debtors that the requisite government approval had been obtained. Accordingly, the Department formally accepted the Debtors' offer to settle the Louisiana Claim in full for $12,172.00.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Settlement Agreement and agree to be bound by its terms upon the approval by the Bankruptcy Court,

**AGREEMENT:**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon the Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to the Department the sum of $12,172.00 (the "Settlement Amount") in full release, discharge, settlement, and satisfaction of the Louisiana Claim.

3. Upon receipt by the Department of the Settlement Amount, the Louisiana Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

4. The terms and conditions of this Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

5. This Settlement Agreement shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

6. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Settlement Agreement. The Parties expressly represent and warrant that this Settlement Agreement is given in good faith and acknowledge that execution of this Settlement Agreement is not the product or result of any duress, economic or otherwise.

7. The Settlement Agreement contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Settlement Agreement are hereby merged into this Settlement Agreement. Each of the Parties covenants and represents that it has not entered into this Settlement Agreement as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

8.  The Parties hereto represent and warrant to each other that they are authorized to execute this Settlement Agreement, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Settlement Agreement and that this Settlement Agreement is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

9.  This Settlement Agreement may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

10. This Settlement Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Louisiana, without giving effect to the principles of conflict of laws thereof. The headings of sections or paragraphs of this Agreement are merely for convenience of reference and have no substantive significance and shall be disregarded in the interpretation of this Agreement.

11. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Settlement Agreement.

12. For internal Department purposes, this agreement may be identified as follows:

    (a) BH S & B Holdings, L.L.C., Chapter 11, Case Number 08-14604, United States Bankruptcy Court for the Southern District of New York

    (b) Taxpayer's Revenue Account number: 3695472-001-400

    (c) Legal File Number: 20090614.

    (d) Taxable periods included in the agreement 12/31/08.

    (e) Tax type – Sales

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Thus done and signed, in duplicate originals, on the _____ day of _____ 2010, by _____, duly authorized _____ of the Debtor, BH S & B Holdings, L.L.C., and in the presence of the two witnesses who hereunto fix their signature.

Witness:                                    BH S & B Holdings, L.L.C.

_____          By: _____
Typed Name

_____
Typed Name


Thus done and signed, in duplicate originals, on the _____ day of _____, 2010 by Cynthia Bridges, Secretary of the Department of Revenue or her duly authorized and deputized representative, in the presence of the two witnesses who hereunto fix their signature

Witness:                                    Secretary of the Louisiana Department of Revenue

_____          _____
Typed Name                           Cynthia Bridges, or her duly authorized Agent;
                                     *(see RS 47:1)*

_____
Typed Name