UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                    :
In re:                                              :   Chapter 11
                                                    :
BH S&B HOLDINGS LLC, et al.,                        :   Case No.: 08-14604 (MG)
                                                    :
                    Debtors.                        :   Jointly Administered
                                                    :
------------------------------------------------------------------------ X

**STIPULATION AND ORDER RESOLVING DEBTORS' AND COMMITTEE'S JOINT FIRST OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIMS (DUPLICATE OR SUPERSEDED ADMINISTRATIVE CLAIMS) AS IT RELATES TO PROOFS OF CLAIM NOS. 518 THROUGH 524 FILED BY CBL & ASSOCIATES MANAGEMENT, INC.**

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"),[1] the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee"), and CBL Associates Management, Inc. ("CBL" and together with the Debtors and the Committee, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**Recitals**

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On November 26, 2008, the Office of the United States Trustee appointed the Committee. No trustee or examiner has been appointed in these cases.

C. On March 26, 2009, CBL filed proofs of claim: (i) 519, (ii) 520, (iii) 521, (iv) 522, (v) 523, (vi) 524, and (vii) 526 against Debtor BH S&B Retail LLC (collectively, the "CBL Retail Claims").

D. Also on March 26, 2009, CBL filed proofs of claim: (i) 514, (ii) 515, (iii) 516, (iv) 517, (v) 518, (vi) 527, and (vii) 528 against Debtor BH S&B Holdings LLC (collectively, the "CBL Holdings Claims"). The CBL Holdings Claims and the CBL Retail Claims are identical in every respect except for the debtor-party against whom the claims were asserted.

E. On August 28, 2009, the Debtors and the Committee filed with the Court a joint omnibus objection to administrative claims (duplicate or superseded administrative claims) (the "Objection"), which objected to proofs of claim: (i) 518, (ii) 519, (iii) 520, (iv) 521 (v) 522, (vi) 523, and (vii) 524 (collectively, the "Objected Claims"), among others, on the grounds that the Objected Claims represented duplicate claims filed against the more than one of the Debtors' estates for identical underlying asserted liabilities or had been superseded by subsequently filed proofs of claim, and asserted that the Objected Claims thus should be disallowed or expunged.

F.  On October 9, 2009, the Court entered an order (the "Order") granting in part the Objection, which Order expressly excluded from its scope the Objected Claims, among others.  The Order directed that a further hearing be held "to consider the relief requested in the Objection as it relates to" the Objected Claims, among others.

G.  On November 16, 2009, the Court entered an order (the "Second Order") further granting in part the Objection, which Second Order expressly excluded from its scope the Objected Claims.  The Second Order directed that a further hearing be held "to consider the relief requested in the Objection as it relates to" the Objected Claims.

H.  On March 17, 2010, the Parties, acting through their respective undersigned counsel, agreed that the CBL Holdings Claims and the CBL Retail Claims were identical in all respects except for the debtor-party against whom they were asserted.  The Parties further agreed that the CBL Holdings Claims were the proper vehicle by which to assert all of CBL's claims against the Debtors' estates and that the CBL Retail Claims should be treated as duplicative and should be expunged.  The Parties came to this agreement without taking a position regarding the merits of the CBL Holdings Claims and without prejudice to the Parties' ability to offer further objections or defenses to the CBL Holdings Claims, including, without limitation, the amounts and/or priority status thereof.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litiga-

tion over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

**Agreement**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. CBL acknowledge and affirms that it is appropriate to deem that the CBL Retail Claims are duplicative of the CBL Holdings Claims. Accordingly, the Parties agree that upon the entry of this Stipulation and Order the CBL Retail Claims shall be deemed released, discharged, expunged, and withdrawn with prejudice.

3. CBL may continue to assert the CBL Holdings Claims against Debtor BH S&B Holdings LLC, it being expressly agreed to and understood that the Parties may offer further objections or defenses to the CBL Holdings Claims at a time and in a manner they deem appropriate, subject only to the Bankruptcy Court's direction and/or scheduling. Nothing contained herein is intended to, nor shall it serve to, prejudice the Debtors' and/or the Committee's ability to offer further objections or defenses to the CBL Holdings Claims, including, without limitation, to the amount and/or priority status thereof, or amend any objections that are presently pending before the Court, and that CBL's right to assert its entitlement to allowance in full of the CBL Holdings Claims is fully preserved.

4. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

5. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

6. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

7. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

8. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

9. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

10. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

11. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Dated: March 30, 2010  By: /s/ Joel H. Levitin
Joel H. Levitin
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005
Telephone: (212) 701-3000

*Counsel to the Debtors*

By: /s/ Robert M. Hirsh
Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900

*Counsel to the Committee*

By: /s/ Joyce A. Kuhns
Joyce A. Kuhns
Saul Ewing LLP
500 East Pratt Street, 8th Floor
Baltimore, MD 21202
Telephone: (410) 332-8965

*Counsel to CBL & Associates Management, Inc.*

**"SO ORDERED"** on this 15th day of April, 2010
in New York, New York.

 **/s/Martin Glenn**
UNITED STATES BANKRUPTCY JUDGE