UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BH S&B HOLDINGS LLC, et al., | : | Case No.: 08-14604 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------------- X

**NOTICE OF PROPOSED STIPULATION RESOLVING PROOFS
OF CLAIM NOS. 514, 515, 516, 517, 518, 527 AND 528 FILED
BY CBL & ASSOCIATES MANAGEMENT, INC.**

PLEASE TAKE NOTICE that on June 24, 2010, the Debtors filed with the Court a proposed Stipulation and Order Resolving Proofs of Claim Nos. 514, 515, 516, 517, 518, 527 and 528 filed by CBL & Associates Management, Inc. (the "Stipulation").

PLEASE TAKE FURTHER NOTICE that the Debtors intend to present the Stipulation for signature to the Bankruptcy Court, with the Honorable Martin Glenn presiding, One Bowling Green, Room 501, New York, New York at the hearing currently scheduled for 10:00 AM (Prevailing Eastern Time) on June 29, 2010.

Dated: New York, New York
      June 24, 2010

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

/s/ Kevin J. Burke
Joel H. Levitin
Kevin J. Burke
Richard A. Stieglitz Jr.
Peter J. Linken
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
jlevitin@cahill.com
kburke@cahill.com
rstieglitz@cahill.com
plinken@cahill.com

*Attorneys for the
Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

BH S&B HOLDINGS LLC, et al.,

                Debtors.

---

Chapter 11

Case No.: 08-14604 (MG)

Jointly Administered

# STIPULATION AND ORDER RESOLVING ADMINISTRATIVE EXPENSE PROOFS OF CLAIM NOS. 514, 515, 516, 517, 518, 527 AND 528 FILED BY CBL & ASSOCIATES MANAGEMENT, INC.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[1] and CBL & Associates Management, Inc. ("CBL" and together with the Debtors, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

## Recitals

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B. On November 26, 2008, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Committee") in these cases. No trustee or examiner has been appointed in these cases.

C. On March 30, 2009, CBL filed proofs of claim: (i) 514, (ii) 515, (iii) 516, (iv) 517, (v) 518, (vi) 527, and (vii) 528 against Debtor BH S&B Holdings LLC asserting, in the aggregate, $33,936.76, of which the entire amount was asserted as administrative priority claims pursuant to Section 503 of the Bankruptcy Code (collectively, the "CBL Administrative Claims"). The CBL Administrative Claims represent amounts sought by CBL for expenses allegedly incurred by CBL as a result of the Debtors' alleged failure to perform under various pre-petition non-residential leases for real property where the Debtors remained in possession of the property post-petition.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

**Agreement**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable Order, the sum of $15,000.00 (the "Settlement Amount") shall be deemed an allowed administrative expense in favor of CBL (the "Allowed CBL Administrative Claims") pursuant to Section 503 of the Bankruptcy Code and the Debtors shall be authorized to transfer to CBL the

Settlement Amount in full release, discharge, settlement, and satisfaction of the CBL Administrative Claims. The balance of the CBL Administrative Claims, which to avoid confusion shall be $18,936.76 upon entry of this Stipulation and Order, shall be reclassified as a general unsecured claim against the Debtors' estates. Accordingly, the aggregate amount of CBL's filed general unsecured claims (proofs of claim nos. 56-65) shall be deemed amended upward by $18,936.76, without allocation as to a specific proof of claim number at this time.

3. Upon receipt by CBL of the Settlement Amount, and subject to the reclassification of $18,936.76 described more fully in Paragraph 2, *supra*, each of the CBL Administrative Claims shall be deemed satisfied, released, discharged, expunged and withdrawn with prejudice.

4. Nothing herein shall in any way affect the claims asserted by CBL as general unsecured claims, including the amount hereby reclassified as such. Nothing herein is intended to, nor shall it serve to, affect or in any way prejudice the ability or right of the Debtors to submit further defenses or objections, in full or in part, to the remaining sums, if any, asserted by CBL.

5. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

6. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

7. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

8. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

9. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

10. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

11. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the federal district court or state court located in the County of New York, State of New York.

12. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

| | | |
|---|---|---|
| Dated: June 24, 2010 | By: | /s/ Kevin J. Burke |

                         Joel H. Levitin
                         Kevin J. Burke
                         Richard A. Stieglitz Jr.
                         Peter J. Linken
                         Cahill Gordon & Reindel LLP
                         Eighty Pine Street
                         New York, NY 10005
                         Telephone: (212) 701-3000
                         jlevitin@cahill.com
                         kburke@cahill.com
                         rstieglitz@cahill.com
                         plinken@cahill.com

                         *Counsel to the Debtors*


By:    /s/ Joyce A. Kuhns
       Joyce A. Kuhns
       Saul Ewing LLP
       500 East Pratt Street, 8th Floor
       Baltimore, MD 21202
       Telephone: (410) 332-8965
       jkuhns@saul.com

       *Counsel to CBL & Associates Management, Inc.*


SO ORDERED, this __ day of June, 2010

_____
Hon. Martin Glenn
UNITED STATES BANKRUPTCY JUDGE