UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :    Chapter 11
                                                                       :
BH S&B HOLDINGS LLC, et al.,                                           :    Case No.: 08-14604 (MG)
                                                                       :
                    Debtors.                                           :    Jointly Administered
                                                                       :
---------------------------------------------------------------------- X

**STIPULATION AND ORDER RESOLVING PROOFS OF CLAIM NOS.
83, 88, 90 AND 165 FILED BY PYRAMID WALDEN COMPANY, L.P.,
EKLECCO NEWCO, LLC, CAROUSEL CENTER COMPANY, L.P., AND
SALMON RUN SHOPPING CENTER, L.L.C.**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] and: (i) Pyramid Walden Company, L.P. (the "Pyramid Claimant"); (ii) EklecCo NewCo, LLC (the "EklecCo Claimant"); (iii) Carousel Center Company, L.P. (the "Carousel Claimant"); and (iv) Salmon Run Shopping Center, L.L.C. (the "Salmon Run Claimant", and together with the Pyramid Claimant, the EklecCo Claimant, and the Carousel Claimant, the "Landlord Claimants") (collectively with the Debtors, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**RECITALS**

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code,

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On November 26, 2008, the Office of the United States Trustee appointed the official committee of unsecured creditors in these Chapter 11 cases. No trustee or examiner has been appointed in these cases.

C. On February 5, 2009, the Pyramid Claimant filed proof of claim number 83 (the "Pyramid Claim") in the aggregate amount of $14,178.28 plus an unliquidated amount for attorney fees, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 365(d)(3). The Pyramid Claim represented amounts sought by the Pyramid Claimant for alleged post-petition, pre-rejection, rent due and owing pursuant to a nonresidential real estate lease.

D. On February 5, 2009, the EklecCo Claimant filed proof of claim number 88 (the "EklecCo Claim") in the aggregate amount of $18,961.93 plus an unliquidated amount for attorney fees, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 365(d)(3). The EklecCo Claim represented amounts sought by the EklecCo Claimant for alleged post-petition, pre-rejection, rent due and owing pursuant to a nonresidential real estate lease.

E. On February 5, 2009, the Carousel Claimant filed proof of claim number 90 (the "Carousel Claim") in the aggregate amount of $19,934.77 plus an unliquidated

amount for attorney fees, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 365(d)(3). The Carousel Claim represented amounts sought by the Carousel Claimant for alleged post-petition, pre-rejection, rent due and owing pursuant to a nonresidential real estate lease.

F. On February 5, 2009, the Salmon Run Claimant filed proof of claim number 165 (the "Salmon Run Claim" and together with the Pyramid Claim, the EklecCo Claim, and the Carousel Claim, the "Landlord Claims") in the aggregate amount of $47,259.19 plus an unliquidated amount for attorney fees, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 365(d)(3). The Salmon Run Claim represented amounts sought by the Salmon Run Claimant for alleged post-petition, pre-rejection, rent due and owing pursuant to a nonresidential real estate lease.

G. The Landlord Claims represent in the aggregate $100,334.78, plus an unliquidated amount for attorney fees, of asserted administrative liabilities against the Debtors' estates.

H. On or about June 8, 2010, the Parties, acting through their respective counsel, agreed to enter into this Stipulation and Order related to the Landlord Claims for total payments by the Debtors in the amount of $97,000.00 expressly disallowing any amount for attorney fees, either liquidated or unliquidated included in the Landlord Claims.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be

legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

## **AGREEMENT**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to and shall transfer to the Pyramid Claimant the sum of $13,079.00 (the "Pyramid Settlement Amount") in full release, discharge, settlement, and satisfaction of the Pyramid Claim.

3. Upon receipt by the Pyramid Claimant of the Pyramid Settlement Amount, the Pyramid Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

4. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to and shall transfer to the EklecCo Claimant the sum of $17,920.00 (the "EklecCo Settlement Amount") in full release, discharge, settlement, and satisfaction of the EklecCo Claim.

5. Upon receipt by the EklecCo Claimant of the EklecCo Settlement Amount, the EklecCo Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

6. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to and shall transfer to the Carousel Claimant the sum of $19,203.00 (the "Carousel Settlement Amount") in full release, discharge, settlement, and satisfaction of the Carousel Claim.

7. Upon receipt by the Carousel Claimant of the Carousel Settlement Amount, the Carousel Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

8. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to and shall transfer to the Salmon Run Claimant the sum of $46,798.00 (the "Salmon Run Settlement Amount") in full release, discharge, settlement, and satisfaction of the Salmon Run Claim.

9. Upon receipt by the Salmon Run Claimant of the Salmon Run Settlement Amount, the Salmon Run Claim shall be deemed satisfied, released, discharged, and withdrawn with prejudice.

10. Nothing herein shall in any way affect any general unsecured claims asserted by the Landlord Claimants. Nothing herein is intended to, nor shall it serve to, affect or in any way prejudice the ability or right of the Debtors to submit further defenses and/or objections, in full or in part, to the general unsecured claims, if any, asserted by the Landlord Claimants.

11. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

12. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

13. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

14. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter

of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

15. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

16. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

17. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the federal district court or state court in the State of New York, New York County.

18. The Debtors and the Committee are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

| | | |
|---|---|---|
| Dated: June 11, 2010 | By: | /s/ Richard A. Stieglitz Jr. |

        Joel H. Levitin
        Kevin J. Burke
        Richard A. Stieglitz Jr.
        Peter J. Linken
        Cahill Gordon & Reindel LLP
        Eighty Pine Street
        New York, NY 10005
        Telephone: (212) 701-3000
        jlevitin@cahill.com
        kburke@cahill.com
        rstieglitz@cahill.com
        plinken@cahill.com

        *Counsel to the Debtors*

By:    /s/ Kevin M. Newman

        Kevin M. Newman
        Menter, Rudin & Trivelpiece, P.C.
        308 Maltbie Street, Suite 200
        Syracuse, NY 13204
        Telephone: (315) 474-7541
        knewman@menterlaw.com

        *Counsel to the Pyramid Claimant*
        *Counsel to the EklecCo Claimant*
        *Counsel to the Carousel Claimant*
        *Counsel to the Salmon Run Claimant.*

**SO ORDERED** this 6th day of July 2010

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE