UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
                                                                    :
In re:                                                              :    Chapter 11
                                                                    :
BH S&B HOLDINGS LLC, et al.,                                        :    Case No.: 08-14604 (MG)
                                                                    :
                                    Debtors.                        :    Jointly Administered
                                                                    :
------------------------------------------------------------------------- X

**PROPOSED STIPULATION AND ORDER RESOLVING PROOF OF
CLAIM NO. 213 FILED BY KATHY S. G. HART**

      The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] and Kathy S. G. Hart (the "Claimant" and together with the Debtors, the "Parties"), by and through their respective undersigned attorneys on the part of the Debtors and individually on the part of the Claimant, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**Recitals**

      A.  On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B.   On November 26, 2008, the Office of the United States Trustee appointed the Committee.  No trustee or examiner has been appointed in these cases.

C.   On February 25, 2009, the Claimant filed proof of claim number 213 (the "Administrative Claim") in the amount of $828.84, of which the entire amount was asserted as an administrative priority claim pursuant to 11 U.S.C. § 503(b)(9).[2]  The Administrative Claim represented amounts sought by the Claimant for alleged services performed.

D.   The Parties have considered and weighed the issues and costs involved in establishing the validity of their claims, defenses and/or objections and have concluded that the terms and conditions set forth herein are fair and reasonable.  Nothing herein is an admission that would preclude or otherwise prejudice the Debtors from objecting to similar and/or identical claims asserted by other claimants.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

---

[2]   The Claimant filed the Administrative Claim pursuant to 11 U.S.C. § 503(b)(9) for alleged services performed.  Upon review by the Debtors it appears that the Administrative Claim is in fact a Section 503(b)(1)(A) claim.

## **Agreement**

1.    The Recitals set forth above are incorporated herein as though fully set forth below.

2.    Upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to the Claimant the sum of $350.00 (the "Settlement Amount") in full release, discharge, settlement, and satisfaction of the Administrative Claim.

3.    Upon receipt by the Claimant of the Settlement Amount, the Administrative Claim shall be deemed satisfied, released, discharged, expunged and withdrawn with prejudice.  The remaining $478.84 asserted as part of the Administrative Claim shall be reclassified as a general unsecured claim against the Debtors' estates.

4.    The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

5.    This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

6.    The Debtors expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Claimant expressly acknowledges that she chose of her own volition to forego representation by counsel and negotiated this Stipulation and Order on her own behalf.  The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

7.    The Stipulation and Order contains the entire agreement between the Parties.  All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order.  Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

8.    The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

9.    This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

10.  This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.  The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the federal district court or state court located in the County of New York, State of New York.

11. The Debtors are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Dated:     September 21, 2010     By:         /s/ Kevin J. Burke

Joel H. Levitin

Kevin J. Burke

Richard A. Stieglitz Jr.

Peter J. Linken

Cahill Gordon & Reindel LLP

Eighty Pine Street

New York, NY 10005

Telephone: (212) 701-3000

jlevitin@cahill.com

kburke@cahill.com

rstieglitz@cahill.com

plinken@cahill.com

*Counsel to the Debtors*

By:         /s/ Kathy S.G. Hart

Kathy S. G. Hart

39700 Dory Mill Road

Bethesda, OH 43719

(740) 484-4643

SO ORDERED, this 7th day of October, 2010

**     /s/Martin Glenn**

MARTIN GLENN

United States Bankruptcy Judge