UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                                                                 :

In re:                                                                              :     Chapter 11
                                                                              :

BH S&B HOLDINGS LLC, *et al.*,                  :     Case No.: 08-14604 (MG)
                                                                              :

                                   Debtors.              :     Jointly Administered
                                                                               :
------------------------------------------------------------------------ X

**STIPULATION AND ORDER RESOLVING: (I) PROOF OF CLAIM NO. 462 FILED BY VNO 100 WEST 33RD STREET LLC; AND (II) PROOF OF CLAIM NO. 464 FILED BY VNO PATSON CANNERY LP**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] VNO 100 West 33rd Street LLC ("VNO 100 West"), and VNO Patson Cannery LP ("VNO Patson" and together with the Debtors and VNO 100 West, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**Recitals**

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B.  On November 26, 2008, the Office of the United States Trustee appointed the Committee.  No trustee or examiner has been appointed in these cases.

C.  On March 26, 2009, VNO 100 West filed proof of claim number 462 (the "VNO 100 West Claim") in the amount of $859,286.29, of which $8,473.27 (the "VNO 100 West Administrative Claim") was asserted as an administrative priority claim pursuant to 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 503(b).  The VNO 100 West Administrative Claim represents amounts sought by VNO 100 West for various alleged charges, fees, costs and expenses that are allegedly attributable to the post-petition period.

D.  On March 26, 2009, the VNO Patson filed proof of claim number 464 (the "VNO Patson Claim") in the amount of $29,885.16, of which $2,263.46 (the "VNO Patson Administrative Claim") was asserted as an administrative priority claim pursuant to 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 503(b).  The VNO Patson Administrative Claim represents amounts sought by VNO Patson for various alleged charges, fees, costs and expenses that are allegedly attributable to the post-petition period.

E.  The Parties have considered and weighed the issues and costs involved in establishing the validity of their claims, defenses and/or objections and have concluded that the terms and conditions set forth herein are fair and reasonable.  Nothing herein is an admission that would preclude or otherwise prejudice the Debtors from objecting to similar and/or identical claims asserted by other claimants.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

**Agreement**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to VNO 100 West the sum of $6,605.00 (the "VNO 100 West Settlement Amount") in full release, discharge, settlement, and satisfaction of the VNO 100 West Administrative Claim.

3. Upon receipt by VNO 100 West of the VNO 100 West Settlement Amount, the VNO 100 West Administrative Claim shall be deemed satisfied, released, discharged, expunged and withdrawn with prejudice.

4. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, the Debtors are authorized to transfer to VNO Patson the sum of $1,428.26 (the "VNO Patson Settlement Amount") in full release, discharge, settlement, and satisfaction of the VNO Patson Administrative Claim.

5. Upon receipt by VNO Patson of the VNO Patson Settlement Amount, the VNO Patson Administrative Claim shall be deemed satisfied, released, discharged, expunged and withdrawn with prejudice.

6. It is expressly agreed by the Parties that this Stipulation and Order resolves only the VNO 100 West Administrative Claim and the VNO Patson Administrative Claim. Nothing here-

in is intended to, nor shall it be construed to, affect or in any way prejudice the general unsecured portions of the VNO 100 West Claim and VNO Patson Claim against the Debtors or the Debtors' ability or right to submit further defenses or objections, in full or in part, to such general unsecured claims. All such claims, objections and defenses are fully reserved.

7. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

8. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

9. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

10. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

11. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms

of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

12. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

13. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the federal district court or state court located in the County of New York, State of New York.

14. The Debtors are authorized to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

-6-

| Dated: September 23, 2010 | By: | /s/ Kevin J. Burke |
|---|---|---|

Joel H. Levitin
Kevin J. Burke
Richard A. Stieglitz Jr.
Peter J. Linken
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005
Telephone: (212) 701-3000
jlevitin@cahill.com
kburke@cahill.com
rstieglitz@cahill.com
plinken@cahill.com

*Counsel to the Debtors*

*VNO 100 West 33rd Street LLC*
*By: Vornado Realty Trust,*
*its authorized signatory*

| Dated: September 28, 2010 | By: | /s/ Steven Santora |
|---|---|---|

Steven Santora
Vice President – Financial Operations

*VNO Cannery Patson, LP*
*By: Vornado Realty Trust,*
*its authorized signatory*

| Dated: September 28, 2010 | By: | /s/ Steven Santora |
|---|---|---|

Steven Santora
Vice President – Financial Operations

SO ORDERED, this 7th day of October, 2010

**/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge