UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                         :

In re:                                      :     Chapter 11

BH S&B HOLDINGS LLC, et al.,     :     Case No.: 08-14604 (MG)

                Debtors.        :     Jointly Administered

------------------------------------------------------------------------ X

**STIPULATION AND ORDER RESOLVING PROOF OF CLAIM NO. 571
FILED BY CHICKIII PRODUCTIONS, INC. AND SETTLING
POTENTIAL AVOIDANCE ACTIONS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] the official committee of unsecured creditors appointed in these Chapter 11 cases (the "Committee"), and Chickiii Productions, Inc. ("Chickiii" and together with the Debtors and the Committee, the "Parties"), by and through their respective undersigned attorneys, hereby enter into this agreement (the "Stipulation and Order") and stipulate to the following:

**RECITALS**

A. On November 19, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, commencing the bankruptcy cases jointly administered as Case No. 08-14604 (MG) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1]     The other Debtors in these cases are BH S&B Distribution LLC; BH S&B Lico LLC; BH S&B Retail LLC; BHY S&B Intermediate Holdco LLC; Cubicle Licensing LLC; Fashion Plate Licensing LLC; and Heritage Licensing LLC.

B. On November 26, 2008, the Office of the United States Trustee appointed the Committee in these cases. No trustee or examiner has been appointed in these cases.

C. On March 30, 2009, Chickiii filed proof of claim number 571 (the "Chickiii Claim") asserting an "unknown" amount as an administrative priority expense pursuant to 11 U.S.C. § 503. The Chickiii Claim represented amounts allegedly due and owing to Chickiii pursuant to the terms of a pre-petition license agreement.

D. On November 13, 2009, the Debtors and the Committee filed a joint objection to proof of claim no. 571 filed by Chickiii Productions, Inc. (the "Joint Objection") asserting that any amounts allegedly due and owing to Chickiii pursuant to the pre-petition license agreement should be deemed to have accrued prior to the Petition Date.

E. On December 11, 2009, Chickiii filed its response to objection to proof of claim no. 571 filed by Chickii [sic] Productions[,] Inc., which set forth various grounds upon which the Chickiii would opposed the Debtors' and the Committee's Joint Objection.

F. On April 1, 2010, the Debtors and the Committee filed their reply in further support of the Debtors' and Committee's joint objection to proof of claim no. 571.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in an effort to avoid the uncertainties and costs attendant to any litigation over the issues raised herein, the Parties have entered into this Stipulation and Order and agree to be bound by its terms upon the approval by the Bankruptcy Court.

## **AGREEMENT**

1. The Recitals set forth above are incorporated herein as though fully set forth below.

2. The Parties agree that upon this Stipulation and Order becoming a final and non-appealable order, Chickiii shall have an allowable administrative expense against the Debtors' estates in the amount of $15,000.00 (the "Settlement Amount").

3. Chickiii has expressed a desire to settle with the Committee any potential avoidance action liability that may presently exist with respect to certain payments Chickiii received prior to the Petition Date. Accordingly, at the direction of Chickiii, upon this Stipulation and Order becoming a final and non-appealable order, the Debtors shall be authorized and directed to transfer to counsel for the Committee the entirety of the Settlement Amount in full satisfaction of any avoidance action liability and/or other claims that the Committee and/or Debtor's may hold or assert against Chickiii.

4. Upon receipt by the Committee of the Settlement Amount, the Chickiii Claim and any and all other claims (as such term is defined in Bankruptcy Code section 101(5)) – whether administrative, priority, or general unsecured in nature – that Chickiii has or may have against the Debtors or their estates shall be deemed satisfied, released, discharged, expunged and withdrawn with prejudice.

5. Upon receipt by the Committee of the Settlement Amount, the Debtors and the Committee shall fully and finally release Chickiii from any and all liability that may presently or in the future exist whether as a result of the underlying license agreement, a copy of which is attached as Exhibits A and B to the Chickiii Claim, or otherwise. Moreover, Chickiii shall retain the right to all designs, trademarks and copyrights that are the subject of the underlying license agreement in accordance with the Debtors' rejection of that underlying agreement.

6. The terms and conditions of this Stipulation and Order, and the obligations of the Parties to perform hereunder, shall become effective only upon approval of the Stipulation and Order by the Bankruptcy Court.

7. This Stipulation and Order shall be binding upon the Parties, their respective successors and assigns, and upon any trustee subsequently appointed in this or any other related cases and/or proceedings.

8. The Parties expressly acknowledge that they have been advised and represented by their own counsel in connection with the negotiation and execution of this Stipulation and Order. The Parties expressly represent and warrant that this Stipulation and Order is given in good faith and acknowledge that execution of this Stipulation and Order is not the product or result of any duress, economic or otherwise.

9. The Stipulation and Order contains the entire agreement between the Parties. All discussions and agreements previously entered between the Parties concerning the subject matter of this Stipulation and Order are hereby merged into this Stipulation and Order. Each of the Parties covenants and represents that it has not entered into this Stipulation and Order as a result of any representation, warranty, agreement, promise, or inducement other than as may be specifically provided herein.

10. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation and Order, that each has full power and authority to enter into and perform (subject to Bankruptcy Court approval with regard to the Debtors) in accordance with the terms of this Stipulation and Order and that this Stipulation and Order is duly executed and delivered and constitutes (subject to Bankruptcy Court approval with regard to the Debtors) a valid and binding agreement in accordance with its terms.

11. This Stipulation and Order may be executed and delivered in any number of original, facsimile, or electronic portable document format (.pdf) counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

12. This Stipulation and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Bankruptcy Court in the above captioned Chapter 11 case shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the federal district court or state court located in the County of New York, State of New York.

13. The Debtors are authorized and directed to take all actions necessary to effectuate the terms of this Stipulation and Order.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

| | | |
|---|---|---|
| Dated: August 16, 2010 | By: |    /s/ Kevin J. Burke    |

        Joel H. Levitin
        Kevin J. Burke
        Richard A. Stieglitz Jr.
        Peter J. Linken
        Cahill Gordon & Reindel LLP
        Eighty Pine Street
        New York, NY 10005
        Telephone: (212) 701-3000
        jlevitin@cahill.com
        kburke@cahill.com
        rstieglitz@cahill.com
        plinken@cahill.com

*Counsel to the Debtors*

By:    /s/ Robert M. Hirsh   
     Robert M. Hirsh
     Arent Fox LLP
     1675 Broadway
     New York, NY 10019
     Telephone: (212) 484-3900
     Hirsh.Robert@arentfox.com

*Counsel to the Committee*

By:    /s/ Leslie A. Cohen   
     Leslie A. Cohen
     Leslie Cohen Law P.C.
     506 Santa Monica Blvd., Suite 200
     Santa Monica, CA 90402
     Telephone: (310) 394-9280
     leslie@lesliecohenlaw.com

*Counsel for Chickiii Productions, Inc.*

SO ORDERED, this 7th day of October, 2010

   **/s/Martin Glenn**   
     MARTIN GLENN
United States Bankruptcy Judge