UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

BH S&B HOLDINGS, LLC, et al.,

Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 08-14604 (MG)

Jointly Administered

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE TO CONVERT THESE CHAPTER 11 CASES TO CHAPTER 7 CASES

TO THE HONORABLE MARTIN GLENN, BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee") does hereby file this memorandum in support of her motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order converting these Chapter 11 cases to Chapter 7 cases. In support thereof, the United States Trustee represents and alleges as follows:

### Introduction

The Debtors have liquidated substantially all of their assets. As of the date hereof, the Debtors have not filed a plan or disclosure statement. Assuming there is unencumbered cash in the Debtors' estates, the Debtors' latest operating report demonstrates that the Debtors, at best, have a razor thin level of administrative solvency. As discussed below, however, the operating report is deficient and fails to list the Debtors' administrative and priority claims. When these claims are considered, the Debtors appear to be administratively insolvent and unable to confirm a plan. Accordingly, cause exists for the conversion of these cases.

**Facts**

### General Background

1. The Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on November 19, 2008.

2. The Debtors are the purchasers of the Steve & Barry's retail stores (the "Stores") from the Steve & Barry's bankruptcy estates. See Motion for Joint Administration at ¶ 3, ECF No. 4.

3. The Debtors are managing their businesses as debtors-in-possession, pursuant to §§ 11 U.S.C. 1107(a) and 1108.

4. On November 26, 2008, the United States Trustee appointed an official committee of unsecured creditors, which retained as its counsel Arent Fox. ECF Nos. 95 & 209.

5. In January, 2009, the Debtors ceased operating and completed the liquidation of the Stores. See Motion of Ableco Finance LLC to Convert Cases to Chapter 7, at ¶¶ 1 & 9, ECF No. 472.

### Plan and Disclosure Statement

6. As of the date hereof, the Debtors have not filed a plan or disclosure statement.

### Operating Reports

7. On October 21, 2010, the Debtors filed their consolidated monthly operating report for the month of September, 2010 (the "September Report"). ECF No. 839. A copy of the September Report is attached hereto as Exhibit A. According to the Balance Sheet annexed to the September Report, the Debtors' secured debt, $53,050,376, exceeds the current book value of its total assets, $8,163,221. Id.

8. The September Report also lists $2,720,461 of unrestricted cash on hand. Id. at Schedule of Cash Receipts and Disbursements.

9. The September Report provides that the Debtors' unpaid administrative expenses, which consists entirely of unpaid professional fees, is $2,028,352 and growing. Id. at Balance Sheet.[1] The September Report does not list any priority claims. Id.

10. Although inexplicably not listed in the September Report, an asserted administrative claim in the amount of $1,038,462 has been filed by 45220, Inc. in these cases. See Objection to Fees by 45220, Inc. (the "Fee Objection") at ¶ 5, ECF No. 837. A copy of the Fee Objection is annexed hereto as Exhibit B. Therefore, the Debtors' administrative claims exceed the amount of unrestricted cash on hand.

11. In addition to the administrative claim of 45220, Inc., a review of the docket demonstrates that the Debtors have entered into stipulations with certain creditors granting those creditors administrative claims. By way of example, the Debtors entered into a stipulation with Chickiii Productions, Inc. ("Chickiii") granting Chickiii a $15,000 administrative claim and permitting the payment thereof. See Stipulation Resolving Chickiii Claim, ECF No. 833. A copy of the Chickiii Stipulation is attached hereto as Exhibit C. A similar stipulation was entered into with VNO 100 West 33rd Street LLC and VNO Patson Cannery LP, granting those creditors an administrative claim in the amount of $6,605.00 and permitting payment thereof. See VNO Stipulation at ECF No. 832. A copy of the VNO Stipulation is annexed hereto as Exhibit D. In fact, a review of the claims register maintained by Kurtzman Carson Consultants

---

[1]To date, professionals have been paid $8,281,379. Id. at Payments to Insiders and Professionals.

("KCC")[2] demonstrates that a significant number of administrative claims have been filed against the Debtors. The relevant portion of the claims register listing administrative claims is attached hereto as Exhibit E. None of the administrative claims are listed in the Debtors' September Report. See Exhibit A.

12. Finally, although the Balance Sheet annexed to the September Report does not list any priority claims, the claims register maintained by KCC indicates that a significant number of priority claims have been filed in these cases. The relevant portion of the claims register listing the priority claims is attached hereto as Exhibit F.

## Argument

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case. See 11 U.S.C. § 1112(b). Under this provision, the court

may find cause in the following circumstances, among others:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

See 11 U.S.C. §§ 1112(b)(4)(A) & (J).

Section 1112(b) requires a court, "absent unusual circumstances specifically identified by the court," to convert a case to one under Chapter 7 if the movant establishes "cause." 11 U.S.C. §

---

[2]The Debtors retained KCC to maintain the official claims register. See ECF Nos. 18 and 56.

1112(b)(1). As set forth above, the United States Trustee has demonstrated cause under § 1112(b)(4)(A) and (J).

As of the date hereof, the Debtors have not filed a plan or disclosure statement. See ECF Docket. Failure to timely file and confirm a plan constitutes cause for conversion. See 11 U.S. C. § 1112(b)(4)(J), see also In re Tornheim, 181 B.R. 161, 164-65 (Bankr. S.D.N.Y. 1995) (where debtors' case was not complex, conversion or dismissal was required because debtors' failure to file a plan showed both unreasonable, prejudicial delay and inability to effectuate a plan); In re Hi-Toc Development Corp., 159 B.R. 691, 693 (Bankr. S.D.N.Y. 1993); In re Canion, 129 B.R. 465, 470 (Bankr. S.D. Tex. 1989).

Similarly, as discussed in paragraphs 7-12 herein, even assuming there is unencumbered cash in the Debtors' estates, the Debtors appear to be administratively insolvent and, in light of the filed priority claims, unable to confirm a plan. The Debtors' apparent inability to confirm a plan constitutes cause for conversion to Chapter 7. See 11 U.S.C. § 1112(b)(4)(A)(substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation). Accordingly, based upon the foregoing, cause exists to convert these cases to Chapter 7.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting these Chapter 11 cases to Chapter 7 cases pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      November 1, 2010

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ *Paul K. Schwartzberg*
Paul K. Schwartzberg
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004-2112
Tel. No. (212) 510-0500