Joel H. Levitin
Richard A. Stieglitz Jr.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for the*
*Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                              :
                                                    :      Chapter 11
BH S&B HOLDINGS LLC, et al.,                        :
                                                    :      Case No.: 08-14604 (MG)
                    Debtors.                        :
                                                    :      Jointly Administered
------------------------------------------------------------ X

## DEBTORS' OBJECTION TO UST CONVERSION MOTION

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] by and through their undersigned attorneys, hereby file this objection to the motion and accompanying memorandum of law, dated November 1, 2010, to convert these Chapter 11 cases to Chapter 7 cases (together, the "UST Conversion Motion"), and in support thereof, the Debtors respectfully represent as follows:

---

[1]   The other Debtors in these cases are BHY S&B Intermediate Holdco LLC (Case No. 08-14605 (MG), EIN 26-3732361); BH S&B Retail LLC (Case No. 08-14606 (MG), EIN 26-2282554); BH S&B Lico LLC (Case No. 08-14607 (MG), EIN 26-3445450); Heritage Licensing LLC (Case No. 08-14608 (MG), EIN 26-3473212); Fashion Plate Licensing LLC (Case No. 08-14609 (MG), EIN 26-3473238); Cubicle Licensing LLC (Case No. 08-14610 (MG), EIN 26-3445507); and BH S&B Distribution LLC (Case No. 08-14611 (MG), EIN 26-3382611).

1. The UST Conversion Motion makes several arguments to justify conversion of these cases: the Debtors' monthly operating reports are misleading and/or deficient; the Debtors' cases are administratively insolvent; and the Debtors have failed to meet a purported deadline to file a plan of reorganization. In addition, several other parties (either in other pleadings or before this Court) have asserted that these cases should be converted because the statute of limitations for the creditors' committee to commence avoidance actions is about to expire. For the reasons set forth below, the Debtors submit that the Court should reject these arguments and deny the UST Conversion Motion.

2. Initially, the Debtors do not believe that their monthly operating reports, which have been filed in a standard form and with similar substance for some time were intentionally misleading or otherwise deficient. Nonetheless, the Debtors conferred, and if necessary will continue to confer, with the United States Trustee regarding their monthly operating reports and other points raised in the UST Conversion Motion and to address any valid issues or concerns the United States Trustee may have. As a result of these discussions, the Debtors will modify the presentation of information in subsequent monthly operating reports.

3. In addition, the Debtors believe these cases are very likely not administratively insolvent, especially in light of their recent motion (the "Turnover Motion") seeking, among other things, turnover of certain amounts that were improperly paid to professionals retained by the creditors' committee and highlighting the out-of-control fees of such committee professionals, who have not only incurred more than $2 million pursuing litigation claims, where there was a $1 million finite fund set aside to cover all such fees and expenses, but also have incurred hundreds of thousands of dollars in additional fees and

2

expenses for ministerial and administrative tasks unrelated to any possible benefit to their constituency, general unsecured creditors. If the Turnover Motion is granted, more than $300,000 in mistakenly-paid fees and expenses would be returned and more than $850,000 in improperly-billed amounts would be disallowed (significantly reducing the amount of incurred professional fees in these cases), and the Debtors believe that there are other sources of funding and potential recoveries for the Debtors' estates to fill any gap necessary to ensure administrative solvency. The Debtors also believe that certain conclusions of the United States Trustee are incorrect because they are based upon consideration of administrative claims that have been, or will be, objected to and that the Debtors believe should be expunged and disallowed.[2]

    4.    Moreover, although the United States Trustee is correct that the Bankruptcy Code provides that cause may exist to convert a case if a debtor does not file a plan within a specific time frame established by the Bankruptcy Code or court order, the United States Trustee fails to allege any deadline that the Debtors have missed. As there are material issues that must be resolved (such as the Turnover Motion and final reconciliation of

---

[2] Specifically, the United States Trustee emphasizes the purported administrative claim of 45220, Inc., which the Debtors believe is not a valid claim. Indeed, on November 13, 2009, the Debtors filed an objection to this claim. For some time and until very recently, the responsibility of prosecuting that objection and negotiating with 45220, Inc., had supposedly been assumed by the creditors' committee. The Debtors believe that strong arguments in support of the objection exist, and they have filed a memorandum of law in support thereof.

3

administrative and other claims, which is near completion)[3] before a plan can be proposed, the Debtors submit that it would be unfair to convert these cases solely because a plan has not yet been filed (especially when there have been no allegations that the Debtors have engaged in unreasonable or prejudicial delay tactics.

5. Finally, at the recent hearing held on November 9th, much was made of the fact that the statute of limitations for commencing avoidance actions is November 19, 2010.[4] Standing to prosecute such actions was conveyed to the creditors' committee by an agreed-upon order of this Court, dated January 21, 2009, in exchange for a $1 million fund for fees and expenses to bring all such and related actions, and at this time, only a handful of avoidance claims have been brought. The Debtors have requested copies of any reports prepared and analyses performed by the creditors' committee regarding potential preference claims that could warrant prosecution, but they have not received any such information. Given that they operated for less than 90 days, however, the Debtors wonder whether any vendors could have received significant preference payments prior to the filing of these bankruptcy cases. Thus, it is doubtful that conversion of these cases to preserve the ability to

---

[3] Of the approximately 150 administrative claims asserted against the Debtors' estates, only 17 are outstanding at this time. Of those remaining 17, the Debtors have objected to 13, and it is likely that certain of the remaining claims will be settled or allowed. The 13 claims that the Debtors have objected to are scheduled to be considered by the Court on December 8, 2010, although the Debtors anticipate that certain of them will be settled prior to that hearing. Although the Debtors are still in the process of reconciling priority claims, based on their preliminary review thereof, they believe a vast amount of asserted priority claims have already been paid or are otherwise objectionable.

[4] The Debtors note and emphasize that the UST Conversion Motion did not raise this issue.

commence any avoidance actions for another year is justifiable (especially in light of inherent increased costs and inefficiencies).

6. Accordingly, for the reasons set forth above and in the Turnover Motion, as they may be supplemented at the hearing to consider the UST Conversion Motion, the Debtors submit that this Court should deny the UST Conversion Motion.

Dated: New York, New York
November 12, 2010

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

  /s/ Richard A. Stieglitz Jr.
Joel H. Levitin
Richard A. Stieglitz, Jr.
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
jlevitin@cahill.com
rstieglitz@cahill.com

*Attorneys for the
Debtors and Debtors-in-Possession*