Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Counsel for the Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                 Chapter 7 (Formerly Chapter 11)

BH S&B Holdings LLC, *et al.*,                         Case No. 08-14604 (MG)

      Debtors.                                                Jointly Administered
------------------------------------------------------------x

# COVER SHEET PURSUANT TO
# UNITED STATES TRUSTEE GUIDELINES FOR
# REVIEWING APPLICATIONS FOR COMPENSATION
# AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

| | |
|---|---|
| Name of Applicant: | Arent Fox LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of December 1, 2008 |
| Fifth Interim Time Period: | August 1, 2010 – November 16, 2010 |
| Final Time Period: | December 1, 2008 – November 16, 2010 |

NYC/568382.3

| | |
|---|---|
| Interim Fees Requested: | $ 224,820.50 |
| Final Fees Requested: | $2,697,432.90 |
| | |
| Interim Expenses Requested: | $ 3,811.72 |
| Final Expenses Requested: | $ 55,814.59 |

Total Requested:

| | |
|---|---|
| Fees: | $2,697,432.90 |
| Expenses: | $ 55,814.59 |

Prior Fee Applications:

| | |
|---|---|
| Fees Previously Requested: | $2,472,612.40 |
| Fees Previously Awarded: | $1,269,876.40 |
| Expenses Previously Requested: | $ 59,331.21 |
| Expenses Previously Awarded: | $ 29,521.84 |

**PRIOR FEE APPLICATIONS**

| Application Date | Docket Number | Application Period | Fees Requested | Expenses Requested | Fees Awarded | Expenses Awarded | Continuing Holdback |
|---|---|---|---|---|---|---|---|
| 05/22/09 | 430 | 12/01/08 – 04/30/09 | $1,056,049.00 | $22,980.43 | $1,056,049.00 | $22,980.43 | |
| 10/23/09 | 559 | 05/01/09 – 07/31/09 | $213,827.40[1] | $6,541.41[2] | $213,827.40 | $6,541.41 | $23,758.60 |
| 03/10/10 | 677 | 08/01/09 – 10/31/09 | $329,146.00 | $5,278.39 | Pending | Pending | Pending |
| 11/19/10 | 887 | 11/01/09 – 07/31/10 | $873,590.00 | $17,202.64 | Pending | Pending | Pending |
| Pending | TBD | 08/01/10 – 11/16/10 | $224,820.50 | $3,811.72 | Pending | Pending | Pending |
| **TOTALS** | | | **$2,697,432.90** | **$55,814.59** | | | |

---

[1] This amount has been adjusted to reflect a reduction of $2,500.00 in fees (agreed to prior to and at the Hearing), as well as a 10% holdback pursuant to discussions with the United States Trustee, with the balance of the 10% holdback to be considered upon application and hearing on a final basis.

[2] This amount has been adjusted to reflect a reduction of $1,000.00 in expenses (agreed to at the Hearing).

- 3 -

Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Counsel for the Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                               Chapter 7 (Formerly Chapter 11)

BH S&B Holdings LLC, *et al*.,                      Case No. 08-14604 (MG)

    Debtors.                    Jointly Administered
----------------------------------------------------------x

# FIFTH AND FINAL APPLICATION OF
# ARENT FOX LLP AS COUNSEL TO THE OFFICIAL
# COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE
# OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
# THE PERIOD FROM DECEMBER 1, 2008 THROUGH NOVEMBER 16, 2010

Arent Fox LLP (the "Applicant" or "Arent Fox"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of BH S&B Holdings LLC, *et al*., the above-captioned debtors (the "Debtors"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits its Fifth and Final Application ("Fee Application") for (i) final approval and allowance of its interim fees and expenses incurred during the fifth interim period of August 1, 2010 through November 16, 2010 ("Fifth Interim Period") in the amount of $224,820.50 and reimbursement of expenses in the amount of $3,811.72, and (ii) final approval and allowance of all of its fees and expenses requested for the final period of December 1, 2008 through November 16, 2010 ("Final Period"), in the amount of

$2,697,432.90 and, in connection therewith, reimbursement of expenses in the amount of $55,814.59, for services rendered as counsel to the Committee during the Final Period, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. During the Fee Period, Arent Fox, on behalf of the Committee, continued to diligently prosecute several substantial Chapter 5 causes of action. In this regard, Arent Fox, after consultation with and instructions from the Committee, also attempted to retain collection service providers who would collect and return all remaining preferential transfers on a contingency basis. The Committee tried to unlock value for the Debtors' estate without incurring additional expenses, and Arent Fox worked diligently to assist the Committee in this attempt. Unfortunately, the Committee could not reach an agreement with Ableco regarding the specifics of the retention of contingency counsel and even after numerous attempts and several filings with the Court, the Committee was unable to retain the collection professionals. During this final Fee Period, Arent Fox, on behalf of the Committee, continued to litigate several other pending preferences and indeed, by preserving and commencing these claims and causes of action, the Committee was able to unlock the only value remaining for a possible distribution to unsecured creditors. Indeed, Arent Fox, at the instructions of the Committee, offered its assistance to the Chapter 7 Trustee in any of the pending preference litigations that were commenced and litigated by the Committee.

2. Additionally, during the Fee Period, Arent Fox as Committee's counsel, was required to respond to that certain Turnover Motion filed by the Debtors in which it was alleged that the bankruptcy professionals of the Committee should not have received payments that had were approved by the Court and were duly transferred by the Debtors. Arent Fox, after

- 2 -

NYC/568382.3

consultation with the Committee, had to spend several hours researching, responding to and defending itself and the other Committee professionals against the allegations set forth in the Turnover Motion.

3. This has been a difficult and complex bankruptcy proceeding, and the Committee was faced with very urgent and demanding issues from the beginning and throughout this entire case. For example, right at the outset, the Committee had to suddenly convene as requested by Debtors' counsel on several occasions to address extremely urgent matters such as threats against the Debtors' employees in India and demands for immediate severance and other employment-related payments. The Committee was always extremely responsive and took its statutory responsibilities very seriously. Indeed, every Committee member actively participated in certain preference mediations as requested by the mediator, and Arent Fox provided the legal guidance as sought by the Committee. Moreover, Arent Fox, as requested by the Committee, carefully analyzed all claims filed against the Debtors' estates, provided the Committee with its analyses and calculations and worked with the Debtors in their claims reconciliation process.

4. Although faced with nearly insurmountable issues and problems, Arent Fox on behalf and at the instructions of the Committee, made very effort to salvage any possible value that could be used for a distribution to unsecured creditors. Such efforts often required Arent Fox to participate on behalf of the Committee in multiple complex negotiations with several parties. At certain points in these proceedings when the secured lenders or the Debtors were ready to give up, the Committee continued to fight for the estate and for every possibility to complete an orderly Chapter 11 liquidation. Even despite numerous obstacles and running up against a statutory deadline, the Committee tried to retain contingency counsel to collect and return to the estate any and all preferential transfers by preparing, negotiating with Ableco and filing with the

- 3 -

Court not one, but several retention applications of collection service providers. Ultimately, when the Committee realized that no other choice remained, Arent Fox on behalf of the Committee conceded to conversion of the Chapter 11 case to one under Chapter 7.

5. Arent Fox provided services to the Committee in accordance with the instructions and directions of the Committee. During the Fee Period, Arent Fox assisted the Committee in fulfilling its obligation to protect the interests of the unsecured creditors and to preserve estate assets. As a result of the broad range and years of experience of Arent Fox's bankruptcy attorneys, Arent Fox's services were rendered in a most expeditious and efficient manner.

**RELIEF REQUESTED**

6. By this Fee Application, Arent Fox, as counsel to the Committee, seeks allowance of (i) compensation for legal services rendered to and on behalf of the Committee during the Fifth Interim Period in the amount of $224,820.50, together with expense reimbursement in the amount of $3,811.72, totaling $228,632.22; and (ii) final approval of all its fees and expenses for the Final Period in the amount of $2,697,433.80, together with expense reimbursements in the amount of $55,814.59, totaling $2,753,247.49. This Fee Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted on April 19, 1995, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996.

7. Arent Fox is a law firm employing approximately 340 lawyers. Arent Fox includes a financial restructuring and bankruptcy group with extensive and diverse experience in the areas of bankruptcy, insolvency, and debtor and creditor rights. Arent Fox's bankruptcy attorneys often represent creditors' committees in cases such as these.

8. It is respectfully submitted that the services of Arent Fox have been beneficial to the Committee and the creditors who were part of the constituency the Committee represented. The services of Arent Fox have also been beneficial to the Debtors and their estates. Arent Fox submits that if other attorneys with less experience in this type of Chapter 11 case had been retained by the Committee, the time and effort necessary for such attorneys to become adequately familiar with the law and various issues involved in cases such as these would have caused a substantial increase in the fees requested by Committee counsel. More importantly, however, the results achieved herein could not have been achieved by counsel with less experience.

9. Accordingly, for the efforts put forth and the results obtains, by this Application, Arent Fox seeks allowance of compensation for legal services rendered to and on behalf of the Committee for the Fifth Interim Period in the amount of $224,820.50 and reimbursement of expenses in the amount of $3,811.72, and final approval and allowance of all of its fees and expenses requested for the Final Period in the amount of $2,697,432.90 and, in connection therewith, reimbursement of expenses in the amount of $55,814.59, for services rendered as counsel to the Committee.

## JURISDICTION

10. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. § 157(a) and (b). The statutory predicates for the relief sought herein are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.

11. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy

- 5 -

NYC/568382.3

Cases adopted on April 19, 1995 and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996.

## BACKGROUND

The Debtors and Their Businesses

12. On November 19, 2008 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

13. Steve & Barry's was a specialty retailer of apparel and accessories, selling, among other things, university apparel and lifestyle brands, private-label casual clothing, and exclusive celebrity endorsed apparel. On July 9, 2008, the companies comprising Steve & Barry's filed for Chapter 11 bankruptcy protection before this Court, and on or about August 25, 2008, sold substantially all of their assets to the Debtors.

The Appointment of the Committee and Retention of Arent Fox

14. On November 26, 2008, the Office of United States Trustee for the Southern District of New York appointed three (3) members to the Committee pursuant to Sections 1102(a) and 1102(b) of the Bankruptcy Code. Thereafter, at a meeting during which the majority of the Committee members participated, the Committee selected and formally voted to retain Arent Fox, subject to the approval of the Court. By order dated December 19, 2008, this Court approved and authorized the retention of Arent Fox as counsel to the Committee effective as of December 1, 2008

## SUMMARY OF SERVICES RENDERED

15. All services for which compensation is requested during the Fee Period by Arent Fox were performed for or on behalf of the Committee. During the Fee Period Arent Fox advised the Committee on a regular basis with respect to numerous legal matters in connection with the operation and preservation of the Debtor's business and with respect to all other matters arising in the performance of their duties as the Committee. Arent Fox has prepared various motions, objections, applications, orders and other pleadings that were submitted to the Court for consideration and has performed all reasonable and necessary professional services.

16. The primary services rendered by Arent Fox during the Fee Period are grouped in the categories set forth below.

<u>Case Administration and Operating Reports</u>

17. Arent Fox maintained a periodic review of the docket, and reviewed all filings, including, but not limited to, the Debtors' Monthly Operating Reports. Arent Fox analyzed these general pleadings and financial information of the Debtors business and provided summaries and updates as to the Debtors' operations, available funds, use of funds and financial projections for the Committee. Arent Fox also reviewed and kept track of the expenses sought by the Stone Barn estate in connection with a stipulation between the Stone Barn and BH S&B debtors whereby Stone Barn claimed entitlement to certain reimbursements from the BHS&B estate.

<u>Claims Administration and Objections</u>

18. The services performed by Arent Fox in connection with this task included to work with the Debtors in their attempt to settle disputed claims objection and to continue to reduce the administrative claims pool by reconciling all claims. This involved multiple meetings, emails, and conference calls with the Debtors and analysis of the responses by

administrative claimants to the omnibus claims objections prepared and filed by the Debtors. Arent Fox, on behalf of the Committee, continued to diligently work with the Debtors to determine the potential exposure against the estate, to review and analyze responses by alleged administrative claimants to the joint omnibus claims objections, and to prepare for and attend the hearings regarding such claims objections. The overall services provided included reviewing the administrative claims against the Debtors' estate, reconciling this exposure with the objections filed against such claims, and providing updates to the Committee of such reconciliation and the total and actual claims against the Debtors' estate. This analysis became especially important in the determination of the administrative solvency of the Debtors' estate and the continued efforts by the Committee to determine whether a distribution to unsecured creditors might be possible.

Miscellaneous Motions and Objections

19. The services provided under this category consist primarily of the review and analysis of miscellaneous motions and pleadings filed in these cases and summarizing any pertinent information for the Committee. Additionally, during the final Fee Period, the Debtors filed that certain Turnover Motion alleging and demanding that the Committee professionals had to return to the estate payments that were approved by the Court and were authorized and transferred by the Debtors. Arent Fox, on behalf of itself and the Committee, had to research, draft and file a response to the Debtors' Turnover Motion and appear in Court to defend against the allegations set forth therein.

Communications With Committee and Debtor

20. Arent Fox had numerous telephone conferences and communications with the Committee providing the Committee with general updates of the case and discussing with the Committee the possible strategies with regard to this Court's dismissal in part of the

- 8 -

NYC/568382.3

Committee's adversary proceeding against Bay Harbour, *et al*. Arent Fox further provided the Committee with regular updates and summaries of the progress and status of the avoidance actions commenced by the Committee and litigated by Arent Fox on behalf of the Committee. At each important stage of these litigations, Arent Fox informed and advised the Committee and sought the Committee's considerations, instructions and input.

21. Arent Fox also had multiple discussions with Debtors' counsel regarding administrative solvency, omnibus claims objection to administrative claims and strategy moving forward in winding down the bankruptcy case. Additionally, Arent Fox held regular telephonic conferences with the Committee to provide, *inter alia*, updates of possible strategies to maximize the value of the Debtors' estate, and the status of the case in general. Arent Fox also participated in many conference calls where it addressed Committee members' questions and concerns. Finally, Arent Fox provided Committee members with periodic email updates and communicated with individual Committee members via email and telephone.

Retention of Professionals

22. Arent Fox periodically runs searches of its conflicts database to ascertain any connections in order to make any appropriate disclosures before this Court. Throughout the Fee Period, Arent Fox took necessary steps to monitor for any connections that needed to be disclosed including ongoing assessments for potential supplemental disclosures. Moreover, during the final Fee Period, Arent Fox at the instruction of the Committee and as further described below, assisted in the preparation, negotiations and filings with the Court of several retention applications of multiple bankruptcy professionals who had agreed to pursue on a contingency basis all remaining preference actions. In this regard, Arent Fox after consultation with the Committee, spent numerous hours negotiating and discussing with Ableco certain

provisions and terms of these proposed retention applications. Each time an agreement could not be reached, Arent Fox and the Committee had to expend additional hours in seeking another collection service provider, negotiating new terms and preparing further retention applications.

Chapter 5 Litigation, Collection and Investigation

23. During this Fee Period, Arent Fox, continued to litigate the several avoidance actions it commenced against certain preference defendants who received substantial transfers during the preferential period. In this regard, Arent Fox, on behalf of the Committee, participated in mediation of one preference action, served document requests and interrogatories in several others, and reached three settlements through which Arent Fox was able to return approximately $700,000.00 to the estate. In an attempt to return additional preferential transfers, Arent Fox at the instructions of the Committee, continued settlement negotiations with certain preference defendants and litigation proceedings with others. Moreover, to ensure that all remaining preferential transfers could be pursued without incurring additional legal fees and expenses, Arent Fox on behalf of the Committee, reached out to several collection service providers who would have provided such services on a contingency basis. In this regard, Arent Fox at the direction of the Committee reviewed, analyzed and considered several proposals provided by potential collection service providers. Indeed, Arent Fox prepared on behalf of the Committee and filed with the Court several retention applications for multiple contingency professionals. Unfortunately, each retention application was met with opposition by Ableco and ultimately, the Committee had no other choice but to surrender all preference actions to the Chapter 7 Trustee.

Fee Application

24. The services performed by Arent Fox in connection with this task relate to preparation of this and previous fee applications. Arent Fox drafted, reviewed, and revised the fee application and provided detailed descriptions of services rendered. In addition, Arent Fox had interoffice communications regarding time entries; and reviewed invoices and expense statements for accuracy.

## SUMMARY OF ARENT FOX'S EFFORTS

25. As counsel to the Committee, Arent Fox was called upon to advise the Committee in connection with a wide variety of issues since the inception of the Chapter 11 case. Arent Fox counseled the Committee on numerous issues relating to the fiduciary duties of the Committee and proceedings within the framework of Chapter 11, advised the Committee in performing many tasks, including but not limited to, appealing this Court's ruling to dismiss in part the Bay Harbour Proceeding, assisted the Debtors in its attempt to reconcile administrative claims filed against the estate, investigated, researched, commenced and settled several avoidance actions in order to unlock value for the estate, and reviewed and commented on numerous motions, stipulations, and orders made by the Debtors and other parties in interest.

26. Throughout the case, as evidenced by the detailed time records attached hereto, Arent Fox diligently worked to ensure that the case was staffed efficiently, utilizing attorneys with expertise appropriate to the tasks presented and at the lowest billing rate to ensure proper representation. Arent Fox respectfully submits that the fees and expenses requested herein are reasonable.

27. Throughout these proceedings, Arent Fox actively and strenuously protected the interests of the Debtors' estate and counseled the Committee to allow its members to satisfy their

- 11 -

NYC/568382.3

fiduciary duties. Arent Fox worked diligently in negotiating and disputing various issues before they reached the level of litigation before this Court, in order to maximize the benefit to the Debtors' estate and to limit administrative expenses. It is submitted that Arent Fox provided substantial benefit to the Debtors' estate, in addition to assisting the Committee and its members in participating in these proceedings and satisfying their fiduciary duties. As Judge Rakoff stated, it is imperative that the Committee be represented by competent and diligent counsel, because Chapter 11 is a difficult and arcane process, filled with traps for the unwary and committee members cannot hope to fulfill their fiduciary duties without proper representation. See In re Standard Steel, 200 B.R. 511, 513 (S.D.N.Y. 1996) (Rakoff, J.).

28. Arent Fox has worked with the Committee, and the Debtors, and various other creditors and other parties in interest, to ensure proper, efficient, and cost effective representation of the Committee, balanced against the need to obtain specific relief and an ultimate resolution that will ensure the maximum recovery to unsecured creditors. It is for these efforts that Arent Fox seeks allowance for interim compensation.

## REASONABLENESS OF FEES

29. Arent Fox believes that its billing rates in the Chapter 11 case, which reflect Arent Fox's customary billing rates, are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered. Arent Fox's customary billing rates were disclosed in the retention papers and approved by this Court.

30. The rates charged by Arent Fox professionals are reasonable and are consistent with customary rates charged by similar law firms. Indeed, it is submitted that the rates charged are significantly less than many firms providing similar services. If the case was not a case

under the Bankruptcy Code, Arent Fox would charge and expect to receive, on a current basis, an amount at least equal to the amounts requested herein for professional services.

## STATUTORY BASIS FOR COMPENSATION

31. The statutory predicates for the relief sought herein are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Federal Rule of Bankruptcy Procedure 2016. Arent Fox seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Fee Period.

32. Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in Section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: (A) reasonable compensation for actual, necessary services rendered by. . [an] attorney and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses.

33. Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [Title 11]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

34. Congress intended that bankruptcy attorneys be compensated at the market rate for comparable services in non-bankruptcy cases. See In re Ames Dep't Stores, Inc., 76 F.3d 66,

71 (2d Cir. 1996) (citing In re UNR Indus., Inc., 986 F.2d 207, 208–09 (7th Cir. 1993)); see also In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 21–22 (Bankr. S.D.N.Y. 1991) (Conrad, J.). The policy of Section 330 is to ensure that qualified attorneys will "not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." Ames Dep't Stores, 76 F.3d at 72 (citing UNR Indus., 986 F.2d at 210).

35. The court's examination of the reasonableness of services rendered must be conducted in an "objective manner, based upon what services a reasonable lawyer or legal firm would have performed . . . ." Ames Dep't Stores, 76 F.3d at 72 (citing In re Matter of Taxman Clothing Co., 49 F.3d 310, 315 (7th Cir. 1995)).

36. A Certification of Robert M. Hirsh in support of this Application attesting to Arent Fox's compliance with the United States Trustee's Guidelines is annexed hereto as **Exhibit D.**

## CONCLUSION

37. In accordance with the factors enumerated in Section 331 of the Bankruptcy Code, the amounts requested herein are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

38. Arent Fox submits that pursuant to the criteria normally examined in bankruptcy cases, and based upon the factors considered in accordance with Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the results achieved provide more than sufficient justification for approval of the compensation sought by Arent Fox.

39. As a result of Arent Fox's efforts herein, it is respectfully submitted that unsecured creditors received a substantial benefit and that Arent Fox's efforts also resulted in a substantial benefit to the Debtors' estates.

WHEREFORE, Arent Fox respectfully requests that the Court enter an order:

(a) approving the allowance and payment of compensation for professional services rendered to the Committee during the Fifth Interim Period in the amount of $224,820.50; and;

(b) approving the reimbursement of Arent Fox's out-of-pocket expenses incurred during the Fifth Interim Period in the amount of $3,811.72; and

(c) approving, on a final basis, the interim fees and expenses requested for the final period of December 1, 2008 through November 16, 2010 in the amount of $2,697,432.90 and reimbursement of expenses in the amount of $55,814.59; and

(d) granting such other, further and different relief as it deems just and proper.

Dated: New York, New York
March 16, 2011

ARENT FOX LLP

Attorneys for the Official Committee of Unsecured Creditors

By:    */s/ Robert M. Hirsh*
Robert M. Hirsh
1675 Broadway
New York, New York 10019
(212) 484-3900

NYC/568382.3